UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOUCHTUNES MUSIC CORP., | 07 CV 11450 |
| Plaintiff, | Judge Robert W. Sweet |
| against | **ANSWER AND COUNTERCLAIMS OF DEFENDANT ARACHNID, INC. TO COMPLAINT FOR PATENT INFRINGEMENT AND FOR DECLARATORY RELIEF** |
| ROWE INTERNATIONAL CORP., ARACHNID, INC., AMI ENTERTAINMENT,, INC. and MERIT INDUSTRIES, INC. d/b/a MERIT ENTERTAINMENT, | |
| Defendants. | JURY TRIAL DEMANDED |
| ARACHNID, INC., | |
| Counterclaim Plaintiff, | |
| against | |
| TOUCHTUNES MUSIC CORP., | |
| Counterclaim Defendant. | |

Defendant Arachnid, Inc. ("Arachnid") through its undersigned attorneys, hereby answers the Complaint of plaintiff TouchTunes Music Corp. ("TouchTunes"), and sets forth its Counterclaims as follows:

## THE PARTIES

1.      Plaintiff TouchTunes is a corporation existing under the laws of the State of Delaware, with a principal place of business located at 3 Commerce Place, 4th Floor, Nun's Island (Montreal), Quebec H3E 1H7, Canada and a corporate headquarters at 740 Broadway, 11th Floor, Suite 1102, New York, New York 10003.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 1 and on that basis denies each and every allegation in Paragraph 1.

2.    On information and belief, defendant ROWE INTERNATIONAL CORP. ("Rowe") is a corporation existing under the laws of the State of Delaware, having a place of business at 1500 Union Avenue S.E., Grand Rapids, Michigan 49507.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 2 and on that basis denies each and every allegation in Paragraph 2.

3.    On information and belief, defendant ARACHNID, INC. ("Arachnid") is a corporation existing under the laws of the State of Ohio, having a place of business at 6212 Material Ave., Loves Park, Illinois 61111.

**ANSWER:**    Admitted.

4.    On information and belief, defendant AMI ENTERTAINMENT, INC. ("AMI") is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1500 Union Avenue, S.E., Grand Rapids, Michigan 49507.  AMI is a wholly-owned subsidiary of Rowe.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 4 and on that basis denies each and every allegation in Paragraph 4**.**

5.    On information and belief, defendant MERIT INDUSTRIES, INC. d/b/a MERIT ENTERTAINMENT ("Merit") is a corporation existing under the laws of the State of Delaware, having a place of business at 2525 State Road, Bensalem, Pennsylvania 19020.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 5 and on that basis denies each and every allegation in Paragraph 5.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this patent action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.   Actual, substantial and continuing justiciable controversies exist between TouchTunes and Rowe and between TouchTunes and Arachnid that require a declaration of rights by this Court.

**ANSWER:**    Arachnid admits that this Court has jurisdiction over patent actions pursuant to 28

U.S.C. §§ 1338(a) and 1331.  Arachnid denies that Plaintiffs have a cause of action against

Defendant Arachnid for patent infringement. Except as expressly admitted herein, Arachnid denies each and every allegation in Paragraph 6.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

**ANSWER:**    Arachnid denies that venue, as it relates to Arachnid, is proper in this judicial district.

8.    Rowe makes, uses, sells, offers for sale and/or imports into the United States, including in this District and in the State of New York, downloading jukeboxes and/or systems employing downloading jukeboxes. A large percentage of Rowe's downloading jukeboxes are located in the State of New York and in this District. Rowe is registered to do business in the State of New York and regularly conducts business in the State of New York and in this District. Rowe has New York-based distributors for its products for the purpose of distributing its products in the State of New York and in this District. Rowe regularly services and manages its downloading jukeboxes located in the State of New York and this District either directly or in conjunction with AMI. Rowe has purposefully availed itself of this Court's jurisdiction by, *inter alia*, committing and continuing to commit acts of patent infringement in this District and the State of New York, as well as through its continuous and systematic contacts with the State of New York and in this District. Furthermore, Rowe has purposefully made contacts with this District, by, *inter alia*, maintaining its threats to enforce U.S. Patent Nos. 5,930,765; 6,598,230; 6,970,834; 6,397,189; 6,381,575; 6,191,780; and 5,848,398 against TouchTunes, which is headquartered in this District.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 8 and on that basis denies each and every allegation in Paragraph 8.

9.    Arachnid manufactures and sells a variety of electronic game machines and related equipment, including various electronic dart game machines, many of which are located in this District and in the State of New York. Arachnid has a New York-based distributor for its products for the purpose of distributing its products in the State of New York and in this District. Arachnid also regularly sponsors and/or promotes a variety of events, such as dart tournaments, relating to its game machines in this District and in the State of New York. Arachnid has also licensed numerous patents relating to jukebox technology to Rowe so that Arachnid's patented technology can be incorporated into Rowe's downloading jukeboxes, including the downloading jukeboxes accused of infringement in this action and located in this District and in the State of New York. On information and belief, Rowe is required under a contract between Rowe and Arachnid to use its best efforts to sell its downloading jukeboxes using Arachnid's technology, including the downloading jukeboxes accused of infringement in this action and located in this District and in the State of New York, and Arachnid receives financial compensation for such sales. As a result, Arachnid and Rowe have a collusive relationship with respect to the distribution and sale of Rowe's downloading jukeboxes accused of infringement. Arachnid has purposefully availed itself of this Court's jurisdiction through, *inter alia*, its continuous and

systematic contacts with the State of New York and this District by virtue of its product sales and business dealings with persons and/or entities located in the State of New York and in this District. Furthermore, Arachnid has purposefully made contacts with this District by, *inter alia*, maintaining threats to enforce U.S. Patent Nos. 5,930,765,765; 6,598,230; 6,970,834; 6,397,189; 6,381,575; 6,191,780; and 5,848,398 against TouchTunes, which is headquartered in this District.

**ANSWER:**    Arachnid admits the first and second sentences of paragraph 9; Arachnid admits that it has sponsored dart tournaments in the state of New York, but otherwise denies the third sentence of paragraph 9; Arachnid lacks sufficient information to admit or deny the allegations of the fourth sentence and on that basis denies each and every allegation of the fourth sentence; Arachnid does not understand the fifth sentence and lacks sufficient information to admit or deny the allegations of the fifth sentence and on that basis denies each and every allegation of the fifth sentence; and denies the sixth, seventh and eighth sentences of paragraph 9.

