**DICKSTEIN SHAPIRO LLP**
Charles W. Saber
DeAnna Allen
Dipu A. Doshi
Thomas D. Anderson
1825 Eye Street NW
Washington, DC  20006-5403
Phone:  (202) 420-2200
-and-
Dawn Rudenko-Albert
1177 Avenue of the Americas
New York, NY 10036-2714
Phone:  (212) 277-6500
Attorneys For **Rowe International Corp.** and **AMI Entertainment, Inc.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOUCHTUNES MUSIC CORP., <br><br>                 Plaintiff, <br><br>     against <br><br> ROWE INTERNATIONAL CORP., ARACHNID, INC., AMI ENTERTAINMENT, INC. and MERIT INDUSTRIES, INC. d/b/a/ MERIT ENTERTAINMENT, <br><br>                 Defendants. | Case No. 07 CV 11440 <br><br><br><br> Judge Sweet |

**COMBINED ANSWER TO COMPLAINT BY ROWE INTERNATIONAL CORP. AND AMI ENTERTAINMENT, INC. AND COUNTERCLAIMS BY ROWE INTERNATIONAL INC. AND AMI ENTERTAINMENT, INC.**

**JURY TRIAL REQUESTED**

       Rowe International Corp. ("Rowe") and AMI Entertainment, Inc. ("AMI") hereby

serve their combined Answer to the Complaint by TouchTunes Music Corp. (TouchTunes).

Rowe and AMI hereby serve their counterclaims against TouchTunes as follows:

1.      Plaintiff TouchTunes is a corporation existing under the laws of the State of Delaware, with a principal place of business located at 3 Commerce Place, 4th Floor Nun's Island (Montreal), Quebec H3E 1H7, Canada and a corporate headquarters at 740 Broadway, 11th Floor, Suite 1102, New York, New York 10003.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 1, and on that basis deny each and every allegation in Paragraph 1.

2.      On information and belief, defendant ROWE INTERNATIONAL CORP. ("Rowe") is a corporation existing under the laws of the State of Delaware, having a place of business at 1500 Union Avenue S.E., Grand Rapids, Michigan 49507.

**ANSWER:** Rowe and AMI admit that Rowe is a corporation existing under the laws of the State

of Delaware, and has a principal place of business at 1500 Union Avenue S.E., Grand Rapids,

Michigan 49507-1884.

3.      On information and belief, defendant ARACHNID, INC. ("Arachnid") is a corporation existing under the laws of the State of Ohio, having a place of business at 6212 Material Ave., Loves Park, Illinois 61111.

**ANSWER:** Rowe and AMI admit that Arachnid is a corporation existing under the laws of the

State of Ohio, and has a place of business at 6212 Material Ave., Loves Park, Illinois 61111.

4.      On information and belief, defendant AMI ENTERTAINMENT, INC. ("AMI") is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1500 Union Avenue, S.E., Grand Rapids, Michigan 49507.  AMI is a wholly-owned subsidiary of Rowe.

**ANSWER:** Rowe and AMI admit that AMI is a corporation existing under the laws of the State

of Delaware, and has a principal place of business at 1500 Union Avenue S.E., Grand Rapids,

Michigan 49507-1884.  Rowe and AMI admit that AMI is a wholly-owned subsidiary of Rowe.

5.      On information and belief, defendant MERIT INDUSTRIES, INC. d/b/a MERIT ENTERTAINMENT ("Merit") is a corporation existing under the laws of the State of Delaware, having a place of business at 2525 State Road, Bensalem, Pennsylvania 19020.

**ANSWER:** Rowe and AMI admit that Merit is a corporation existing under the laws of the State

of Delaware, and has a place of business at 2525 State Road, Bensalem, Pennsylvania 19020.

DSMDB-2393863

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this patent action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.  Actual, substantial and continuing justiciable controversies exist between TouchTunes and Rowe and between TouchTunes and Arachnid that require a declaration of rights by this Court.

**ANSWER:** Rowe and AMI admit that this Court has jurisdiction over patent actions pursuant to

28 U.S.C. §§ 1331, 1338, 2201, 2202.  Rowe and AMI deny that TouchTunes has a cause of

action against Rowe and AMI for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338.

Rowe and AMI deny that TouchTunes has a cause of action for declaratory judgment against

Rowe and AMI pursuant to 28 U.S.C. §§ 2201 and 2202.  Except as expressly admitted herein,

Rowe and AMI deny each and every allegation in Paragraph 6.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 7, and on that basis deny each and every allegation in Paragraph 7.

8.      Rowe makes, uses, sells, offers for sale and/or imports into the United States, including in this District and in the State of New York, downloading jukeboxes and/or systems employing downloading jukeboxes.  A large percentage of Rowe's downloading jukeboxes are located in the State of New York and in this District. Rowe is registered to do business in the State of New York and regularly conducts business in the State of New York and in this District.  Rowe has New York-based distributors for its products for the purpose of distributing its products in the State of New York and in this District. Rowe regularly services and manages its downloading jukeboxes located in the State of New York and this District either directly or in conjunction with AMI.  Rowe has purposefully availed itself of this Court's jurisdiction by, *inter alia*, committing and continuing to commit acts of patent infringement in this District and the State of New York, as well as through its continuous and systematic contacts with the State of New York and this District.  Furthermore, Rowe has purposefully made contacts with this District, by, *inter alia*, maintaining its threats to enforce U.S. Patent Nos. 5,930,765; 6,598,230; 6,970,834; 6,397,189; 6,381,575; 6,191,780; and 5,848,398 against TouchTunes, which is headquartered in this District.

**ANSWER:** Rowe and AMI deny the allegations of this paragraph, except that Rowe and AMI

admit that Rowe sells and offers for sale downloading jukeboxes and/or systems employing

downloading jukeboxes in the United States and that Rowe has New York-based distributors for

DSMDB-2393863

its products for the purpose of distributing its products. Except as expressly admitted herein,

Rowe and AMI deny each and every allegation in Paragraph 8.

9.      Arachnid manufactures and sells a variety of electronic game machines and related equipment, including various electronic dart game machines, many of which are located in this District and in the State of New York. Arachnid has a New York - based distributor for its products for the purpose of distributing its products in the State of New York and in this District. Arachnid also regularly sponsors and/or promotes a variety of events, such as dart tournaments, relating to its game machines in this District and in the State of New York. Arachnid has also licensed numerous patents relating to jukebox technology to Rowe so that Arachnid's patented technology can be incorporated into Rowe's downloading jukeboxes, including the downloading jukeboxes accused of infringement in this action and located in this District and in the State of New York. On information and belief, Rowe is required under a contract between Rowe and Arachnid to use its best efforts to sell its downloading jukeboxes using Arachnid's technology, including the downloading jukeboxes accused of infringement in this action and located in this District and in the State of New York, and Arachnid receives financial compensation for such sales. As a result, Arachnid and Rowe have a collusive relationship with respect to the distribution and sale of Rowe's downloading jukeboxes accused of infringement. Arachnid has purposefully availed itself of this Court's jurisdiction through, inter alia, its continuous and systematic contacts with the State of New York and this District by virtue of its product sales and business dealings with persons and/or entities located in the State of New York and in this District. Furthermore, Arachnid has purposefully made contacts with this District by, *inter alia*, maintaining threats to enforce U.S. Patent Nos. 5,930,765; 6,598,230; 6,970,834; 6,397,189; 6,381,575; 6,191,780; and 5,848,398 against TouchTunes, which is headquartered in this District.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 9, and on that basis deny each and every allegation in Paragraph 9.

10.     AMI owns and operates a broadband network, called the "AMI Entertainment Network," which provides digital music content and Web-based management services for Rowe's downloading jukeboxes, as well as provides services in connection with the operation of Merit's gaming products designed for use with Rowe's downloading jukeboxes. AMI's network delivers audio and video content and jukebox management services to Rowe's downloading jukeboxes, including the downloading jukeboxes accused of infringement in this action and located in this District and in the State of New York, and provides various services to Merit's gaming products accused of infringement in this action. In addition, AMI has entered into licensing agreements with numerous New York entities including, for example, several major record labels and music publishers located in this District, and routinely conducts ongoing business with these various New York entities. On information and belief, AMI maintained, either alone or in connection with Rowe, a music and music publishing licensing office in this District for the purpose of obtaining licenses for AMI with major record labels, independent recording labels, ASCAP, BMI, SESAC, the Harry Fox Agency, the five major music publishing groups, and hundreds of music publishers and recording artists, many of which are located in this District. All of these

4

various licenses were obtained in connection with AMI's network and in order to supply content to Rowe's downloading jukeboxes. AMI has purposefully availed itself of this Court's jurisdiction by, *inter alia*, committing and continuing to commit acts of patent infringement in this District, as well as in the State of New York. AMI has further purposefully availed itself of this Court's jurisdiction through, inter alia, its continuous and systematic contacts with the State of New York and with this District by virtue of its ongoing operation of the AMI network to deliver content and/or services to Rowe's downloading jukeboxes and Merit's gaming products located in this District and in the State of New York and by its continuous business dealings with the various New York entities identified herein.

**ANSWER:** Rowe and AMI deny the allegations of this paragraph, except that Rowe and AMI admit that AMI sells and offers for sale services for downloading jukeboxes and/or systems employing downloading jukeboxes in the United States, that AMI has entered into licensing agreements with publishers in New York, and that AMI previously had a licensing office in this District. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 10.