10.    AMI owns and operates a broadband network, called the "AMI Entertainment Network," which provides digital music content and Web-based management services for Rowe's downloading jukeboxes, as well as provides services in connection with the operation of Merit's gaming products designed for use with Rowe's downloading jukeboxes. AMI's network delivers audio and video content and jukebox management services to Rowe's downloading jukeboxes, including the downloading jukeboxes accused of infringement in this action and located in this District and in the State of New York, and provides various services to Merit's gaming products accused of infringement in this action. In addition, AMI has entered into licensing agreements with numerous New York entities including, for example, several major record labels and music publishers located in this District, and routinely conducts ongoing business with these various New York entities. On information and belief, AMI maintained, either alone or in connection with Rowe, a music and music publishing licensing office in this District for the purpose of obtaining licenses for AMI with major record labels, independent recording labels, ASCAP, BMI, SESAC, the Harry Fox Agency, the five major music publishing groups, and hundreds of music publishers and recording artists, many of which are located in this District. All of these various licenses were obtained in connection with AMI's network and in order to supply content to Rowe's downloading jukeboxes. AMI has purposefully availed itself to this Court's jurisdiction by, *inter alia*, committing and continuing to commit acts of patent infringement in this District, as well as in the State of New York. AMI has further purposefully availed itself of this Court's jurisdiction through, *inter alia*, its continuous and systematic contacts with the State of New York and with this District by virtue of its ongoing operation of the AMI network to deliver content and/or services to Rowe's downloading jukeboxes and Merit's gaming products located in this District and in the State of New York and by its continuous business dealings with the various New York entities identified herein.

**ANSWER:** Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 10 and on that basis denies each and every allegation in Paragraph 10.

11. Merit makes, uses, sells, offers for sale and/or imports into the United States, including this District, gaming products, including products designed to operate in conjunction with Rowe's downloading jukeboxes and/or systems employing downloading jukeboxes. Merit has New York-based distributors for its products for the purpose of distributing its products in the State of New York and in this District. A large percentage of Merit's gaming devices are located in the State of New York and in this District. Merit also regularly sponsors and/or promotes a variety of events, such as gaming tournaments, relating to its game machines in this District and in the State of New York. Merit also uses the AMI network in connection with servicing and/or operation of its gaming products. On information and belief, Merit and Rowe have a collusive relationship, either by written contract or otherwise, with respect to the distribution, sale and operation and Rowe's downloading jukeboxes and Merit's gaming products designed for use therewith. On information and belief, Rowe and Merit are owned by the same parent company, Harbour Group Ltd. As a result of various contracts, agreements and/or licenses between two or more of Rowe, Arachnid, AMI and Merit relating the subject matter of this action, and the close corporate and/or business relationships between Rowe, Arachnid, AMI and Merit, all of the Defendants have a collusive relationship with respect to the activities complained of herein and in connection with all of the claims for relief set forth herein. Merit has purposefully availed itself of this Court's jurisdiction by committing and continuing to commit acts of patent infringement in this District and in the State of New York, as well through its continuous and systematic contacts with this District and the State of New York as described herein. In addition, Merit has consented to jurisdiction in the District by virtue of a Joint Development Agreement and Marketing Agreement ("JDA") that it entered into in July 2002 with TouchTunes as to any issues relating to the JDA. Merit has previously relied on the JDA in connection with an alleged claim of ownership interest it made against TouchTunes' U.S. Patent No. 6,755,744, which is asserted against Merit in this action. As a result, issues regarding this JDA have now arisen or will arise in this action. The JDA is to be construed under and controlled by the laws of the State of New York.

**ANSWER:** Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 11 and on that basis denies each and every allegation in Paragraph 11.

## ANSWER TO TOUCHTUNES' ASSERTED PATENTS-IN-SUIT

12. On October 23, 2001, United States Patent No. 6,308,204 ("the '204 patent"), entitled "Method of Communications for an Intelligent Digital Audiovisual Playback System," was duly and legally issued by the United States Patent and Trademark Office ("PTO"). A true and correct copy of the '204 patent is attached hereto as Exhibit A.

**ANSWER:**    Arachnid is without knowledge or information sufficient to form a belief as to the truth of the averment that the '204 patent was duly and legally issued and therefore denies the allegation set forth in paragraph 12.

13.    TouchTunes has been and remains the owner by assignment of the entire right, title, and interest in the '204 patent, including, *inter alia*, the right to sue for past infringement of the '204 patent.

**ANSWER:**    Arachnid is without knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 13 and therefore denies each and every allegation set forth in paragraph 13.

14.    On June 10, 2003, United States Patent No. 6,578,051 ("the '051 patent"), entitled "Device and Process for Remote Management of a Network of Audiovisual Information Reproduction Systems," was duly and legally issued by the PTO.  A true and correct copy of the '051 patent is attached hereto as Exhibit B.

**ANSWER:**    Arachnid is without knowledge or information sufficient to form a belief as to the truth of the averment that the '051 patent was duly and legally issued and therefore denies the allegation set forth in paragraph 14.

15.    TouchTunes has been and remains the owner by assignment of the entire right, title, and interest in the '051 patent, including, *inter alia*, the right to sue for past and present infringement of the '051 patent.

**ANSWER:**    Arachnid is without knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 15 and therefore denies each and every allegation set forth in paragraph 15.

16.    On June 29, 2004, United States Patent No. 6,755,744 ("the '744 patent"), entitled "Communication Device and Method Between an Audiovisual Information Playback System and an Electronic Game Machine," was duly and legally issued by the PTO.  A true and correct copy of the '744 patent is attached hereto as Exhibit C.

**ANSWER:**    Arachnid is without knowledge or information sufficient to form a belief as to the truth of the averment that the '744 patent was duly and legally issued and therefore denies the allegation set forth in paragraph 16.

17.    TouchTunes has been and remains owner by assignment of the entire right, title, and interest in the '744 patent, including, *inter alia*, the right to sue for past and present infringement of the '744 patent.

**ANSWER:**    Arachnid is without knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 17 and therefore denies each and every allegation set forth in paragraph 17.

18.    Rowe, Merit and AMI had prior notice of TouchTunes patents and the infringement thereof either by actual and/or constructive notice in compliance with 35 U.S.C. § 287.

**ANSWER:**    Arachnid is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.


### ANSWER TO BACKGROUND FOR TOUCHTUNE'S DECLARATORY RELIEF

19.    United States Patent No. 5,930,765 ("the '765 patent"), entitled "Downloading Method for Songs and Advertisements," was filed on November 21, 1997 and issued on July 27, 1999.  The '765 patent names John R. Martin as its inventor.  A true and correct copy of the '765 patent is attached hereto as Exhibit D.

**ANSWER:**    Arachnid admits that United States Patent No. 5,930,765, entitled "Downloading Method for Songs and Advertisements," issued on July 27, 1999, and names John R. Martin as an inventor.  Arachnid further admits that a copy of the '765 patent is attached to the Complaint as Exhibit D.

20.    United States Patent No. 6,598,230 ("the '230 patent"), entitled "Multimedia Box Network," was filed on February 25, 1999 and issued on July 22, 2003.  The '230 patent names Karsten Ballhorn as its inventor.  A true and correct copy of the '230 patent is attached hereto as Exhibit E.

**ANSWER:**    On information and belief, Arachnid admits that United States Patent No. 6,598,230, entitled "Multimedia Box Network," issued on July 22, 2003 and, on its face, names Karsten Ballhorn as its inventor.

21.    United States Patent No. 6,970,834 ("the '834 patent"), entitled "Advertisement Downloading Computer Jukebox," was filed on November 20, 2002 and issued on November 25, 2005.  The '834 patent names as inventors John R. Martin, Michael L. Tillery and Samuel N. Zammuto.  A true and correct copy of the '834 patent is attached hereto as Exhibit F.