11.     Merit makes, uses, sells, offers for sale and/or imports into the United States, including this District, gaming products, including products designed to operate in conjunction with Rowe's downloading jukeboxes and/or systems employing downloading jukeboxes. Merit has New York-based distributors for its products for the purpose of distributing its products in the State of New York and in this District. A large percentage of Merit's gaming devices are located in the State of New York and in this District. Merit also regularly sponsors and/or promotes a variety of events, such as gaming tournaments, relating to its game machines in this District and in the State of New York. Merit also uses the AMI network in connection with servicing and/or operation of its gaming products. On information and belief, Merit and Rowe have a collusive relationship, either by written contract or otherwise, with respect to the distribution, sale and operation and Rowe's downloading jukeboxes and Merit's gaming products designed for use therewith. On information and belief, Rowe and Merit are owned by the same parent company, Harbour Group Ltd. As a result of various contracts, agreements and/or licenses between two or more of Rowe, Arachnid, AMI and Merit relating the subject matter of this action, and the close corporate and/or business relationships between Rowe, Arachnid, AMI and Merit, all of the Defendants have a collusive relationship with respect to the activities complained of herein and in connection with all of the claims for relief set forth herein. Merit has purposefully availed itself of this Court's jurisdiction by committing and continuing to commit acts of patent infringement in this District and in the State of New York, as well through its continuous and systematic contacts with this District and the State of New York as described herein. In addition, Merit has consented to jurisdiction in the District by virtue of a Joint Development Agreement and Marketing Agreement ("JDA") that it entered into in July 2002 with TouchTunes as to any issues relating to the JDA. Merit has previously relied on the JDA in connection with an alleged claim of ownership interest it made against TouchTunes' U.S. Patent No. 6,755,744, which is asserted against Merit in this action. As a result, issues regarding this JDA have now arisen or

DSMDB-2393863

will arise in this action.  The JDA is to be construed under and controlled by the laws of the State of New York.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 11, and on that basis deny each and every allegation in Paragraph 11.

## TOUCHTUNES' ASSERTED PATENTS-IN-SUIT

12.    On October 23, 2001, United States Patent No. 6,308,204 ("the '204 patent"), entitled "Method of Communications for an Intelligent Digital Audiovisual Playback System," was duly and legally issued by the United States Patent and Trademark Office ("PTO").  A true and correct copy of the '204 patent is attached hereto as Exhibit A.

**ANSWER:** Rowe and AMI admit that U.S. Patent No. 6,308,204 (the "'204 patent") is entitled

"Method of Communications for an Intelligent Digital Audiovisual Playback System," and that a

copy of the patent was attached as Exhibit A to the Complaint.  Rowe and AMI deny that the

'204 patent was duly and legally issued by the United States Patent and Trademark Office

("PTO").

13.    TouchTunes has been and remains the owner by assignment of the entire right, title, and interest in the '204 patent, including, *inter alia*, the right to sue for past infringement of the '204 patent.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 13, and on that basis deny each and every allegation in Paragraph 13.

14.    On June 10, 2003, United States Patent No. 6,578,051 ("the '051 patent"), entitled "Device and Process for Remote Management of a Network of Audiovisual Information Reproduction Systems," was duly and legally issued by the PTO.  A true and correct copy of the '051 patent is attached hereto as Exhibit B.

**ANSWER:** Rowe and AMI admit that U.S. Patent No. 6,578,051 (the "'051 patent") is entitled

"Device and Process for Remote Management of a Network of Audiovisual Information

Reproduction Systems," and that a copy of the patent was attached as Exhibit B to the

Complaint.  Rowe and AMI deny that the '051 patent was duly and legally issued by the PTO.

15.    TouchTunes has been and remains the owner by assignment of the entire right, title, and interest in the '051 patent, including, *inter alia*, the right to sue for past and present infringement of the '051 patent.

DSMDB-2393863

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 15, and on that basis deny each and every allegation in Paragraph 15.

16.    On June 29, 2004, United States Patent No. 6,755,744 ("the '744 patent"), entitled "Communication Device and Method Between an Audiovisual Information Playback System and an Electronic Game Machine," was duly and legally issued by the PTO.  A true and correct copy of the '744 patent is attached hereto as Exhibit C.

**ANSWER:** Rowe and AMI admit that U.S. Patent No. 6,755,744 (the "'744 patent") is entitled

"Communication Device and Method Between an Audiovisual Information Playback System and

an Electronic Game Machine," and that a copy of the patent was attached as Exhibit C to the

Complaint.  Rowe and AMI deny that the '744 patent was duly and legally issued by the PTO.

17.    TouchTunes has been and remains the owner by assignment of the entire right, title, and interest in the '744 patent, including, *inter alia*, the right to sue for past and present infringement of the '744 patent.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 17, and on that basis deny each and every allegation in Paragraph 17.

18.    Rowe, Merit and AMI had prior notice of TouchTunes patents and the infringement thereof either by actual and/or constructive notice in compliance with 35 U.S.C. § 287.

**ANSWER:** Rowe and AMI deny that Rowe and AMI has engaged in any infringing activities in

this jurisdiction or any other jurisdiction and that they received actual and/or constructive notice

in compliance with 35 U.S.C. § 287.  Rowe and AMI are without sufficient information to admit

or deny the allegations against Merit, and on that basis deny the remaining allegations of

Paragraph 18.

## BACKGROUND FOR TOUCHTUNES' DECLARATORY RELIEF

19.    United States Patent No. 5,930,765 ("the '765 patent"), entitled "Downloading Method for Songs and Advertisements," was filed on November 21, 1997 and issued on July 27, 1999. The '765 patent names John R. Martin as its inventor.  A true and correct copy of the '765 patent is attached hereto as Exhibit D.

**ANSWER:** Rowe and AMI admit that U.S. Patent No. 5,930,765 (the '765 patent) is entitled

"Downloading Method for Songs and Advertisements," and that a copy of the patent identifying

DSMDB-2393863

John R. Martin as its inventor was attached as Exhibit D to the Complaint. Rowe and AMI admit

that the '765 patent was filed on November 21, 1997 and was issued by the PTO on July 27,

1999. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in

Paragraph 19.

20.    United States Patent No. 6,598,230 ("the '230 patent"), entitled "Multimedia Box
Network," was filed on February 25, 1999 and issued on July 22, 2003. The '230 patent names
Karsten Ballhorn as its inventor. A true and correct copy of the '230 patent is attached hereto as
Exhibit E.

**ANSWER:** Rowe and AMI admit that U.S. Patent No. 6,598,230 (the '230 patent) is entitled

"Multimedia Box Network," and that a copy of the patent identifying Karsten Ballhorn as its

inventor was attached as Exhibit E to the Complaint. Rowe and AMI admit that the '230 patent

was filed on February 25, 1999 and was issued by the PTO on July 22, 2003. Except as

expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 20.

21.    United States Patent No. 6,970,834 ("the '834 patent"), entitled "Advertisement
Downloading Computer Jukebox," was filed on November 20, 2002 and issued on November 25,
2005. The '834 patent names as inventors John R. Martin, Michael L. Tillery and Samuel N.
Zammuto. A true and correct copy of the '834 patent is attached hereto as Exhibit F.

**ANSWER:** Rowe and AMI admit that U.S. Patent No. 6,970,834 (the '834 patent) is entitled

"Advertisement Downloading Computer Jukebox," and that a copy of the patent identifying John

R. Martin and Michael L. Tillery as its inventors was attached as Exhibit F to the Complaint.

Rowe and AMI admit that the '834 patent was filed on November 20, 2002. Rowe and AMI

deny that the '834 patent issued on November 25, 2005. Rowe and AMI admit that the '834

patent was issued by the PTO on November 29, 2005. Except as expressly admitted herein,

Rowe and AMI deny each and every allegation in Paragraph 21.

22.    United States Patent No. 6,397,189 ("the '189 patent"), entitled "Computer Jukebox and
Jukebox Network," was filed on May 12, 1998 and issued on May 28, 2002. The '189 patent
names as inventors John R. Martin, Michael L. Tillery, and Samuel N. Zammuto. A true and
correct copy of the '189 patent is attached hereto as Exhibit G.

DSMDB-2393863

**ANSWER:** Rowe and AMI admit that U.S. Patent No. 6,397,189 (the '189 patent) is entitled "Computer Jukebox and Jukebox Network," and that a copy of the patent identifying John R. Martin, Michael L. Tillery and Samuel N. Zammuto as its inventors was attached as Exhibit G to the Complaint. Rowe and AMI admit that the '189 patent was filed on May 12, 1998, and was issued by the PTO on May 28, 2002. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 22.

23.    United States Patent No. 6,381,575 ("the '575 patent"), entitled "Computer Jukebox and Computer Jukebox Management System, " was filed on February 11, 2000 and issued on April 30, 2002. The '575 patent names as inventors John R. Martin and Michael L. Tillery. A true and correct copy of the '575 patent is attached hereto as Exhibit H.

**ANSWER:** Rowe and AMI admit that U.S. Patent No. 6,381,575 (the '575 patent) is entitled "Computer Jukebox and Computer Jukebox Management System," and that a copy of the patent identifying John R. Martin and Michael L. Tillery as its inventors was attached as Exhibit H to the Complaint. Rowe and AMI admit that the '575 patent was filed on February 11, 2000, and was issued by the PTO on April 30, 2002. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 23.