**ANSWER:**    Arachnid admits that United States Patent No. 6,970,834, entitled "Advertisement Downloading Computer Jukebox," issued on November 29, 2005, not on November 25, 2005, and names John R. Martin and Michael L. Tillery as its inventors.  Arachnid further admits that a copy of the '834 patent is attached to the Complaint as Exhibit F.  Otherwise denied.

22.    United States Patent No. 6,397,189 ("the '189 patent"), entitled "Computer Jukebox and Jukebox Network," was filed on May 12, 1998 and issued on May 28, 2002.  The '189 patent names as inventors John R. Martin, Michael L. Tillery and Samuel N. Zammuto.  A true and correct copy of the '189 patent is attached hereto as Exhibit G.

**ANSWER:**    Arachnid admits that United States Patent No. 6,397,189, entitled "Computer Jukebox and Jukebox Network," issued on May 28, 2002, and names John R. Martin, Michael L. Tillery, and Samuel N. Zammuto as its inventors.  Arachnid further admits that a copy of the '189 patent is attached to the Complaint as Exhibit G.  Otherwise denied.

23.    United States Patent No. 6,381,575 ("the '575 patent"), entitled "Computer Jukebox and Computer Jukebox Management System," was filed on February 11, 2000 and issued on April 30, 2002.  The '575 patent names as inventors John R. Martin and Michael L. Tillery.  A true and correct copy of the '575 patent is attached hereto as Exhibit H.

**ANSWER:**    Arachnid admits that United States Patent No. 6,381,575, entitled "Computer Jukebox and Computer Jukebox Management System," issued on April 30, 2002, and names John R. Martin and Michael L. Tillery as its inventors.  Arachnid further admits that a copy of the '575 patent is attached to the Complaint as Exhibit H.  Otherwise denied.

24.    United States Patent No. 6,191,780 ("the 780 patent"), entitled "Customizable Multimedia Segment Structures," was filed on March 25, 1998 and issued on February 20, 2001.

The '780 patent names as inventors John R. Martin and Charles D. Rentmeesters. A true and correct copy of the '780 patent is attached hereto as Exhibit I.

**ANSWER:** Arachnid admits that United States Patent No. 6,191,780, entitled "Customizable Multimedia Segment Structures," issued on February 20, 2001, and names John R. Martin and Charles D. Rentmeesters as its inventors. Arachnid further admits that a copy of the '780 patent is attached to the Complaint as Exhibit I. Otherwise denied.

25.     United States Patent No. 5,848,398 ("the '398 patent"), entitled "System for Managing a Plurality of Computer Jukeboxes," was filed on April 25, 1996 and issued on December 8, 1998. The '398 patent names as inventors John R. Martin, Michael L. Tillery and Samuel N. Zammuto. A true and correct copy of the '398 patent is attached hereto as Exhibit J.

**ANSWER:** Arachnid admits that United States Patent No. 5,848,398, entitled "System for Managing a Plurality of Computer Jukeboxes," issued on December 8, 1998 and names John R. Martin, Michael L. Tillery, and Samuel N. Zammuto as its inventors. Arachnid further admits that a copy of the '398 patent is attached to the Complaint as Exhibit J. Otherwise denied.

26.     Upon information and belief, Arachnid, Inc. is the owner of the '765; '834, '189, '575, '780, and '398 patents by assignment.

**ANSWER:** Admitted.

27.     Upon information and belief, Rowe is the owner of the '230 patent and a licensee of the '765; '834, '189, '575, '780, and '398 patents.

**ANSWER:** Admitted that Rowe is a licensee of the '765; '834, '189, '575, '780, and '398 patents. Arachnid is without knowledge or information sufficient to form a belief as to truth of the remaining allegations of paragraph 27 and therefore denies the other allegations set forth in paragraph 27.

28.     Rowe and Arachnid have advised TouchTunes that they intend to enforce any applicable claims of the '765, '230, '834, '189, '575, '780, and '398 patents against TouchTunes upon completion of the presently pending lawsuit captioned *Rowe International Corp. and Arachnid, Inc. v. Ecast, Inc. et al.*, Case No. 1:06-cv-02703 (N.D. Ill.). That lawsuit is presently in an advanced stage of litigation.

**ANSWER:**    Arachnid admits that Rowe advised TouchTunes that it and/or Arachnid intends to enforce any applicable claims of the '765, '230, '834, '189, '575, '780, and '398 patents against TouchTunes upon completion of the presently pending lawsuit captioned *Rowe International Corp. and Arachnid, Inc. v. Ecast, Inc. et al.*, Case No. 1:06-cv-02703 (N.D. Ill.); otherwise, denied.

29.    TouchTunes denies that it has infringed any valid claim of the '765, '230, '834, '189, '575, '780, and '398 patents.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 29 and on that basis denies each and every allegation in Paragraph 29.

30.    Based on Rowe and Arachnid's assertions of patent infringement by TouchTunes, an actual, substantial and continuing justiciable controversy exists between TouchTunes and Rowe and between TouchTunes and Arachnid that requires a declaration of rights by this Court.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 30 and on that basis denies each and every allegation in Paragraph 30.

### Answer To First Claim For Relief Regarding

### [INFRINGEMENT OF U.S. PATENT NO. 6,308,204]

31.    TouchTunes incorporates by this reference all paragraphs of this Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set forth herein.

**ANSWER:**    Arachnid incorporates by reference its responses to all paragraphs of this Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set forth herein.

32.    Rowe has infringed and is infringing (directly, contributorily and/or by active inducement–literally and/or under the doctrine of equivalents) one or more claims of the '204 patent by making, using, importing, offering for sale, and/or selling downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '204 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 32 and on that basis denies each and every allegation in Paragraph 32.

33.    AMI has infringed and is infringing (directly, contributorily and/or by active inducement–literally and/or under the doctrine of equivalents) one or more claims of the '204 patent by making, using and operating the AMI network for use in connection with Rowe's downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '204 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 33 and on that basis denies each and every allegation in Paragraph 33.

34.    On information and belief, Rowe's infringement of the '204 patent has been and continues to be deliberate and willful, and such infringement will continue unless Rowe is preliminarily and permanently enjoined by this Court.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 34 and on that basis denies each and every allegation in Paragraph 34.

35.    On information and belief, Rowe's infringement of the '204 patent has been and continues to be deliberate and willful, and such infringement will continue unless Rowe is preliminarily and permanently enjoined by this Court.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 35 and on that basis denies each and every allegation in Paragraph 35.

36.    As a consequence of Rowe's infringement of the '204 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless Rowe's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 36 and on that basis denies each and every allegation in Paragraph 36.

37.    As a consequence of AMI's infringement of the '204 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless AMI's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 37 and on that basis denies each and every allegation in Paragraph 37.

38.    As a result of the activities described herein, Rowe and AMI are jointly and severally liable for the damages sustained by TouchTunes for infringement of the '204 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 38 and on that basis denies each and every allegation in Paragraph 38.