24.    United States Patent No. 6,191,780 ("the '780 patent"), entitled "Customizable Multimedia Segment Structures," was filed on March 25, 1998 and issued on February 20, 2001. The '780 patent names as inventors John R. Martin and Charles D. Rentmeesters. A true and correct copy of the '780 patent is attached hereto as Exhibit I.

**ANSWER:** Rowe and AMI admit that U.S. Patent No. 6,191,780 (the '780 patent) is entitled "Customizable Multimedia Segment Structures," and that a copy of the patent identifying John R. Martin and Charles D. Rentmeesters as its inventors was attached as Exhibit I to the Complaint. Rowe and AMI admit that the '780 patent was filed on March 25, 1998, and was issued by the PTO on February 20, 2001. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 24.

25.    United States Patent No. 5,848,398 ("the '398 patent"), entitled "System for Managing a Plurality of Computer Jukeboxes," was filed on April 25, 1996 and issued on December 8, 1998.

DSMDB-2393863

The '398 patent names as inventors John R. Martin, Michael L. Tillery and Samuel N. Zammuto. A true and correct copy of the '398 patent is attached hereto as Exhibit J.

**ANSWER:** Rowe and AMI admit that U.S. Patent No. 5,848,398 (the '398 patent) is entitled

"System for Managing a Plurality of Computer Jukeboxes," and that a copy of the patent

identifying John R. Martin, Michael L. Tillery and Samuel N. Zammuto as its inventors was

attached as Exhibit J to the Complaint.  Rowe and AMI admit that the '398 patent was filed on

April 25, 1996, and was issued by the PTO on December 8, 1998.  Except as expressly admitted

herein, Rowe and AMI deny each and every allegation in Paragraph 25.

26.    Upon information and belief, Arachnid, Inc. is the owner of the '765, '834, '189, '575, '780, and '398 patents by assignment.

**ANSWER:** Rowe and AMI admit that Arachnid is the owner of the '765, '834, '189, '575, '780,

and '398 patents by assignment.  Except as expressly admitted herein, Rowe and AMI deny each

and every allegation in Paragraph 26.

27.    Upon information and belief, Rowe is the owner of the '230 patent and a licensee of the '765, '834, '189, '575, '780, and '398 patents.

**ANSWER:** Rowe and AMI deny that Rowe is the owner of the '230 patent.  Rowe and AMI

admit that Rowe is the exclusive licensee to, *inter alia*, the '765, '834, '189, '575, '780, and '398

patents, and have the right to sue and recover damages for past and future damages for

infringement of the '765, '834, '189, '575, '780, and '398 patents.  Except as expressly admitted

herein, Rowe and AMI deny each and every allegation in Paragraph 27.

28.    Rowe and Arachnid have advised TouchTunes that they intend to enforce any applicable claims of the '765, '230, '834, '189, '575, '780, and '398 patents against TouchTunes upon completion of the presently pending lawsuit captioned *Rowe International Corp.* and *Arachnid, Inc. v. Ecast, Inc. et al.*, Case No. 1:06-cv-02703 (N.D. Ill.).  That lawsuit is presently in an advanced stage of litigation.

**ANSWER:** Rowe and AMI admit Rowe has advised TouchTunes that it and/or Arachnid

intend(s) to enforce any applicable claims of the '765, '230, '834, '189, '575, '780, and '398

patents against TouchTunes upon completion of the presently pending lawsuit captioned *Rowe*

DSMDB-2393863

*International Corp.* and *Arachnid, Inc. v. Ecast, Inc. et al.*, Case No. 1:06-cv-02703 (N.D. Ill.).

Rowe and AMI are without sufficient information to admit or deny the allegations against

Arachnid in Paragraph 28, and on that basis deny each and every allegation in Paragraph 28.

Except as expressly admitted herein, Rowe and AMI deny each and every allegation in

Paragraph 28.

29.    TouchTunes denies that it has infringed any valid claim of the '765, '230, '834, '189, '575, '780, and '398 patents.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 29, and on that basis deny each and every allegation in Paragraph 29.

30.    Based on Rowe and Arachnid's assertions of patent infringement by TouchTunes, an actual, substantial and continuing justiciable controversy exists between TouchTunes and Rowe and between TouchTunes and Arachnid that requires a declaration of rights by this Court.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 30, and on that basis deny each and every allegation in Paragraph 30.

**First Claim For Relief**
**INFRINGEMENT OF U.S. PATENT NO. 6,308,204**

31.    TouchTunes incorporates by this reference all paragraphs of this Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set forth herein.

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this

Combined Answer to Complaint by Rowe International Corp. and AMI Entertainment, Inc. and

Counterclaims by Rowe International Inc. and AMI Entertainment, Inc. ("Answer") as though

fully set forth herein.

32.    Rowe has infringed and is infringing (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) one or more claims of the '204 patent by making, using, importing, offering for sale, and/or selling downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '204 patent.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 32.

DSMDB-2393863

33.     AMI has infringed and is infringing (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) one or more claims of the '204 patent by making, using and operating the AMI network for use in connection with Rowe's downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '204 patent.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 33.

34.     On information and belief, Rowe's infringement of the '204 patent has been and continues to be deliberate and willful, and such infringement will continue unless Rowe is preliminarily and permanently enjoined by this Court.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 34.

35.     On information and belief, AMI's infringement of the '204 patent has been and continues to be deliberate and willful, and such infringement will continue unless Rowe is preliminarily and permanently enjoined by this Court.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 35.

36.     As a consequence of Rowe's infringement of the '204 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless Rowe's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 36.

37.     As a consequence of AMI's infringement of the '204 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless AMI's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 37.

38.     As a result of the activities described herein, Rowe and AMI are jointly and severally liable for the damages sustained by TouchTunes for infringement of the '204 patent.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 38.

**Second Claim For Relief**
**INFRINGEMENT OF U.S. PATENT NO. 6,578,051**

39.     TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this

Answer as though fully set forth herein.

12

40.    Rowe has infringed and is infringing (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) one or more claims of the '051 patent by making, using, importing, offering for sale, and/or selling downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '051 patent.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 40.

41.    AMI has infringed (directly, contributorily and/or by active inducement- literally and/or under the doctrine of equivalents) one or more claims of the '051 patent by making, using and operating the AMI network for use in connection with Rowe's downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '051 patent.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 41.

42.    On information and belief, Rowe's infringement of the '051 patent has been and continues to be deliberate and willful, and such infringement will continue unless Rowe is preliminarily and permanently enjoined by this Court.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 42.

43.    On information and belief, AMI's infringement of the '051 patent has been and continues to be deliberate and willful, and such infringement will continue unless AMI is preliminarily and permanently enjoined by this Court.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 43.

44.    As a consequence of Rowe's infringement of the '051 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless Rowe's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 44.

45.    As a consequence of AMI's infringement of the '051 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless AMI's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 45.

46.    As a result of the activities described herein, Rowe and AMI are jointly and severally liable for the damages sustained by TouchTunes for infringement of the '051 patent.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 46.

DSMDB-2393863

**Third Claim For Relief**
**INFRINGEMENT OF U.S. PATENT NO. 6,755,744**

47.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this

Answer as though fully set forth herein.

48.    Rowe has infringed and is infringing (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) one or more claims of the '744 patent by making, using, importing, offering for sale, and/or selling downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '744 patent.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 48

49.    AMI has infringed and is infringing (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) one or more claims of the '744 patent by making, using and operating the AMI network for use in connection with Rowe's downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '744 patent, as well as by making, using and operating the AMI network for use in connection with Merit's gaming products covered by one or more claims of the '744 patent .

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 49.

50.    Merit has infringed and is infringing (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) one or more claims of the '744 patent by making, using, importing, offering for sale, and/or selling gaming products for use with Rowe's downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '744 patent.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 50.

51.    On information and belief, Rowe's infringement of the '744 patent has been and continues to be deliberate and willful, and such infringement will continue unless Rowe is preliminarily and permanently enjoined by this Court.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 51.

52.    On information and belief, AMI's infringement of the '744 patent has been and continues to be deliberate and willful, and such infringement will continue unless AMI is preliminarily and permanently enjoined by this Court.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 52.

DSMDB-2393863

53.     On information and belief, Merit's infringement of the '744 patent has been and continues to be deliberate and willful, and such infringement will continue unless Merit is preliminarily and permanently enjoined by this Court.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 53.

54.     As a consequence of Rowe's infringement of the '744 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless Rowe's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 54.

55.     As a consequence of AMI's infringement of the '744 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless AMI's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 55.

56.     As a consequence of Merit's infringement of the '744 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless Merit's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 56.

57.     As a result of the activities described herein, Rowe, AMI and Merit are jointly and severally liable for the damages sustained by TouchTunes for infringement of the '744 patent.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 57.

## Fourth Claim For Relief
## DECLARATORY JUDGMENT -NON-INFRINGEMENT OF THE '765 PATENT

58.     TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set herein.

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this

Answer as though fully set forth herein.

59.     This is an action for declaratory judgment of non-infringement of any and all valid claims of the '765 patent.

DSMDB-2393863

**ANSWER:** Rowe and AMI admit that TouchTunes has filed a Complaint for judgment of non-infringement of any and all valid claims of the '765 patent. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 59.