## Answer To Second Claim For Relief

### [INFRINGEMENT OF U.S. PATENT NO. 6,578,051]

39.    TouchTunes incorporates by this references all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:**    Arachnid incorporates by reference its responses to all paragraphs of this

Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set

forth herein.

40.    Rowe had infringed and is infringing (directly, contributorily and/or by active inducement–literally and/or under the doctrine of equivalents) one or more claims of the '051 patent by making, using, importing, offering for sale, and/or selling downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '051 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 40 and on that basis denies each and every allegation in Paragraph 40.

41.    AMI has infringed (directly, contributorily and/or by active inducement–literally and/or under the doctrine  of equivalents) one or more claims of the '051 patent by making, using and operating the AMI network for use in connection with Rowe's downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '051 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 41 and on that basis denies each and every allegation in Paragraph 41.

42.    On information and belief, Rowe's infringement of the '051 patent has been and continues to be deliberate and willful, and such infringement will continue unless Rowe is preliminarily and permanently enjoined by this Court.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 42 and on that basis denies each and every allegation in Paragraph 42.

43.    On information and belief, AMI's infringement of the '051 patent has been and continues to be deliberate and willful, and such infringement will continue unless AMI is preliminarily and permanently enjoined by this Court.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 43 and on that basis denies each and every allegation in Paragraph 43.

44.    As a consequence of Rowe's infringement of the '051 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial, and, unless Rowe's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 44 and on that basis denies each and every allegation in Paragraph 44.

45.    As a consequence of AMI's infringement of the '051 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless AMI's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 45 and on that basis denies each and every allegation in Paragraph 45.

46.    As a result of the activities described herein, Rowe and AMI are jointly and severally liable for the damages sustained by TouchTunes for infringement of the '051 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 46 and on that basis denies each and every allegation in Paragraph 46.

## <u>Answer To Third Claim For Relief</u>

### **[INFRINGEMENT OF U.S. PATENT NO. 6,755,744]**

47.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:**    Arachnid incorporates by reference its responses to all paragraphs of this

Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set

forth herein.

48.    Rowe has infringed and is infringing (directly, contributorily and/or by active inducement–literally and/or under the doctrine of equivalents) one or more claims of the '744 patent by making, using, importing, offering for sale, and/or selling downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '744 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 48 and on that basis denies each and every allegation in Paragraph 48.

49.    AMI has infringed and is infringing (directly, contributorily and/or by active inducement–literally and/or under the doctrine of equivalents) one or more claims of the '744 patent by making, using and operating the AMI network for use in connection with Rowe's downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '744 patent, as well as by making, using and operating the AMI network for use in connection with Merit's gaming products covered by one or more claims of the '744 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 49 and on that basis denies each and every allegation in Paragraph 49.

50.    Merit has infringed and is infringing (directly, contributorily and/or by active inducement–literally and/or under the doctrine of equivalents) one or more claims of the '744 patent by making, using, importing, offering for sale, and/or selling gaming products for use with Rowe's downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '744 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 50 and on that basis denies each and every allegation in Paragraph 50.

51.    On information and belief, Rowe's infringement of the '744 patent has been and continues to be deliberate and willful, and such infringement will continue unless Rowe is preliminarily and permanently enjoined by this Court.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 51 and on that basis denies each and every allegation in Paragraph 51.

52.    On information and belief, AMI's infringement of the '744 patent has been and continues to be deliberate and willful, and such infringement will continue unless AMI is preliminarily and permanently enjoined by this Court.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 52 and on that basis denies each and every allegation in Paragraph 52.

53. On information and belief, Merit's infringement of the '744 patent has been and continues to be deliberate and willful, and such infringement will continue unless Merit is preliminarily and permanently enjoined by this Court.

**ANSWER:** Arachnid is without sufficient information to admit or deny the allegations of Paragraph 53 and on that basis denies each and every allegation in Paragraph 53.

54. As a consequence of Rowe's infringement of the '744 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless Rowe's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:** Arachnid is without sufficient information to admit or deny the allegations of Paragraph 54 and on that basis denies each and every allegation in Paragraph 54.

55. As a consequence of AMI's infringement of the '744 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless AMI's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:** Arachnid is without sufficient information to admit or deny the allegations of Paragraph 55 and on that basis denies each and every allegation in Paragraph 55.

56. As a consequence of Merit's infringement of the '744 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless Merit's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:** Arachnid is without sufficient information to admit or deny the allegations of Paragraph 56 and on that basis denies each and every allegation in Paragraph 56.

57. As a result of the activities described herein, Rowe, AMI and Merit are jointly and severally liable for the damages sustained by TouchTunes for infringement of the '744 patent.

**ANSWER:** Arachnid is without sufficient information to admit or deny the allegations of Paragraph 57 and on that basis denies each and every allegation in Paragraph 57.

### Answer To Fourth Claim For Relief

### [DECLARATORY JUDGMENT – NON-INFRINGEMENT OF THE '765 PATENT]

58.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:**    Arachnid incorporates by reference its responses to all paragraphs of this Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set forth herein.

59.    This is an action for declaratory judgment of non-infringement of any and all valid claims of the '765 patent.

**ANSWER:**    Admitted that this purports to be an action for declaratory judgment of non-infringement of any and all valid claims of the '765 patent; otherwise, denied.

60.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '765 patent against TouchTunes.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 60 and on that basis denies each and every allegation in Paragraph 60.

61.    Upon information and belief, Arachnid is the assignee of all rights in and to the '765 patent.

**ANSWER:**    Admitted.

62.    Upon information and belief, Rowe is the exclusive licensee of the '765 patent.

**ANSWER:**    Admitted.

63.    Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '765 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 63 and on that basis denies each and every allegation in Paragraph 63.

64.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes.  TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement–literally and/or under the doctrine of equivalents) any claim of the '765 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 64 and on that basis denies each and every allegation in Paragraph 64.

65.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '765 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 65 and on that basis denies each and every allegation in Paragraph 65.

66.    TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '765 patent.

**ANSWER:**    Arachnid acknowledges that TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '765 patent, but denies that such request is appropriate.  Otherwise denied.

## Answer To Fifth Claim For Relief

### [DECLARATORY JUDGMENT – NON-INFRINGEMENT OF THE '230 PATENT]

67.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:**    Arachnid incorporates by reference its responses to all paragraphs of this Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set forth herein.

68.    This is an action for declaratory judgment of non-infringement of any and all valid claims of the '230 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 68 and on that basis denies each and every allegation in Paragraph 68.

69.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '230 patent against TouchTunes.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 69 and on that basis denies each and every allegation in Paragraph 69.  Arachnid has no interest in the '230 patent.

70.    Upon information and belief, Arachnid has certain rights under the '230 patent.

**ANSWER:**    Denied.

71.    Upon information and belief, Rowe is the owner of the '230 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 71 and on that basis denies each and every allegation in Paragraph 71.

72.    Rowe and Arachnid have alleged and continue to allege that TouchTunes has
infringed and is infringing the '230 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 72 and on that basis denies each and every allegation in Paragraph 72.  Arachnid has

no interest in the '230 patent.