60.     TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '765 patent against TouchTunes.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in Paragraph 60, and on that basis deny each and every allegation in Paragraph 60.

61.     Upon information and belief, Arachnid is the assignee of all rights in and to the '765 patent.

**ANSWER:** Rowe and AMI admit that Arachnid is the assignee of all rights in and to the '765 patent. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 61.

62.     Upon information and belief, Rowe is the exclusive licensee of the '765 patent.

**ANSWER:** Rowe and AMI admit that Rowe is the exclusive licensee of the '765 patent. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 62.

63.     Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '765 patent.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in Paragraph 63, and on that basis deny each and every allegation in Paragraph 63.

64.     TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes. TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any claim of the '765 patent.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in Paragraph 64, and on that basis deny each and every allegation in Paragraph 64.

65.     Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '765 patent.

DSMDB-2393863

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 65, and on that basis deny each and every allegation in Paragraph 65.

66.    TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '765 patent.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 66, and on that basis deny each and every allegation in Paragraph 66.

**Fifth Claim For Relief**
**DECLARATORY JUDGMENT -NON-INFRINGEMENT OF THE '230 PATENT**

67.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this

Answer as though fully set forth herein.

68.    This is an action for declaratory judgment of non-infringement of any and all valid claims of the '230 patent.

**ANSWER:** Rowe and AMI admit that TouchTunes has filed a Complaint for judgment of non-

infringement of any and all valid claims of the '230 patent.  Except as expressly admitted herein,

Rowe and AMI deny each and every allegation in Paragraph 68.

69.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '230 patent against TouchTunes.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 69, and on that basis deny each and every allegation in Paragraph 69.

70.    Upon information and belief, Arachnid has certain rights under the '230 patent.

**ANSWER:** Rowe and AMI deny that Arachnid has any rights or interest in the '230 patent.

71.    Upon information and belief, Rowe is the owner of the '230 patent.

**ANSWER:** Rowe and AMI deny that Rowe is the owner of the '230 patent.

72.    Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '230 patent.

17

**ANSWER:** Rowe and AMI admit that Rowe alleges that TouchTunes has and continues to

infringe one or more valid claims of the '230 patent.  Rowe and AMI are without sufficient

information to admit or deny the allegations against Arachnid in Paragraph 72, and on that basis

deny each and every allegation in Paragraph 72.  Except as expressly admitted herein, Rowe and

AMI deny each and every allegation in Paragraph 72.

73.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by
TouchTunes.  TouchTunes has not and does not infringe (directly, contributorily and/or by active
inducement-literally and/or under the doctrine of equivalents) any claim of the '230 patent.

**ANSWER:** Rowe and AMI are each without sufficient information to admit or deny

TouchTunes' denial of Rowe and Arachnid's allegations with respect to infringement by

TouchTunes.  Rowe and AMI deny the allegations that TouchTunes has not and does not

infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine

of equivalents) one or more claims of the '230 patent.

74.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and
Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the
claims of the '230 patent.

**ANSWER:** Rowe and AMI admit that Rowe alleges that TouchTunes has and continues to

infringe one or more valid claims of the '230 patent.  Rowe and AMI deny the allegations against

Arachnid in Paragraph 74.  Except as expressly admitted herein, Rowe and AMI deny each and

every allegation in Paragraph 74.

75.    TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement
of the '230 patent.

**ANSWER:** Rowe and AMI admit that TouchTunes desires and requests a judicial declaration of

TouchTunes' non-infringement of the '230 patent.

**Sixth Claim For Relief**
**DECLARATORY JUDGMENT -NON-INFRINGEMENT OF THE '834 PATENT**

76.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though
fully set herein.

DSMDB-2393863

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this Answer as though fully set forth herein.

77.     This is an action for declaratory judgment of non-infringement of any and all valid claims of the '834 patent.

**ANSWER:** Rowe and AMI admit that TouchTunes has filed a Complaint for judgment of non-infringement of any and all valid claims of the '834 patent. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 77.

78.     TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '834 patent against TouchTunes.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in Paragraph 78, and on that basis denies each and every allegation in Paragraph 78.

79.     Upon information and belief, Arachnid is the assignee of all rights in and to the '834 patent.

**ANSWER:** Rowe and AMI admit that Arachnid is the assignee of all rights in and to the '834 patent. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 79.

80.     Upon information and belief, Rowe is the exclusive licensee of the '834 patent.

**ANSWER:** Rowe and AMI admit that Rowe is the exclusive licensee of the '834 patent. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 80.

81.     Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '834 patent.

**ANSWER:** Rowe and AMI admit that Rowe alleges that TouchTunes has and continues to infringe one or more valid claims of the '834 patent. Rowe and AMI are without sufficient information to admit or deny the allegations against Arachnid in Paragraph 81, and on that basis deny each and every allegation in Paragraph 81. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 81.

DSMDB-2393863

82.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes. TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any claim of the '834 patent.

**ANSWER:** Rowe and AMI are each without sufficient information to admit or deny

TouchTunes' denial of Rowe and Arachnid's allegations with respect to infringement by

TouchTunes. Rowe and AMI deny that TouchTunes has not and does not infringe (directly,

contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) one

or more claims of the '834 patent.

83.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '834 patent.

**ANSWER:** Rowe and AMI admit that Rowe alleges that TouchTunes has and continues to

infringe one or more valid claims of the '834 patent. Rowe and AMI are without sufficient

information to admit or deny the allegations against Arachnid in Paragraph 83, and on that basis

deny each and every allegation in Paragraph 83. Except as expressly admitted herein, Rowe and

AMI deny each and every allegation in Paragraph 83.

84.    TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '834 patent.

**ANSWER:** Rowe and AMI admit that TouchTunes desires and requests a judicial declaration of

TouchTunes' non-infringement of the '834 patent.

### Seventh Claim For Relief
### DECLARATORY JUDGMENT -NON-INFRINGEMENT OF THE '189 PATENT

85.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set herein.

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this

Answer as though fully set forth herein.

86.    This is an action for declaratory judgment of non-infringement of any and all valid claims of the '189 patent.

DSMDB-2393863

**ANSWER:** Rowe and AMI admit that TouchTunes has filed a Complaint for judgment of non-infringement of any and all valid claims of the '189 patent. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 86.

87.     TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '189 patent against TouchTunes.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in Paragraph 87, and on that basis deny each and every allegation in Paragraph 87.

88.     Upon information and belief, Arachnid is the assignee of all rights in and to the '189 patent.

**ANSWER:** Rowe and AMI admit that Arachnid is the assignee of all rights in and to the '189 patent. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 88.

89.     Upon information and belief, Rowe is the exclusive licensee of the '189 patent.

**ANSWER:** Rowe and AMI admit that Rowe is the exclusive licensee of the '189 patent. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 89.

90.     Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '189 patent.

**ANSWER:** Rowe and AMI admit that Rowe alleges that TouchTunes has and continues to infringe one or more valid claims of the '189 patent. Rowe and AMI are without sufficient information to admit or deny the allegations against Arachnid in Paragraph 90, and on that basis deny each and every allegation in Paragraph 90. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 90.

91.     TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes. TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any claim of the '189 patent.

**ANSWER:** Rowe and AMI are each without sufficient information to admit or deny TouchTunes' denial of Rowe and Arachnid's allegations with respect to infringement by

DSMDB-2393863

TouchTunes.  Rowe and AMI deny that TouchTunes has not and does not infringe (directly,

contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) one

or more claims of the '189 patent.

92.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and
Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the
claims of the '189 patent.

**ANSWER:** Rowe and AMI admit that Rowe alleges that TouchTunes has and continues to

infringe one or more valid claims of the '189 patent.  Rowe and AMI are without sufficient

information to admit or deny the allegations against Arachnid in Paragraph 92, and on that basis

deny each and every allegation in Paragraph 92.  Except as expressly admitted herein, Rowe and

AMI deny each and every allegation in Paragraph 92.

93.    TouchTunes desires and request a judicial declaration of TouchTunes' non-infringement
of the '189 patent.

**ANSWER:** Rowe and AMI admit that TouchTunes desires and requests a judicial declaration of

TouchTunes' non-infringement of the '189 patent.

**Eighth Claim For Relief**
**DECLARATORY JUDGMENT -NON-INFRINGEMENT OF THE '575 PATENT**

94.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though
fully set forth herein.

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this

Answer as though fully set forth herein.

95.    This is an action for declaratory judgment of non-infringement of any and all valid claims
of the '575 patent.

**ANSWER:** Rowe and AMI admit that TouchTunes has filed a Complaint for judgment of non-

infringement of any and all valid claims of the '575 patent.  Except as expressly admitted herein,

Rowe and AMI deny each and every allegation in Paragraph 95.

96.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will
bring a patent infringement action on the '575 patent against TouchTunes.

22

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in Paragraph 96, and on that basis denies each and every allegation in Paragraph 96.

97.    Upon information and belief, Arachnid is the assignee of all rights in and to the '575 patent.

**ANSWER:** Rowe and AMI admit that Arachnid is the assignee of all rights in and to the '575 patent.  Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 97.

98.    Upon information and belief, Rowe is the exclusive licensee of the '575 patent.

**ANSWER:** Rowe and AMI admit that Rowe is the exclusive licensee of the '575 patent.  Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 98.

99.    Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '575 patent.