73.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement
by TouchTunes.  TouchTunes has not and does not infringe (directly, contributorily and/or by
active inducement–literally and/or under the doctrine of equivalents) any claim of the '230
patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 73 and on that basis denies each and every allegation in Paragraph 73.  Arachnid has

no interest in the '230 patent.

74.    Accordingly, there exists an actual, justiciable controversy between TouchTunes
and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the
claims of the '230 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 74 and on that basis denies each and every allegation in Paragraph 74.  Arachnid has

no interest in the '230 patent.

75.    TouchTunes desires and requests a judicial declaration of TouchTunes' non-
infringement of the '230 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 75 and on that basis denies each and every allegation in Paragraph 75.  Arachnid has

no interest in the '230 patent.

<u>**Answer To Sixth Claim For Relief**</u>

**[DECLARATORY JUDGMENT – NON-INFRINGEMENT OF THE '834 PATENT]**

76. TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Arachnid incorporates by reference its responses to all paragraphs of this Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set forth herein.

77. This is an action for declaratory judgment of non-infringement of any and all valid claims of the '834 patent.

**ANSWER:** Admitted that this purports to be an action for declaratory judgment of non-infringement of any and all valid claims of the '834 patent; otherwise, denied.

78. TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '834 patent against TouchTunes.

**ANSWER:** Arachnid is without sufficient information to admit or deny the allegations of Paragraph 78 and on that basis denies each and every allegation in Paragraph 78.

79. Upon information and belief, Arachnid is the assignee of all rights in and to the '834 patent.

**ANSWER:** Admitted.

80. Upon information and belief, Rowe is the exclusive licensee of the '834 patent.

**ANSWER:** Admitted.

81. Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '834 patent.

**ANSWER:** Arachnid is without sufficient information to admit or deny the allegations of Paragraph 81 and on that basis denies each and every allegation in Paragraph 81.

82. TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes. TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement–literally and/or under the doctrine of equivalents) any claim of the '834 patent.

**ANSWER:**    Denied.

83.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '834 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 83 and on that basis denies each and every allegation in Paragraph 83.

84.    TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '834 patent.

**ANSWER:**    Arachnid acknowledges that TouchTunes desires and requests a judicial

declaration of TouchTunes' non-infringement of the '834 patent, but denies that such request is

appropriate; otherwise, denied.


**Answer To Seventh Claim For Relief**

**[DECLARATORY JUDGMENT – NON-INFRINGEMENT OF THE '189 PATENT]**

85.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:**    Arachnid incorporates by reference its responses to all paragraphs of this

Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set

forth herein.

86.    This is an action for declaratory judgment of non-infringement of any and all valid claims of the '189 patent.

**ANSWER:**    Admitted that this purports to be an action for declaratory judgment of non-

infringement of any and all valid claims of the '189 patent; otherwise, denied.

87.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '189 patent against TouchTunes.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 87 and on that basis denies each and every allegation in Paragraph 87.

88.    Upon information and belief, Arachnid is the assignee of all rights in and to the '189 patent.

**ANSWER:**    Admitted.

89.    Upon information and belief, Rowe is the exclusive licensee of the '189 patent.

**ANSWER:**    Admitted.

90.    Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '189 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 90 and on that basis denies each and every allegation in Paragraph 90.

91.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes.  TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement–literally and/or under the doctrine of equivalents) any claim of the '189 patent.

**ANSWER:**    Denied.

92.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '189 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 92 and on that basis denies each and every allegation in Paragraph 92.

93.    TouchTunes desires and request a judicial declaration of TouchTunes' non-infringement of the '189 patent.

**ANSWER:**    Arachnid acknowledges that TouchTunes desires and request a judicial declaration of TouchTunes' non-infringement of the '189 patent, but denies that such request is appropriate; otherwise, denied.

## Answer To Eighth Claim For Relief

### [DECLARATORY JUDGMENT – NON-INFRINGEMENT OF THE '575 PATENT]

94.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:**    Arachnid incorporates by reference its responses to all paragraphs of this Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set forth herein.

95.    This is an action for declaratory judgment of non-infringement of any and all valid claims of the '575 patent.

**ANSWER:**    Admitted that this purports to be an action for declaratory judgment of non-infringement of any and all valid claims of the '575 patent.

96.    TouchTunes has objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '575 patent against TouchTunes.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 96 and on that basis denies each and every allegation in Paragraph 96.

97.    Upon infringement and belief, Arachnid is the assignee of all rights in and to the '575 patent.

**ANSWER:**    Admitted.

98.    Upon information and belief, Rowe is the exclusive licensee of the '575 patent.

**ANSWER:**    Admitted.

99.    Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '575 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 99 and on that basis denies each and every allegation in Paragraph 99.

100.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes.  TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement–literally and/or under the doctrine of equivalents) any claim of the '575 patent.

**ANSWER:**    Denied.

101.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '575 patent.

**ANSWER:**     Arachnid is without sufficient information to admit or deny the allegations of Paragraph 101 and on that basis denies each and every allegation in Paragraph 101.

102.     TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '575 patent.

**ANSWER:**     Arachnid acknowledges that TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '575 patent, but denies that such request is appropriate; otherwise, denied.

<u>**Answer To Ninth Claim For Relief**</u>

**[DECLARATORY JUDGMENT – NON-INFRINGEMENT OF THE '780 PATENT]**

103.     TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:**     Arachnid incorporates by reference its responses to all paragraphs of this Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set forth herein.

104.     This is an action of declaratory judgment of non-infringement of any and all valid claims of the '780 patent.

**ANSWER:**     Admitted that this purports to be an action of declaratory judgment of non-infringement of any and all valid claims of the '780 patent.

105.     TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '780 patent against TouchTunes.

**ANSWER:**     Arachnid is without sufficient information to admit or deny the allegations of Paragraph 105 and on that basis denies each and every allegation in Paragraph 105.

106.     Upon information and belief, Arachnid is the assignee of all rights in and to the '780 patent.

**ANSWER:**     Admitted.

107.     Upon information and belief, Rowe is the exclusive licensee of the '780 patent.

**ANSWER:**    Admitted.

108.    Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '780 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 108 and on that basis denies each and every allegation in Paragraph 108.

109.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes.  TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement–literally and/or under the doctrine of equivalents) and claims of the '780 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 109 and on that basis denies each and every allegation in Paragraph 109.

110.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '780 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 110 and on that basis denies each and every allegation in Paragraph 110.

111.    TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '780 patent.

**ANSWER:**    Arachnid acknowledges that TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '780 patent, but denies that such request is appropriate; otherwise, denied.

## Answer To Tenth Claim For Relief

## [DECLARATORY JUDGMENT – NON-INFRINGEMENT OF THE '398 PATENT]

112.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:**    Arachnid incorporates by reference its responses to all paragraphs of this Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set forth herein.

113.    This is an action for declaratory judgment of non-infringement of any and all valid claims of the '398 patent.

**ANSWER:**    Admitted that this purports to be an action for declaratory judgment of non-infringement of any and all valid claims of the '398 patent.