**ANSWER:** Rowe and AMI admit that Rowe alleges that TouchTunes has and continues to infringe one or more valid claims of the '575 patent.  Rowe and AMI are without sufficient information to admit or deny the allegations against Arachnid in Paragraph 99, and on that basis deny each and every allegation in Paragraph 99.  Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 99.

100.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes.  TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement- literally and/or under the doctrine of equivalents) any claim of the '575 patent.

**ANSWER:** Rowe and AMI are each without sufficient information to admit or deny TouchTunes' denial of Rowe and Arachnid's allegations with respect to infringement by TouchTunes.  Rowe and AMI deny that TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) one or more claims of the '575 patent.

DSMDB-2393863

101.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '575 patent.

**ANSWER:** Rowe and AMI admit that Rowe alleges that TouchTunes has and continues to

infringe one or more valid claims of the '575 patent. Rowe and AMI are without sufficient

information to admit or deny the allegations against Arachnid in Paragraph 101, and on that basis

deny each and every allegation in Paragraph 101. Except as expressly admitted herein, Rowe

and AMI deny each and every allegation in Paragraph 101.

102.    TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '575 patent.

**ANSWER:** Rowe and AMI admit that TouchTunes desires and requests a judicial declaration of

TouchTunes' non-infringement of the '575 patent.

**Ninth Claim For Relief**
**DECLARATORY JUDGMENT -NON-INFRINGEMENT OF THE '780 PATENT**

103.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this

Answer as though fully set forth herein.

104.    This is an action for declaratory judgment of non-infringement of any and all valid claims of the '780 patent.

**ANSWER:** Rowe and AMI admit that TouchTunes has filed a Complaint for judgment of non-

infringement of any and all valid claims of the '780 patent. Except as expressly admitted herein,

Rowe and AMI deny each and every allegation in Paragraph 104.

105.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '780 patent against TouchTunes.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 105, and on that basis deny each and every allegation in Paragraph 105.

106.    Upon information and belief, Arachnid is the assignee of all rights in and to the '780 patent.

24

**ANSWER:** Rowe and AMI admit that Arachnid is the assignee of all rights in and to the '780 patent. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 106.

107.    Upon information and belief, Rowe is the exclusive licensee of the '780 patent.

**ANSWER:** Rowe and AMI admit that Rowe is the exclusive licensee of the '780 patent. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 107.

108.    Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '780 patent.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in Paragraph 108, and on that basis deny each and every allegation in Paragraph 108.

109.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes. TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any claim of the '780 patent.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in Paragraph 109, and on that basis deny each and every allegation in Paragraph 109.

110.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '780 patent.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in Paragraph 110, and on that basis deny each and every allegation in Paragraph 110.

111.    TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '780 patent.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in Paragraph 111, and on that basis deny each and every allegation in Paragraph 111.

**Tenth Claim For Relief**
**DECLARATORY JUDGMENT -NON-INFRINGEMENT OF THE '398 PATENT**

112.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

DSMDB-2393863

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this Answer as though fully set forth herein.

113.    This is an action for declaratory judgment of non-infringement of any and all valid claims of the '398 patent.

**ANSWER:** Rowe and AMI admit that TouchTunes has filed a Complaint for judgment of non-infringement of any and all valid claims of the '398 patent. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 113.

114.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '398 patent against TouchTunes.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in Paragraph 114, and on that basis denies each and every allegation in Paragraph 114.

115.    Upon information and belief, Arachnid is the assignee of all rights in and to the '398 patent.

**ANSWER:** Rowe and AMI admit that Arachnid is the assignee of all rights in and to the '398 patent. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 115.

116.    Upon information and belief, Rowe is the exclusive licensee of the '398 patent.

**ANSWER:** Rowe and AMI admit that Rowe is the exclusive licensee of the '398 patent. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 116.

117.    Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '398 patent.

**ANSWER:** Rowe and AMI admit that Rowe alleges that TouchTunes has and continues to infringe one or more valid claims of the '398 patent. Rowe and AMI are without sufficient information to admit or deny the allegations against Arachnid in Paragraph 117, and on that basis deny each and every allegation in Paragraph 117. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 117.

DSMDB-2393863

118.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes. TouchTunes has not and does not infringe (directly, contributorily and or by active inducement- literally and/or under the doctrine of equivalents) any claim of the '398 patent.

**ANSWER:** Rowe and AMI are each without sufficient information to admit or deny

TouchTunes' denial of Rowe and Arachnid's allegations with respect to infringement by

TouchTunes. Rowe and AMI deny that TouchTunes has not and does not infringe (directly,

contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) one

or more claims of the '398 patent.

119.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '398 patent.

**ANSWER:** Rowe and AMI admit that Rowe alleges that TouchTunes has and continues to

infringe one or more valid claims of the '398 patent. Rowe and AMI are without sufficient

information to admit or deny the allegations against Arachnid in Paragraph 119, and on that basis

deny each and every allegation in Paragraph 119. Except as expressly admitted herein, Rowe

and AMI deny each and every allegation in Paragraph 119.

120.    TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '398 patent.

**ANSWER:** Rowe and AMI admit that TouchTunes desires and requests a judicial declaration of

TouchTunes' non-infringement of the '398 patent.

**Eleventh Claim For Relief**
**DECLARATORY JUDGMENT -INVALIDITY OF THE '765 PATENT**

121.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this

Answer as though fully set forth herein.

122.    This is an action for declaratory judgment of invalidity of any and all claims of the '765 patent.

DSMDB-2393863

**ANSWER:** Rowe and AMI admit that TouchTunes has filed a Complaint for judgment of invalidity of any and all claims of the '765 patent. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 122.

123.    TouchTunes has an objectively reasonable apprehension that Rowe and or Arachnid will bring a patent infringement action on the '765 patent against TouchTunes.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in Paragraph 123, and on that basis deny each and every allegation in Paragraph 123.

124.    The claims of the '765 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 124.

125.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether the claims of the '765 patent are invalid.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in Paragraph 125, and on that basis deny each and every allegation in Paragraph 125.

126.    TouchTunes desires and requests a judicial declaration that the claims of the '765 patent are invalid.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in Paragraph 126, and on that basis deny each and every allegation in Paragraph 126.

**Twelfth Claim For Relief**
**DECLARATORY JUDGMENT -INVALIDITY OF THE '230 PATENT**

127.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this Answer as though fully set forth herein.

128.    This is an action for declaratory judgment of invalidity of any and all claims of the '230 patent.

DSMDB-2393863

**ANSWER:** Rowe and AMI admit that TouchTunes has filed a Complaint for judgment of

invalidity of any and all claims of the '230 patent. Except as expressly admitted herein, Rowe

and AMI deny each and every allegation in Paragraph 128.

129.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '230 patent against TouchTunes.

**ANSWER:** Rowe and AMI are each without sufficient information to admit or deny the

allegations in Paragraph 129, and on that basis deny each and every allegation in Paragraph 129.

130.    The claims of the '230 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 130.

131.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether the claims of the '230 patent are invalid.

**ANSWER:** Rowe and AMI admit that Rowe alleges that TouchTunes has and continues to

infringe one or more valid claims of the '230 patent. Rowe and AMI deny the allegations against

Arachnid in Paragraph 131. Except as expressly admitted herein, Rowe and AMI deny each and

every allegation in Paragraph 131.

132.    TouchTunes desires and request a judicial declaration that the claims of the '230 patent are invalid.

**ANSWER:** Rowe and AMI admit that TouchTunes desires and request a judicial declaration that

the claims of the '230 patent are invalid

### Thirteenth Claim For Relief
### DECLARATORY JUDGMENT -INVALIDITY OF THE '834 PATENT

133.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this

Answer as though fully set forth herein.

DSMDB-2393863

134.    This is an action for declaratory judgment of invalidity of any and all claims of the '834 patent.

**ANSWER:** Rowe and AMI admit that TouchTunes has filed a Complaint for judgment of

invalidity of any and all claims of the '834 patent.  Except as expressly admitted herein, Rowe

and AMI deny each and every allegation in Paragraph 134.

135.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '834 patent against TouchTunes.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 135, and on that basis denies each and every allegation in Paragraph 135.

136.    The claims of the '834 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 136.

137.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether the claims of the '834 patent are invalid.

**ANSWER:** Rowe and AMI admit that Rowe alleges that TouchTunes has and continues to

infringe one or more valid claims of the '834 patent.  Rowe and AMI are without sufficient

information to admit or deny the allegations against Arachnid in Paragraph 137, and on that basis

deny each and every allegation in Paragraph 137.  Except as expressly admitted herein, Rowe

and AMI deny each and every allegation in Paragraph 137.

138.    TouchTunes desires and requests a judicial declaration that the claims of the '834 patent are invalid.

**ANSWER:** Rowe and AMI admit that TouchTunes desires and request a judicial declaration that

the claims of the '834 patent are invalid.

**Fourteenth Claim For Relief**
**DECLARATORY JUDGMENT -INVALIDITY OF THE '189 PATENT**

139.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

DSMDB-2393863

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this Answer as though fully set forth herein.

140.    This is an action for declaratory judgment of invalidity of any and all claims of the '189 patent.

**ANSWER:** Rowe and AMI admit that TouchTunes has filed a Complaint for judgment of invalidity of any and all claims of the '189 patent. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 140.

141.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '189 patent against TouchTunes.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in Paragraph 141, and on that basis denies each and every allegation in Paragraph 141.