114.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '398 patent against TouchTunes.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 114 and on that basis denies each and every allegation in Paragraph 114.

115.    Upon information and belief, Arachnid is the assignee of all rights in and to the '398 patent.

**ANSWER:**    Admitted.

116.    Upon information and belief, Rowe is the exclusive licensee of the '398 patent.

**ANSWER:**    Admitted.

117.    Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '398 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 117 and on that basis denies each and every allegation in Paragraph 117.

118.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes.  TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement–literally and/or under the doctrine of equivalents) any claim of the '398 patent.

**ANSWER:**    Denied.

119.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '398 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 119 and on that basis denies each and every allegation in Paragraph 119.

120.    TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '398 patent.

**ANSWER:**    Arachnid acknowledges that TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '398 patent, but denies that such request is appropriate; otherwise, denied.

### Answer To Eleventh Claim For Relief

### [DECLARATORY JUDGMENT – INVALIDITY OF THE '765 PATENT]

121.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:**    Arachnid incorporates by reference its responses to all paragraphs of this Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set forth herein.

122.    This is an action for declaratory judgment of invalidity of any and all claims of the '765 patent.

**ANSWER:**    Admitted that this purports to be an action for declaratory judgment of invalidity of any and all claims of the '765 patent.

123.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '765 patent against TouchTunes.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 123 and on that basis denies each and every allegation in Paragraph 123.

124.    The claims of the '765 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Denied.

125.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether the claims of the '765 patent are invalid.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 125 and on that basis denies each and every allegation in Paragraph 125.

126.    TouchTunes desires and requests a judicial declaration that the claims of the '765 patent are invalid.

**ANSWER:**    Arachnid acknowledges that TouchTunes desires and requests a judicial declaration that the claims of the '765 patent are invalid, but denies that such request is appropriate; otherwise, denied.

### Answer To Twelfth Claim For Relief

### [DECLARATORY JUDGMENT – INVALIDITY OF THE '230 PATENT]

127.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:**    Arachnid incorporates by reference its responses to all paragraphs of this Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set forth herein.

128.    This is an action for declaratory judgment of invalidity of any and all claims of the '230 patent.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 128 and on that basis denies each and every allegation in Paragraph 128.  Arachnid has no interest in the '230 patent.

129.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '230 patent against TouchTunes.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 129 and on that basis denies each and every allegation in Paragraph 129.

130.    The claims of the '230 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 130 and on that basis denies each and every allegation in Paragraph 130.

131.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether the claims of the '230 patent are invalid.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 131 and on that basis denies each and every allegation in Paragraph 131.

132.    TouchTunes desires and requests a judicial declaration that the claims of the '230 patent are invalid.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 132 and on that basis denies each and every allegation in Paragraph 132.

## Answer To Thirteenth Claim For Relief

### [DECLARATORY JUDGMENT – INVALIDITY OF THE '834 PATENT]

133.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:**    Arachnid incorporates by reference its responses to all paragraphs of this Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set forth herein.

134.    This is an action for declaratory judgment of invalidity of any and all claims of the '834 patent.

**ANSWER:**    Arachnid acknowledges that TouchTunes purports to bring an action for declaratory judgment of invalidity of any and all claims of the '834 patent.

135.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '834 patent against TouchTunes.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 135 and on that basis denies each and every allegation in Paragraph 135.

136.    The claims of the '834 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Denied.

28

137.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether the claims of the '834 patent are invalid.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 137 and on that basis denies each and every allegation in Paragraph 137.

138.    TouchTunes desires and requests a judicial declaration that the claims of the '834 patent are invalid.

**ANSWER:**    Arachnid acknowledges that TouchTunes desires and requests a judicial declaration that the claims of the '834 patent are invalid; otherwise denied.

### Answer To Fourteenth Claim For Relief

### [DECLARATORY JUDGMENT – INVALIDITY OF THE '189 PATENT]

139.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:**    Arachnid incorporates by reference its responses to all paragraphs of this Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set forth herein.

140.    This is an action for declaratory judgment of invalidity of any and all claims of the '189 patent.

**ANSWER:**    Arachnid acknowledges that TouchTunes purports to bring an action for declaratory judgment of invalidity of any and all claims of the '189 patent.

141.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '189 patent against TouchTunes.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 141 and on that basis denies each and every allegation in Paragraph 141.

142.    The claims of the '189 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Denied.

143.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether the claims of the '189 patent are invalid.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 143 and on that basis denies each and every allegation in Paragraph 143.

144.    TouchTunes desires and requests a judicial declaration that the claims of the '189 patent are invalid.

**ANSWER:**    Arachnid acknowledges that TouchTunes desires and requests a judicial

declaration that the claims of the '189 patent are invalid; otherwise denied.

## Answer To Fifteenth Claim For Relief

### [DECLARATORY JUDGMENT – INVALIDITY OF THE '575 PATENT]

145.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:**    Arachnid incorporates by reference its responses to all paragraphs of this

Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set

forth herein.

146.    This is an action for declaratory judgment of invalidity of any and all claims of the '575 patent.

**ANSWER:**    Arachnid acknowledges that TouchTunes purports to bring an action for

declaratory judgment of invalidity of any and all claims of the '575 patent.

147.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '575 patent against TouchTunes.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of

Paragraph 147 and on that basis denies each and every allegation in Paragraph 147.

148.    The claims of the '575 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Denied.

149.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether the claims of the '575 patent are invalid.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 147 and on that basis denies each and every allegation in Paragraph 147.

150.    TouchTunes desires and requests a judicial declaration that the claims of the '575 patent are invalid.

**ANSWER:**    Arachnid acknowledges that TouchTunes desires and requests a judicial declaration that the claims of the '575 patent are invalid; otherwise denied.

## Answer To Sixteenth Claim For Relief

### [DECLARATORY JUDGMENT – INVALIDITY OF THE '780 PATENT]

151.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:**    Arachnid incorporates by reference its responses to all paragraphs of this Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set forth herein.

152.    This is an action for declaratory judgment of invalidity of any and all claims of the '780 patent.

**ANSWER:**    Arachnid acknowledges that TouchTunes purports to bring an action for declaratory judgment of invalidity of any and all claims of the '780 patent.

153.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '780 patent against TouchTunes.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 153 and on that basis denies each and every allegation in Paragraph 153.

154.    The claims of the '780 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:**    Denied.

155. Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether the claims of the '780 patent are invalid.

**ANSWER:** Arachnid is without sufficient information to admit or deny the allegations of Paragraph 155 and on that basis denies each and every allegation in Paragraph 155.

156. TouchTunes desires and requests a judicial declaration that the claims of the '780 patent are invalid.

**ANSWER:** Arachnid acknowledges that TouchTunes desires and requests a judicial declaration that the claims of the '780 patent are invalid; otherwise denied.

## Answer To Seventeenth Claim For Relief

### [DECLARATORY JUDGMENT – INVALIDITY OF THE '398 PATENT]

157. TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Arachnid incorporates by reference its responses to all paragraphs of this Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set forth herein.