142.    The claims of the '189 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 142.

143.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether the claims of the '189 patent are invalid.

**ANSWER:** Rowe and AMI admit that Rowe alleges that TouchTunes has and continues to infringe one or more valid claims of the '189 patent. Rowe and AMI are without sufficient information to admit or deny the allegations against Arachnid in Paragraph 143, and on that basis deny each and every allegation in Paragraph 143. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 143.

144.    TouchTunes desires and requests a judicial declaration that the claims of the '189 patent are invalid.

**ANSWER:** Rowe and AMI admit that TouchTunes desires and requests a judicial declaration that the claims of the '189 patent are invalid.

DSMDB-2393863

**Fifteenth Claim For Relief**
**DECLARATORY JUDGMENT -INVALIDITY OF THE '575 PATENT**

145.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this

Answer as though fully set forth herein.

146.    This is an action for declaratory judgment of invalidity of any and all claims of the '575 patent.

**ANSWER:** Rowe and AMI admit that TouchTunes has filed a Complaint for judgment of

invalidity of any and all claims of the '575 patent.  Except as expressly admitted herein, Rowe

and AMI deny each and every allegation in Paragraph 146.

147.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '575 patent against TouchTunes.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 147, and on that basis denies each and every allegation in Paragraph 147.

148.    The claims of the '575 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102,103 and/or 112.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 148.

149.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether the claims of the '575 patent are invalid.

**ANSWER:** Rowe and AMI admit that Rowe alleges that TouchTunes has and continues to

infringe one or more valid claims of the '575 patent.  Rowe and AMI are without sufficient

information to admit or deny the allegations against Arachnid in Paragraph 149, and on that basis

deny each and every allegation in Paragraph 149.  Except as expressly admitted herein, Rowe

and AMI deny each and every allegation in Paragraph 149.

150.    TouchTunes desires and requests a judicial declaration that the claims of the '575 patent are invalid.

32

**ANSWER:** Rowe and AMI admit that TouchTunes desires and requests a judicial declaration

that the claims of the '575 patent are invalid.

**Sixteenth Claim For Relief**
**DECLARATORY JUDGMENT -INVALIDITY OF THE '780 PATENT**

151.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though
fully set forth herein.

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this

Answer as though fully set forth herein.

152.    This is an action for declaratory judgment of invalidity of any and all claims of the '780
patent.

**ANSWER:** Rowe and AMI admit that TouchTunes has filed a Complaint for judgment of

invalidity of any and all claims of the '780 patent.  Except as expressly admitted herein, Rowe

and AMI deny each and every allegation in Paragraph 152.

153.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will
bring a patent infringement action on the '780 patent against TouchTunes.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 153, and on that basis denies each and every allegation in Paragraph 153.

154.    The claims of the '780 patent are invalid because they fail to comply with the conditions
and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to
35 U.S.C. §§ 101, 102, 103 and/or 112.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 154.

155.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and
Rowe and between TouchTunes and Arachnid relating to whether the claims of the '780 patent
are invalid.

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 155, and on that basis deny each and every allegation in Paragraph 155.

156.    TouchTunes desires and requests a judicial declaration that the claims of the '780 patent
are invalid.

DSMDB-2393863

**ANSWER:** Rowe and AMI are without sufficient information to admit or deny the allegations in

Paragraph 156, and on that basis deny each and every allegation in Paragraph 156.

**Seventeenth Claim For Relief**
**DECLARATORY JUDGMENT -INVALIDITY OF THE '398 PATENT**

157.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though
fully set forth herein.

**ANSWER:** Rowe and AMI repeat and incorporate by this reference all Paragraphs of this

Answer as though fully set forth herein.

158.    This is an action for declaratory judgment of invalidity of any and all claims of the '398
patent.

**ANSWER:** Rowe and AMI admit that TouchTunes has filed a Complaint for judgment of

invalidity of any and all claims of the '398 patent.  Except as expressly admitted herein, Rowe

and AMI deny each and every allegation in Paragraph 158.

159.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will
bring a patent infringement action on the '398 patent against TouchTunes.

**ANSWER:** Rowe and AMI are each without sufficient information to admit or deny the

allegations in Paragraph 159, and on that basis deny each and every allegation in Paragraph 159.

160.    The claims of the '398 patent are invalid because they fail to comply with the conditions
and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to
35 U.S.C. §§ 101, 102, 103 and/or 112.

**ANSWER:** Rowe and AMI deny each and every allegation in Paragraph 160.

161.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and
Rowe and between TouchTunes and Arachnid relating to whether the claims of the '398 patent
are invalid.

**ANSWER:** Rowe and AMI admit that Rowe alleges that TouchTunes has and continues to

infringe one or more valid claims of the '398 patent.  Rowe and AMI are without sufficient

information to admit or deny the allegations against Arachnid in Paragraph 161, and on that basis

DSMDB-2393863

deny each and every allegation in Paragraph 161. Except as expressly admitted herein, Rowe and AMI deny each and every allegation in Paragraph 161.

162. TouchTunes desires and requests a judicial declaration that the claims of the '398 patent are invalid.

**ANSWER:** Rowe and AMI admit that TouchTunes desires and requests a judicial declaration that the claims of the '398 patent are invalid.

### AFFIRMATIVE DEFENSES

163. U.S. Patent Nos. 6,308,204, 6,578,051, and 6,755,744 are referred to collectively herein as the "TouchTunes Patents." Without admitting or acknowledging that they bear the burden of proof as to any of the TouchTunes Patents, Rowe and AMI assert the following affirmative defenses based on their own knowledge and on information and belief.

164. Rowe and AMI repeat and incorporate by this reference all Paragraphs of this Answer as though fully set forth herein.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

165. The causes of action asserted in the Complaint fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
#### (Non-Infringement)

166. Rowe and AMI do not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) and have not infringed (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any valid claim of any of the TouchTunes Patents.

DSMDB-2393863

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

167.    Certain claims of the TouchTunes Patents are invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including the conditions for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

168.    TouchTunes is barred by prosecution history estoppel from contending that the claims of the TouchTunes Patents cover products made, used, sold, or offered for sale by Rowe, AMI, and Merit by virtue of statements and admissions made by the named inventors, their attorneys, agents, or assigns during proceedings in the PTO.

## FIFTH FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

169.    Each of TouchTunes' claims for relief is barred, in whole or part, under 35 U.S.C. § 287 for TouchTunes' failure to mark.

## SIXTH AFFIRMATIVE DEFENSES
### (Waiver)

170.    Each of TouchTunes' claims for relief is barred, in whole or part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSES
### (License)

171.    Rowe and AMI have a license to the patents.

DSMDB-2393863

## COUNTERCLAIMS

172.    Rowe and AMI repeat and incorporate by this reference all Paragraphs of the Answer and its Counterclaims as though fully set forth herein.

## THE PARTIES

173.    Counterplaintiff Rowe is a corporation existing under the laws of the State of Delaware, having a place of business at 1500 Union Avenue S.E., Grand Rapids, Michigan 49507.

174.    Counterplaintiff AMI is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1500 Union Avenue, S.E., Grand Rapids, Michigan 49507.  AMI is a wholly-owned subsidiary of Rowe.

175.    On information and belief, TouchTunes is a corporation existing under the laws of the State of Delaware, with a principal place of business located at 3 Commerce Place, 4th Floor Nun's Island (Montreal), Quebec H3E 1H7, Canada and a corporate headquarters at 740 Broadway, 11th Floor, Suite 1102, New York, New York 10003.

## JURISDICTION AND VENUE

176.    This Court has jurisdiction over the following Counterclaims for declaratory relief under the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and patent infringement under the laws of the United States concerning actions relating to patents, 28 U.S.C. §§ 1331 and 1338(a).

177.    Venue is proper in this judicial district by virtue of Title 28 of the United States Code, Chapter 87 §§ 1391 and 1400(b), in that, on information and belief, this is a district in which TouchTunes resides and is subject to personal jurisdiction.

DSMDB-2393863

## FACTUAL BACKGROUND

178.    Rowe and AMI are leaders in providing downloading jukeboxes and/or services thereto throughout the United States.  As such, Rowe and/or AMI make, use, sell, and/or offer for sale jukeboxes and/or services thereto throughout the United States.

179.    By assignment, Arachnid owns a series of patents related to computer jukeboxes, including U.S. Patent Nos. 5,848,398 (issued on December 8, 1998); 6,397,189 (issued on May 28, 2002); 6,381,575 (issued on April 30, 2002); and 6,970,834 (issued on November 29, 2005) (collectively referred to herein as "the Arachnid Patents").  Each of the Arachnid Patents was issued by the U.S. Patent and Trademark Office in the name of John Martin and sometimes others; and each is assigned to Arachnid.

180.    The Arachnid Patents are directed toward improved computer jukeboxes, jukebox management stations, and computer jukebox networks.

181.    On October 28, 2003, Rowe entered into an agreement with Arachnid to exclusively license the Arachnid Patents ("the Arachnid License").  Under the terms of the Arachnid License, Rowe and, through Rowe, AMI received rights in the Arachnid Patents that were held by Arachnid, including the right to sue for infringement and collect damages therefore.