158. This is an action for declaratory judgment of invalidity of any and all claims of the '398 patent.

**ANSWER:** Arachnid acknowledges that TouchTunes purports to bring an action for declaratory judgment of invalidity of any and all claims of the '398 patent.

159. TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '398 patent against TouchTunes.

**ANSWER:** Arachnid is without sufficient information to admit or deny the allegations of Paragraph 159 and on that basis denies each and every allegation in Paragraph 159.

160. The claims of the '398 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Denied.

161.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether the claims of the '398 patent are invalid.

**ANSWER:**    Arachnid is without sufficient information to admit or deny the allegations of Paragraph 161 and on that basis denies each and every allegation in Paragraph 161.

162.    TouchTunes desires and requests a judicial declaration that the claims of the '398 patent are invalid.

**ANSWER:**    Arachnid acknowledges that TouchTunes desires and requests a judicial declaration that the claims of the '398 patent are invalid; otherwise denied.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief may be granted against Arachnid.

2.    The Complaint fails to state a claim upon which an injunction or other equitable relief may be granted.

## COUNTERCLAIMS

For its counterclaims, Counterclaim Plaintiff Arachnid Group, LLC ("Arachnid") states as follows:

### The Parties

1.    Counterclaim Plaintiff Arachnid is a corporation organized and existing under the laws of the State of Ohio, having a principal place of business at 6212 Material Ave., Loves Park, Illinois 61111.

2.    Upon information and belief, Counterclaim Defendant TouchTunes Electronics Co., Inc. ("TouchTunes") is a corporation existing under the laws of the State of Delaware, having a principal place of business located at 3 Commerce Place, 4th Floor, Nun's Island

(Montreal), Quebec H3E 1H7, Canada and a corporate headquarters at 740 Broadway, 11th Floor, Suite 1102, New York, New York 10003

## Jurisdiction And Venue

3.    These Counterclaims arise under the Acts of Congress relating to patents, 35 U.S.C. §§ 1 et seq. and for a declaratory judgment, together with such further relief based thereon as may be necessary or proper, pursuant to the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

4.    This Court has jurisdiction over Arachnid' Counterclaims pursuant to the provisions of 28 U.S.C. §§ 1338(a) and 2201.

5.    Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## Facts Pertinent to all Counterclaims

6.    By assignment, Arachnid owns a series of patents related to computer jukeboxes, including U.S. Patent Nos.: 5,930,765 (issued on November 21, 1997) ("the '765 Patent"); 6,191,780 (issued on March 25, 1998) ("the '780 Patent"); 5,848,398 (issued on December 8, 1998) ("the '398 Patent"); 6,397,189 (issued on May 28, 2002) ("the '189 Patent"); 6,381,575 (issued on April 30, 2002) ("the '575 Patent") ; and 6,970,834 (issued on November 29, 2005) ("the '834 Patent") (collectively referred to herein as "the Arachnid patents").  Each of the Arachnid patents was duly and legally issued by the U.S. Patent and Trademark Office in the name of John Martin and sometimes others; and each is assigned to Arachnid.  A copy of each patent is attached to the Complaint in this case as Exhibits D and F-J.

7.    The Arachnid patents are directed toward improved computer jukeboxes, jukebox management stations, and computer jukebox networks.

8.     On October 28, 2003, Rowe entered into an agreement with Arachnid to exclusively license the Arachnid patents ("the Arachnid license").   Under the terms of this agreement, Rowe received rights in the Arachnid patents that were held by Arachnid, including the right to sue for infringement and collect damages therefore.

9.     On information and belief, TouchTunes uses, has used, imports, has imported, sells, has sold, services, has serviced, offers and has offered to sell and/or has induced others to offer to sell or sell, manufacture or use digital jukeboxes and/or jukebox components for digital jukeboxes.   In addition, TouchTunes owns and operates a central server system ("the TouchTunes system") that communicates with and operates in conjunction with a network of digital jukeboxes and the jukebox operators (these products and system are "the TouchTunes products," collectively).

10.     Pursuant to 35 U.S.C. § 282, each of the Arachnid patents, including each and every claim therein, are presumed valid.

## CLAIM I
## <u>INFRINGEMENT OF THE '398 PATENT</u>

11.     Arachnid hereby restates and realleges the allegations set forth in paragraphs 1 through 10 of its Counterclaims.

12.     TouchTunes has been and is now infringing the '398 patent by making, using, selling, offering for sale, and/or importing in the United States, systems and products covered by one or more claims of the '398 patent.

13.     TouchTunes has contributorily infringed, and continues to contributorily infringe the '398 patent by selling, offering to sell and/or importing in the United States components and/or materials covered by one or more claims of the '398 patent, wherein such components and/or materials constitute a material part of the product.   TouchTunes has done so and continues

to do so knowing that the components and/or materials are especially made or especially adapted for use in infringement of the '398 patent, and are not a staple article suitable for substantial non-infringing use.

14.    TouchTunes has induced infringement, and TouchTunes will continue to induce infringement of the '398 patent by, among other things, its advertising, offering and providing of services, as well as instructing, directing and/or advising others as to how to carry out an infringement of the '398 patent.

15.    Upon information and belief, TouchTunes had actual knowledge of the '398 patent at the time they were infringing, inducing infringement of, and contributorily infringing the '398 patent.  Notwithstanding that actual knowledge, TouchTunes continued to infringe, induce others to infringe, and contributorily infringe the '398 patent.

16.    TouchTunes' acts of infringement, inducement of infringement and contributory infringement have been made with full knowledge of and reckless disregard of the '398 patent. Such acts constitute willful and deliberate infringement, entitling Arachnid to enhanced damages and attorney fees.

17.    As a consequence of TouchTunes' infringement, Arachnid has been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless TouchTunes is enjoined by this Court from committing further acts of infringement.

18.    Arachnid is entitled to recover damages adequate to compensate for TouchTunes' infringement, which in no event can be less than a reasonable royalty.

**CLAIM II**
**INFRINGEMENT OF THE '189 PATENT**

19.     Arachnid hereby restates and realleges the allegations set forth in paragraphs 1 through 10 of its Counterclaims.

20.     TouchTunes has been and is now infringing the '189 patent by making, using, selling, offering for sale, and/or importing in the United States, systems and products covered by one or more claims of the '189 patent.

21.     TouchTunes has contributorily infringed, and continues to contributorily infringe the '189 patent by selling, offering to sell and/or importing in the United States components and/or materials covered by one or more claims of the '189 patent, wherein such components and/or materials constitute a material part of the product.  TouchTunes has done so and continues to do so knowing that the components and/or materials are especially made or especially adapted for use in infringement of the '189 patent, and are not a staple article suitable for substantial non-infringing use.

22.     TouchTunes has induced infringement, and TouchTunes will continue to induce infringement of the '189 patent by, among other things, its advertising, offering and providing of services, as well as instructing, directing and/or advising others as to how to carry out an infringement of the '189 patent.