182.    TouchTunes has received actual notice of the Arachnid Patents.

183.    On July 22, 2003, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,598,230 (the "'230 patent") in the name of Karsten Ballhorn for his invention titled "MULTIMEDIA BOX NETWORK."  The '230 patent is directed to a jukebox network including a device for the remote management of a jukebox.

DSMDB-2393863

184.    By assignment, NSM Music Group Ltd. ("NSM") is the owner of the '230 patent.  On or about July 7, 2005, Rowe entered into an agreement with NSM to exclusively license the '230 patent ("the NSM License").  Under the terms of the NSM License, Rowe and, through Rowe, AMI received right in the '230 patent, including the sole right to sue and recover damages for infringement of the '230 patent.

185.    TouchTunes has received actual notice of the '230 patent.

186.    On information and belief, TouchTunes uses, has used, sells, has sold, services, has serviced, offers and has offered to sell and/or has induced others to offer to sell or sell, manufacture or use digital jukeboxes and/or jukebox components for digital jukeboxes, as well as a conversion kits that convert CD jukeboxes to digital downloading jukeboxes.  In addition, TouchTunes owns and operates a central server system ("the TouchTunes Server") that communicates with and operates in conjunction with a network of digital jukeboxes and jukebox operators (these products and system are "the TouchTunes Products," collectively).

187.    Pursuant to 35 U.S.C. § 282, each of the Arachnid Patents and the '230 patent, including each and every claim therein, are presumed valid.

## FIRST COUNTERCLAIM
(Patent Infringement Against Counterdefendant TouchTunes of the '398 Patent)

188.    Counterplaintiffs repeat and incorporate by this reference all Paragraphs of the Answer and their Counterclaims as though fully set forth herein.

189.    TouchTunes has been and is now infringing U.S. Patent No. 5,848,398 (the "'398 patent") by making, using, selling, offering for sale, use and/or importation in the United States, systems and products covered by one or more claims of the '398 patent.

DSMDB-2393863

190.    TouchTunes has contributorily infringed, and continues to contributorily infringe the '398 patent by selling, offering to sell and/or import in the United States components and/or materials covered by one or more claims of the '398 patent, wherein such components and/or materials constitute a material part of the invention.  TouchTunes has done so and continue to do so knowing that the components and/or materials are especially made or especially adapted for use in infringement of the '398 patent, and are not a staple article suitable for substantial non-infringing use.

191.    TouchTunes has induced infringement, and TouchTunes continues to induce infringement of the '398 patent by, among other things, its advertising, offering and providing of services, as well as instructing, directing and/or advising others as to how to carry out a direct infringement of the '398 patent.

192.    TouchTunes had actual knowledge of the '398 patent at the time they were infringing, inducing infringement of, and contributorily infringing the '398 patent.  Notwithstanding that actual knowledge, TouchTunes continued to infringe, induce others to infringe, and contributorily infringe the '398 patent.

193.    TouchTunes' acts of infringement, inducement of infringement and contributory infringement have been made with full knowledge and reckless disregard of the '398 patent. Such acts constitute willful and deliberate infringement, entitling Rowe to enhanced damages and attorney fees.

194.    As a consequence of TouchTunes' infringement, Counterplaintiffs have each been irreparably damaged, to an extent not yet determined, and will continue to be irreparably

DSMDB-2393863

damaged by such acts in the future unless TouchTunes is enjoined by this Court from committing further acts of infringement.

195.    Counterplaintiffs are entitled to recover damages adequate to compensate for TouchTunes' infringement, which in no event can be less than a reasonable royalty.

### SECOND COUNTERCLAIM
(Patent Infringement Against Counterdefendant TouchTunes of the '189 Patent)

196.    Counterplaintiffs repeat and incorporate by this reference all Paragraphs of the Answer and their Counterclaims as though fully set forth herein.

197.    TouchTunes has been and is now infringing U.S. Patent No. 6,397,189 (the "'189 patent") by making, using, selling, offering for sale, use and/or importation in the United States, systems and products covered by one or more claims of the '189 patent.

198.    TouchTunes has contributorily infringed, and continues to contributorily infringe the '189 patent by selling, offering to sell and/or import in the United States components and/or materials covered by one or more claims of the '189 patent, wherein such components and/or materials constitute a material part of the invention.  TouchTunes has done so and continue to do so knowing that the components and/or materials are especially made or especially adapted for use in infringement of the '189 patent, and are not a staple article suitable for substantial non-infringing use.

199.    TouchTunes has induced infringement, and TouchTunes continues to induce infringement of the '189 patent by, among other things, its advertising, offering and providing of services, as well as instructing, directing and/or advising others as to how to carry out a direct infringement of the '189 patent.

41

200.    TouchTunes had actual knowledge of the '189 patent at the time they were infringing, inducing infringement of, and contributorily infringing the '189 patent. Notwithstanding that actual knowledge, TouchTunes continued to infringe, induce others to infringe, and contributorily infringe the '189 patent.

201.    TouchTunes' acts of infringement, inducement of infringement and contributory infringement have been made with full knowledge and reckless disregard of the '189 patent. Such acts constitute willful and deliberate infringement, entitling Rowe to enhanced damages and attorney fees.

202.    As a consequence of TouchTunes' infringement, Counterplaintiffs have each been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless TouchTunes is enjoined by this Court from committing further acts of infringement.

203.    Counterplaintiffs are entitled to recover damages adequate to compensate for TouchTunes' infringement, which in no event can be less than a reasonable royalty.

**THIRD COUNTERCLAIM**
(Patent Infringement Against Counterdefendant TouchTunes of the '575 Patent)

204.    Counterplaintiffs repeat and incorporate by this reference all Paragraphs of the Answer and their Counterclaims as though fully set forth herein.

205.    TouchTunes has been and is now infringing U.S. Patent No. 6,381,575 (the "'575 patent") by making, using, selling, offering for sale, use and/or importation in the United States, systems and products covered by one or more claims of the '575 patent.

DSMDB-2393863

206.    TouchTunes has contributorily infringed, and continues to contributorily infringe the '575 patent by selling, offering to sell and/or import in the United States components and/or materials covered by one or more claims of the '575 patent, wherein such components and/or materials constitute a material part of the invention. TouchTunes has done so and continue to do so knowing that the components and/or materials are especially made or especially adapted for use in infringement of the '575 patent, and are not a staple article suitable for substantial non-infringing use.

207.    TouchTunes has induced infringement, and TouchTunes continues to induce infringement of the '575 patent by, among other things, its advertising, offering and providing of services, as well as instructing, directing and/or advising others as to how to carry out a direct infringement of the '575 patent.

208.    TouchTunes had actual knowledge of the '575 patent at the time they were infringing, inducing infringement of, and contributorily infringing the '575 patent. Notwithstanding that actual knowledge, TouchTunes continued to infringe, induce others to infringe, and contributorily infringe the '575 patent.

209.    TouchTunes' acts of infringement, inducement of infringement and contributory infringement have been made with full knowledge and reckless disregard of the '575 patent. Such acts constitute willful and deliberate infringement, entitling Rowe to enhanced damages and attorney fees.

210.    As a consequence of TouchTunes' infringement, Counterplaintiffs have each been irreparably damaged, to an extent not yet determined, and will continue to be irreparably

DSMDB-2393863

damaged by such acts in the future unless TouchTunes is enjoined by this Court from committing further acts of infringement.

211.    Counterplaintiffs are entitled to recover damages adequate to compensate for TouchTunes' infringement, which in no event can be less than a reasonable royalty.

**FOURTH COUNTERCLAIM**
(Patent Infringement Against Counterdefendant TouchTunes of the '834 Patent)

212.    Counterplaintiffs repeat and incorporate by this reference all Paragraphs of the Answer and their Counterclaims as though fully set forth herein.

213.    TouchTunes has been and is now infringing U.S. Patent No. 6,970,834 (the "'834 patent") by making, using, selling, offering for sale, use and/or importation in the United States, systems and products covered by one or more claims of the '834 patent.

214.    TouchTunes has contributorily infringed, and continues to contributorily infringe the '834 patent by selling, offering to sell and/or import in the United States components and/or materials covered by one or more claims of the '834 patent, wherein such components and/or materials constitute a material part of the invention.  TouchTunes has done so and continue to do so knowing that the components and/or materials are especially made or especially adapted for use in infringement of the '834 patent, and are not a staple article suitable for substantial non-infringing use.

215.    TouchTunes has induced infringement, and TouchTunes continues to induce infringement of the '834 patent by, among other things, its advertising, offering and providing of services, as well as instructing, directing and/or advising others as to how to carry out a direct infringement of the '834 patent.

44

216.    TouchTunes had actual knowledge of the '834 patent at the time they were infringing, inducing infringement of, and contributorily infringing the '834 patent. Notwithstanding that actual knowledge, TouchTunes continued to infringe, induce others to infringe, and contributorily infringe the '834 patent.

217.    TouchTunes' acts of infringement, inducement of infringement and contributory infringement have been made with full knowledge and reckless disregard of the '834 patent. Such acts constitute willful and deliberate infringement, entitling Rowe to enhanced damages and attorney fees.

218.    As a consequence of TouchTunes' infringement, Counterplaintiffs have each been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless TouchTunes is enjoined by this Court from committing further acts of infringement.

219.    Counterplaintiffs are entitled to recover damages adequate to compensate for TouchTunes' infringement, which in no event can be less than a reasonable royalty.