23.     Upon information and belief, TouchTunes had actual knowledge of the '189 patent at the time they were infringing, inducing infringement of, and contributorily infringing the '189 patent.  Notwithstanding that actual knowledge, TouchTunes continued to infringe, induce others to infringe, and contributorily infringe the '189 patent.

24.     TouchTunes' acts of infringement, inducement of infringement and contributory infringement have been made with full knowledge of and reckless disregard of the '189 patent.

Such acts constitute willful and deliberate infringement, entitling Arachnid to enhanced damages and attorney fees.

25.    As a consequence of TouchTunes' infringement, Arachnid has been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless TouchTunes is enjoined by this Court from committing further acts of infringement.

26.    Arachnid is entitled to recover damages adequate to compensate for TouchTunes' infringement, which in no event can be less than a reasonable royalty.

## CLAIM III
## INFRINGEMENT OF THE '575 PATENT

27.    Arachnid hereby restates and realleges the allegations set forth in paragraphs 1 through 10 of its Counterclaims.

28.    TouchTunes has been and is now infringing the '575 patent by making, using, selling, offering for sale, and/or importing in the United States, systems and products covered by one or more claims of the '575 patent.

29.    TouchTunes has contributorily infringed, and continues to contributorily infringe the '575 patent by selling, offering to sell and/or importing in the United States components and/or materials covered by one or more claims of the '575 patent, wherein such components and/or materials constitute a material part of the product.  TouchTunes has done so and continues to do so knowing that the components and/or materials are especially made or especially adapted for use in infringement of the '575 patent, and are not a staple article suitable for substantial non-infringing use.

30.    TouchTunes has induced infringement, and TouchTunes will continue to induce infringement of the '575 patent by, among other things, its advertising, offering and providing of

services, as well as instructing, directing and/or advising others as to how to carry out an infringement of the '575 patent.

31.     Upon information and belief, TouchTunes had actual knowledge of the '575 patent at the time they were infringing, inducing infringement of, and contributorily infringing the '575 patent.   Notwithstanding that actual knowledge, TouchTunes continued to infringe, induce others to infringe, and contributorily infringe the '575 patent.

32.     TouchTunes' acts of infringement, inducement of infringement and contributory infringement have been made with full knowledge of and reckless disregard of the '575 patent. Such acts constitute willful and deliberate infringement, entitling Arachnid to enhanced damages and attorney fees.

33.     As a consequence of TouchTunes' infringement, Arachnid has been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless TouchTunes is enjoined by this Court from committing further acts of infringement.

34.     Arachnid is entitled to recover damages adequate to compensate for TouchTunes' infringement, which in no event can be less than a reasonable royalty.

**CLAIM IV**
**INFRINGEMENT OF THE '834 PATENT**

35.     Arachnid hereby restates and realleges the allegations set forth in paragraphs 1 through 10 of its Counterclaims.

36.     TouchTunes has been and is now infringing the '834 patent by making, using, selling, offering for sale, and/or importing in the United States, systems and products covered by one or more claims of the '834 patent.

37.    TouchTunes has contributorily infringed, and continues to contributorily infringe the '834 patent by selling, offering to sell and/or importing in the United States components and/or materials covered by one or more claims of the '834 patent, wherein such components and/or materials constitute a material part of the product. TouchTunes has done so and continues to do so knowing that the components and/or materials are especially made or especially adapted for use in infringement of the '834 patent, and are not a staple article suitable for substantial non-infringing use.

38.    TouchTunes has induced infringement, and TouchTunes will continue to induce infringement of the '834 patent by, among other things, its advertising, offering and providing of services, as well as instructing, directing and/or advising others as to how to carry out an infringement of the '834 patent.

39.    Upon information and belief, TouchTunes had actual knowledge of the '834 patent at the time they were infringing, inducing infringement of, and contributorily infringing the '834 patent. Notwithstanding that actual knowledge, TouchTunes continued to infringe, induce others to infringe, and contributorily infringe the '834 patent.

40.    TouchTunes' acts of infringement, inducement of infringement and contributory infringement have been made with full knowledge of and reckless disregard of the '834 patent. Such acts constitute willful and deliberate infringement, entitling Arachnid to enhanced damages and attorney fees.

41.    As a consequence of TouchTunes' infringement, Arachnid has been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless TouchTunes is enjoined by this Court from committing further acts of infringement.

42.     Arachnid is entitled to recover damages adequate to compensate for TouchTunes' infringement, which in no event can be less than a reasonable royalty.

## PRAYER FOR RELIEF

**WHEREFORE**, Arachnid prays for judgment:

A.     That all the relief requested in TouchTunes' Complaint be denied with prejudice;

B.     That each and every claim of the Arachnid patents is valid and enforceable;

C.     That TouchTunes has infringed, contributorily infringed and/or induced infringement, and that by its actions will continue to infringe, contributorily infringe and/or induce infringement of the '398 patent, the '189 patent, the '575 patent, and the '834 patent;

D.     That TouchTunes, TouchTunes' agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with TouchTunes, be preliminarily and permanently enjoined from further infringement, inducing infringement, and contributory infringement of the '398 patent, the '189 patent, the '575 patent, and the '834 patent;

E.     That TouchTunes account for and pay to Rowe and Arachnid all monetary relief under 35 U.S.C. § 284, adequate to compensate for the infringement of the '398 patent, the '189 patent, the '575 patent, and the '834 patent, but in no event less than a reasonable royalty;

F.     That TouchTunes account for and pay to Rowe and Arachnid enhanced damages under 35 U.S.C. § 284;

G.     That Arachnid be awarded its reasonable attorneys' fees under 35 U.S.C. § 285;

H.     That Arachnid be granted pre-judgment and post-judgment interest on the damages caused by reason of TouchTunes' infringement of the '398 patent, the '189 patent, the '575 patent, and the '834 patent;

I.     That costs be awarded to Arachnid; and

J.      That Arachnid be granted such other and further relief as the Court may deem just and proper under the current circumstances.

### JURY DEMAND

Arachnid, Inc. hereby demands a trial by jury for all issues so triable.

Dated: February 15, 2008
      Chicago, Illinois

               McANDREWS, HELD, & MALLOY, LTD.


               By:  s/James P. Murphy
                    James P. Murphy
                    500 West Madison Street, 34th Floor
                    Chicago, Illinois  60661
                    Tel:     (312) 775-8000
                    Fax:     (312) 775-8100
                    Email: jmurphy@mcandrews-ip.com

                    Attorneys for Defendant
                    ARACHNID, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2008, I electronically filed the foregoing

**ANSWER AND COUNTERCLAIMS OF DEFENDANT ARACHNID, INC. TO
COMPLAINT FOR PATENT INFRINGEMENT AND FOR DECLARATORY RELIEF**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following, and will also be served by U.S. mail on the following:

        James S. Blank (JB-4376)
        LATHAN & WATKINS LLP
        885 Third Avenue, Suite 1000
        New York, New York 10022-4834

                s/James P. Murphy
                James P. Murphy
                McANDREWS, HELD & MALLOY, LTD.
                500 West Madison, 34th Floor
                Chicago, Illinois 60661
                Tel:    (312) 775-8000
                Fax:    (312) 775-8100