## FIFTH COUNTERCLAIM
(Patent Infringement Against Counterdefendant TouchTunes of the '230 Patent)

220.    Rowe and AMI repeat and incorporate by this reference all Paragraphs of the Answer and their Counterclaims as though fully set forth herein.

221.    TouchTunes has been and is now infringing U.S. Patent No. 6,598,230 (the "'230 patent") by making, using, selling, offering for sale, use and/or importation in the United States, systems and products covered by one or more claims of the '230 patent.

DSMDB-2393863

222.    TouchTunes has contributorily infringed, and continues to contributorily infringe the '230 patent by selling, offering to sell and/or import in the United States components and/or materials covered by one or more claims of the '230 patent, wherein such components and/or materials constitute a material part of the invention. TouchTunes has done so and continue to do so knowing that the components and/or materials are especially made or especially adapted for use in infringement of the '230 patent, and are not a staple article suitable for substantial non-infringing use.

223.    TouchTunes has induced infringement, and TouchTunes continues to induce infringement of the '230 patent by, among other things, its advertising, offering and providing of services, as well as instructing, directing and/or advising others as to how to carry out a direct infringement of the '230 patent.

224.    TouchTunes had actual knowledge of the '230 patent at the time they were infringing, inducing infringement of, and contributorily infringing the '230 patent. Notwithstanding that actual knowledge, Defendants continued to infringe, induce others to infringe, and contributorily infringe the '230 patent.

225.    TouchTunes' acts of infringement, inducement of infringement and contributory infringement have been made with full knowledge and reckless disregard of the '230 patent. Such acts constitute willful and deliberate infringement, entitling Rowe to enhanced damages and attorney fees.

226.    As a consequence of TouchTunes' infringement, Rowe and AMI have each been irreparably damaged, to an extent not yet determined, and will continue to be irreparably

DSMDB-2393863

damaged by such acts in the future unless TouchTunes is enjoined by this Court from committing further acts of infringement.

227.     Rowe and AMI are entitled to recover damages adequate to compensate for TouchTunes' infringement, which in no event can be less than a reasonable royalty.

## SIXTH COUNTERCLAIM
### (Declaration of Non-Infringement of the '204 Patent)

228.     Rowe and AMI repeat and incorporate by this reference all Paragraphs of the Answer and their Counterclaims as though fully set forth herein.

229.     TouchTunes alleges that it is the assignee of the '204 patent.  There exists an actual controversy between Rowe/AMI and TouchTunes with respect to the scope and infringement of the '204 patent.

230.     Rowe and AMI products do not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any valid claim of the '204 patent.

231.     Rowe and AMI therefore desire and are entitled to an entry of judgment that their products, services, and technology do not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any valid claim of the '204 patent.

## SEVENTH COUNTERCLAIM
### (Declaration of Invalidity of the '204 Patent)

232.     Rowe and AMI repeat and incorporate by this reference all Paragraphs of the Answer and their Counterclaims as though fully set forth herein.

DSMDB-2393863

233.    TouchTunes alleges that it is the assignee of the '204 patent.  There exists an actual controversy between Rowe/AMI and TouchTunes with respect to the validity of the '204 patent.

234.    The claims of the '204 patent are invalid for failure to comply with one or more of the requirements of patentability as set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

235.    Rowe and AMI therefore desire and are entitled to an entry of judgment that the claims of the '204 patent are invalid.

**EIGHTH COUNTERCLAIM**
(Declaration of Non-Infringement of the '051 Patent)

236.    Rowe and AMI repeat and incorporate by this reference all Paragraphs of the Answer and their Counterclaims as though fully set forth herein.

237.    TouchTunes alleges that it is the assignee of the '051 patent.  There exists an actual controversy between Rowe/AMI and TouchTunes with respect to the scope and infringement of the '051 patent.

238.    Rowe and AMI products do not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any valid claim of the '051 patent.

239.    Rowe and AMI therefore desire and are entitled to an entry of judgment that their products, services, and technology do not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any valid claim of the '051 patent.

DSMDB-2393863

## NINTH COUNTERCLAIM
### (Declaration of Invalidity of the '051 Patent)

240.    Rowe and AMI repeat and incorporate by this reference all Paragraphs of the Answer and their Counterclaims as though fully set forth herein.

241.    TouchTunes alleges that it is the assignee of the '051 patent. There exists an actual controversy between Rowe/AMI and TouchTunes with respect to the validity of the '051 patent.

242.    The claims of the '051 patent are invalid for failure to comply with one or more of the requirements of patentability as set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

243.    Rowe and AMI therefore desire and are entitled to an entry of judgment that the claims of the '051 patent are invalid.

## TENTH COUNTERCLAIM
### (Declaration of Non-Infringement of the '744 Patent)

244.    Rowe and AMI repeat and incorporate by this reference all Paragraphs of the Answer and their Counterclaims as though fully set forth herein.

245.    TouchTunes alleges that it is the assignee of the '744 patent. There exists an actual controversy between Rowe/AMI and TouchTunes with respect to the scope and infringement of the '744 patent.

246.    Rowe and AMI products do not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any valid claim of the '744 patent.

DSMDB-2393863

247.    Rowe and AMI therefore desire and are entitled to an entry of judgment that their products, services, and technology do not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any valid claim of the '744 patent.

## ELEVENTH COUNTERCLAIM
(Declaration of Invalidity of the '744 Patent)

248.    Rowe and AMI repeat and incorporate by this reference all Paragraphs of the Answer and their Counterclaims as though fully set forth herein.

249.    TouchTunes alleges that it is the assignee of the '744 patent. There exists an actual controversy between Rowe/AMI and TouchTunes with respect to the validity of the '744 patent.

250.    The claims of the '744 patent are invalid for failure to comply with one or more of the requirements of patentability as set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

251.    Rowe and AMI therefore desire and are entitled to an entry of judgment that the claims of the '744 patent are invalid.

## PRAYER FOR RELIEF

Wherefore, Counterplaintiffs pray for entry of judgment:

(1)    declaring that TouchTunes has infringed, contributorily infringed and/or induced infringement, and that by its actions will continue to infringe, contributorily infringe and/or induce infringement of the '398 patent, the '189 patent, the '575 patent, the '834 patent and the '230 patent;

DSMDB-2393863

(2)    that TouchTunes, TouchTunes' agents, employees, representatives, successors, and assigns and those acting, or purporting to act, in privity or in concert with TouchTunes, be preliminarily and permanently enjoined from further infringement, inducing infringement, and contributory infringement of the '398 patent, the '189 patent, the '575 patent, the '834 patent and the '230 patent;

(3)    that TouchTunes account for and pay to Counterplaintiffs all monetary relief under 35 U.S.C. § 284, adequate to compensate for the infringement of the '398 patent, the '189 patent, the '575 patent, and the '834 patent, and the '230 patent, but in no event less than a reasonable royalty;

(4)    that TouchTunes account for and pay to Counterplaintiffs enhanced damages under 35 U.S.C. § 284;

(5)    that Rowe and AMI be awarded their reasonable attorneys' fees under 35 U.S.C. § 285;

(6)    that Counterplaintiffs be granted pre-judgment and post-judgment interest on the damages caused by reason of TouchTunes' infringement of the '398 patent, the '189 patent, the '575 patent, the '834 patent and the '230 patent;

(7)    that costs be awarded to Rowe and AMI;

(8)    that each and every of TouchTunes' claims (1-17) be dismissed with prejudice;

(9)    declaring that Rowe and AMI have not infringed the '204 patent;

DSMDB-2393863

(10)    declaring that the claims of the '204 patent are invalid;

(11)    declaring that Rowe and AMI have not infringed the '051 patent;

(12)    declaring that the claims of the '051 patent are invalid;

(13)    declaring that Rowe and AMI have not infringed the '744 patent;

(14)    declaring that the claims of the '744 patent are invalid;

(15)    that Rowe and AMI be granted such other and further relief, in law or in equity, as this Court may deem just and proper under the current circumstances.

DSMDB-2393863

## **JURY DEMAND**

252.    Rowe and AMI hereby demand a trial by jury for all issues so triable.


Dated: February 15, 2008
New York, New York


                               s/ Dipu A. Doshi
                         Charles W. Saber
                         DeAnna Allen
                         Dipu A. Doshi
                         Thomas D. Anderson
                         **DICKSTEIN SHAPIRO LLP**
                         1825 Eye Street NW
                         Washington, DC  20006-5403
                         Phone:  (202) 420-2200

                         -and-

                         Dawn Rudenko-Albert
                         **DICKSTEIN SHAPIRO LLP**
                         1177 Avenue of the Americas
                         New York, NY 10036-2714
                         Phone:  (212) 277-6500

                         Attorneys For **Rowe International Corp.** and **AMI Entertainment, Inc.**,

DSMDB-2393863

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2008, I electronically filed the foregoing **COMBINED ANSWER TO COMPLAINT BY ROWE INTERNATIONAL CORP. AND AMI ENTERTAINMENT, INC. AND COUNTERCLAIMS BY ROWE INTERNATIONAL INC. AND AMI ENTERTAINMENT, INC.** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James S. Blank          james.blank@lw.com
Latham & Watkins LLP (NY)
885 Third Avenue, Suite 1000
New York, NY 10022
Phone: 212-906-1200


s/  Alan Seutter
_____

Alan Seutter
Senior Paralegal
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC  20006
Phone: (202) 420-2685