**DICKSTEIN SHAPIRO LLP**
Charles W. Saber
DeAnna Allen
Dipu A. Doshi
Thomas D. Anderson
1825 Eye Street NW
Washington, DC  20006-5403
Phone:  (202) 420-2200
-and-
Dawn Rudenko-Albert
1177 Avenue of the Americas
New York, NY 10036-2714
Phone:  (212) 277-6500
Attorneys For **Merit Industries, Inc.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOUCHTUNES MUSIC CORP.,<br><br>                    Plaintiff,<br><br>        against<br><br>ROWE INTERNATIONAL CORP., ARACHNID, INC., AMI ENTERTAINMENT, INC. and MERIT INDUSTRIES, INC. d/b/a/ MERIT ENTERTAINMENT,<br><br>                    Defendants. | Case No. 07 CV 11440<br><br><br>Judge Sweet |

**ANSWER TO COMPLAINT AND COUNTERCLAIMS BY MERIT INDUSTRIES, INC.**

**JURY TRIAL REQUESTED**

Merit Industries, Inc. ("Merit") hereby serves its Answer to the Complaint by

TouchTunes Music Corp. (TouchTunes).  Merit also hereby serves its counterclaims against

TouchTunes as follows:

1.      Plaintiff TouchTunes is a corporation existing under the laws of the State of Delaware, with a principal place of business located at 3 Commerce Place, 4th Floor Nun's Island (Montreal), Quebec H3E 1H7, Canada and a corporate headquarters at 740 Broadway, 11th Floor, Suite 1102, New York, New York 10003.

**ANSWER:** Merit is without sufficient information to admit or deny the allegations in Paragraph

1, and on that basis denies each and every allegation in Paragraph 1.

2.     On information and belief, defendant ROWE INTERNATIONAL CORP. ("Rowe") is a corporation existing under the laws of the State of Delaware, having a place of business at 1500 Union Avenue S.E., Grand Rapids, Michigan 49507.

**ANSWER:** Merit admits that Rowe is a corporation existing under the laws of the State of

Delaware, and has a principal place of business at 1500 Union Avenue S.E., Grand Rapids,

Michigan 49507-1884.

3.     On information and belief, defendant ARACHNID, INC. ("Arachnid") is a corporation existing under the laws of the State of Ohio, having a place of business at 6212 Material Ave., Loves Park, Illinois 61111.

**ANSWER:** Merit is without sufficient information to admit or deny the allegations in Paragraph

1, and on that basis denies each and every allegation in Paragraph 1.

4.     On information and belief, defendant AMI ENTERTAINMENT, INC. ("AMI") is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1500 Union Avenue, S.E., Grand Rapids, Michigan 49507.  AMI is a wholly-owned subsidiary of Rowe.

**ANSWER:** Merit admits that AMI is a corporation existing under the laws of the State of

Delaware, and has a principal place of business at 1500 Union Avenue S.E., Grand Rapids,

Michigan 49507-1884.  Merit admits that AMI is a wholly-owned subsidiary of Rowe.

5.     On information and belief, defendant MERIT INDUSTRIES, INC. d/b/a MERIT ENTERTAINMENT ("Merit") is a corporation existing under the laws of the State of Delaware, having a place of business at 2525 State Road, Bensalem, Pennsylvania 19020.

**ANSWER:** Merit admits that Merit is a corporation existing under the laws of the State of

Delaware, and has a place of business at 2525 State Road, Bensalem, Pennsylvania 19020.

### JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this patent action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.  Actual, substantial and continuing justiciable controversies exist between TouchTunes and Rowe and between TouchTunes and Arachnid that require a declaration of rights by this Court.

DSMDB-2394041

**ANSWER:** Merit admits that this Court has jurisdiction over patent actions pursuant to 28 U.S.C. §§ 1331, 1338, 2201, 2202.  Merit denies that TouchTunes has a cause of action against Merit for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338.  Merit is without sufficient information to admit or deny the allegations against Rowe, AMI, and Arachnid in Paragraph 6, and on that basis denies each and every allegation in Paragraph 6.  Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 6.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

**ANSWER:** Merit is without sufficient information to admit or deny the allegations in Paragraph 7, and on that basis denies each and every allegation in Paragraph 7.

8.      Rowe makes, uses, sells, offers for sale and/or imports into the United States, including in this District and in the State of New York, downloading jukeboxes and/or systems employing downloading jukeboxes.  A large percentage of Rowe's downloading jukeboxes are located in the State of New York and in this District. Rowe is registered to do business in the State of New York and regularly conducts business in the State of New York and in this District.  Rowe has New York-based distributors for its products for the purpose of distributing its products in the State of New York and in this District. Rowe regularly services and manages its downloading jukeboxes located in the State of New York and this District either directly or in conjunction with AMI.  Rowe has purposefully availed itself of this Court's jurisdiction by, *inter alia*, committing and continuing to commit acts of patent infringement in this District and the State of New York, as well as through its continuous and systematic contacts with the State of New York and this District.  Furthermore, Rowe has purposefully made contacts with this District, by, *inter alia*, maintaining its threats to enforce U.S. Patent Nos. 5,930,765; 6,598,230; 6,970,834; 6,397,189; 6,381,575; 6,191,780; and 5,848,398 against TouchTunes, which is headquartered in this District.

**ANSWER:** Merit is without sufficient information to admit or deny the allegations in Paragraph 8, and on that basis denies each and every allegation in Paragraph 8.

9.      Arachnid manufactures and sells a variety of electronic game machines and related equipment, including various electronic dart game machines, many of which are located in this District and in the State of New York.  Arachnid has a New York - based distributor for its products for the purpose of distributing its products in the State of New York and in this District. Arachnid also regularly sponsors and/or promotes a variety of events, such as dart tournaments, relating to its game machines in this District and in the State of New York.  Arachnid has also licensed numerous patents relating to jukebox technology to Rowe so that Arachnid's patented technology can be incorporated into Rowe's downloading jukeboxes, including the downloading jukeboxes accused of infringement in this action and located in this District and in the State of

DSMDB-2394041

New York.  On information and belief, Rowe is required under a contract between Rowe and Arachnid to use its best efforts to sell its downloading jukeboxes using Arachnid's technology, including the downloading jukeboxes accused of infringement in this action and located in this District and in the State of New York, and Arachnid receives financial compensation for such sales.  As a result, Arachnid and Rowe have a collusive relationship with respect to the distribution and sale of Rowe's downloading jukeboxes accused of infringement.  Arachnid has purposefully availed itself of this Court's jurisdiction through, inter alia, its continuous and systematic contacts with the State of New York and this District by virtue of its product sales and business dealings with persons and/or entities located in the State of New York and in this District.  Furthermore, Arachnid has purposefully made contacts with this District by, *inter alia*, maintaining threats to enforce U.S. Patent Nos. 5,930,765; 6,598,230; 6,970,834; 6,397,189; 6,381,575; 6,191,780; and 5,848,398 against TouchTunes, which is headquartered in this District.

**ANSWER:** Merit is without sufficient information to admit or deny the allegations in Paragraph

9, and on that basis denies each and every allegation in Paragraph 9.

10.      AMI owns and operates a broadband network, called the "AMI Entertainment Network," which provides digital music content and Web-based management services for Rowe's downloading jukeboxes, as well as provides services in connection with the operation of Merit's gaming products designed for use with Rowe's downloading jukeboxes.  AMI's network delivers audio and video content and jukebox management services to Rowe's downloading jukeboxes, including the downloading jukeboxes accused of infringement in this action and located in this District and in the State of New York, and provides various services to Merit's gaming products accused of infringement in this action. In addition, AMI has entered into licensing agreements with numerous New York entities including, for example, several major record labels and music publishers located in this District, and routinely conducts ongoing business with these various New York entities.  On information and belief, AMI maintained, either alone or in connection with Rowe, a music and music publishing licensing office in this District for the purpose of obtaining licenses for AMI with major record labels, independent recording labels, ASCAP, BMI, SESAC, the Harry Fox Agency, the five major music publishing groups, and hundreds of music publishers and recording artists, many of which are located in this District. All of these various licenses were obtained in connection with AMI's network and in order to supply content to Rowe's downloading jukeboxes.  AMI has purposefully availed itself of this Court's jurisdiction by, *inter alia*, committing and continuing to commit acts of patent infringement in this District, as well as in the State of New York.  AMI has further purposefully availed itself of this Court's jurisdiction through, inter alia, its continuous and systematic contacts with the State of New York and with this District by virtue of its ongoing operation of the AMI network to deliver content and/or services to Rowe's downloading jukeboxes and Merit's gaming products located in this District and in the State of New York and by its continuous business dealings with the various New York entities identified herein.

**ANSWER:** Merit is without sufficient information to admit or deny the allegations in Paragraph

10, and on that basis denies each and every allegation in Paragraph 10.

4

DSMDB-2394041

11.     Merit makes, uses, sells, offers for sale and/or imports into the United States, including this District, gaming products, including products designed to operate in conjunction with Rowe's downloading jukeboxes and/or systems employing downloading jukeboxes. Merit has New York-based distributors for its products for the purpose of distributing its products in the State of New York and in this District. A large percentage of Merit's gaming devices are located in the State of New York and in this District. Merit also regularly sponsors and/or promotes a variety of events, such as gaming tournaments, relating to its game machines in this District and in the State of New York. Merit also uses the AMI network in connection with servicing and/or operation of its gaming products. On information and belief, Merit and Rowe have a collusive relationship, either by written contract or otherwise, with respect to the distribution, sale and operation and Rowe's downloading jukeboxes and Merit's gaming products designed for use therewith. On information and belief, Rowe and Merit are owned by the same parent company, Harbour Group Ltd. As a result of various contracts, agreements and/or licenses between two or more of Rowe, Arachnid, AMI and Merit relating the subject matter of this action, and the close corporate and/or business relationships between Rowe, Arachnid, AMI and Merit, all of the Defendants have a collusive relationship with respect to the activities complained of herein and in connection with all of the claims for relief set forth herein. Merit has purposefully availed itself of this Court's jurisdiction by committing and continuing to commit acts of patent infringement in this District and in the State of New York, as well through its continuous and systematic contacts with this District and the State of New York as described herein. In addition, Merit has consented to jurisdiction in the District by virtue of a Joint Development Agreement and Marketing Agreement ("JDA") that it entered into in July 2002 with TouchTunes as to any issues relating to the JDA. Merit has previously relied on the JDA in connection with an alleged claim of ownership interest it made against TouchTunes' U.S. Patent No. 6,755,744, which is asserted against Merit in this action. As a result, issues regarding this JDA have now arisen or will arise in this action. The JDA is to be construed under and controlled by the laws of the State of New York.

**ANSWER:** Merit denies the allegations of this paragraph, except that Merit admits that Merit sells and offers for sale gaming products, including products designed to operate in conjunction with Rowe's and/or AMI's downloading jukeboxes and/or systems employing downloading jukeboxes in the United States, that Merit has New York-based distributors for its products for the purpose of distributing its products, that Merit uses the AMI network in connection with servicing and/or operation of its gaming products, that Merit and TouchTunes entered into a Joint Development Agreement and Marketing Agreement ("JDA") in July 2002, and that Merit has relied on the JDA in connection with an alleged claim of ownership interest made against TouchTunes' 744 patent. Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 11.

DSMDB-2394041

## TOUCHTUNES' ASSERTED PATENTS-IN-SUIT

12.     On October 23, 2001, United States Patent No. 6,308,204 ("the '204 patent"), entitled "Method of Communications for an Intelligent Digital Audiovisual Playback System," was duly and legally issued by the United States Patent and Trademark Office ("PTO").  A true and correct copy of the '204 patent is attached hereto as Exhibit A.

**ANSWER:** No response appears to be required of Merit in that the '204 patent is not asserted

against Merit.  In the event an answer is required, Merit admits that U.S. Patent No. 6,308,204

(the "'204 patent") is entitled "Method of Communications for an Intelligent Digital Audiovisual

Playback System," and that a copy of the patent was attached as Exhibit A to the Complaint.

Merit is without sufficient information to admit or deny the allegations that the '204 patent was

duly and legally issued by the PTO.

13.     TouchTunes has been and remains the owner by assignment of the entire right, title, and interest in the '204 patent, including, *inter alia*, the right to sue for past infringement of the '204 patent.

**ANSWER:** No response appears to be required of Merit in that the '204 patent is not asserted

against Merit.  In the event an answer is required, Merit is without sufficient information to

admit or deny the allegations in Paragraph 13, and on that basis denies each and every allegation

in Paragraph 13.

14.     On June 10, 2003, United States Patent No. 6,578,051 ("the '051 patent"), entitled "Device and Process for Remote Management of a Network of Audiovisual Information Reproduction Systems," was duly and legally issued by the PTO.  A true and correct copy of the '051 patent is attached hereto as Exhibit B.

**ANSWER:** No response appears to be required of Merit in that the '051 patent is not asserted

against Merit.  In the event an answer is required, Merit admits that U.S. Patent No. 6,578,051

(the "'051 patent") is entitled "Device and Process for Remote Management of a Network of

Audiovisual Information Reproduction Systems," and that a copy of the patent was attached as

Exhibit B to the Complaint.  Merit is without sufficient information to admit or deny the

allegations that the '051 patent was duly and legally issued by the PTO.

DSMDB-2394041

15.    TouchTunes has been and remains the owner by assignment of the entire right, title, and interest in the '051 patent, including, *inter alia*, the right to sue for past and present infringement of the '051 patent.

**ANSWER:** No response appears to be required of Merit in that the '051 patent is not asserted

against Merit.  In the event an answer is required, Merit is without sufficient information to

admit or deny the allegations in Paragraph 15, and on that basis denies each and every allegation

in Paragraph 15.

16.    On June 29, 2004, United States Patent No. 6,755,744 ("the '744 patent"), entitled "Communication Device and Method Between an Audiovisual Information Playback System and an Electronic Game Machine," was duly and legally issued by the PTO.  A true and correct copy of the '744 patent is attached hereto as Exhibit C.

**ANSWER:** Merit admits that U.S. Patent No. 6,755,744 (the "'744 patent") is entitled

"Communication Device and Method Between an Audiovisual Information Playback System and

an Electronic Game Machine," and that a copy of the patent was attached as Exhibit C to the

Complaint.  Merit denies that the '744 patent was duly and legally issued by the PTO.

17.    TouchTunes has been and remains the owner by assignment of the entire right, title, and interest in the '744 patent, including, *inter alia*, the right to sue for past and present infringement of the '744 patent.

**ANSWER:** Merit is without sufficient information to admit or deny the allegations in Paragraph

17, and on that basis denies each and every allegation in Paragraph 17.

18.    Rowe, Merit and AMI had prior notice of TouchTunes patents and the infringement thereof either by actual and/or constructive notice in compliance with 35 U.S.C. § 287.

**ANSWER:** Merit denies that Merit has engaged in any infringing activities in this jurisdiction or

any other jurisdiction and that it received actual and/or constructive notice in compliance with

35 U.S.C. § 287.  Merit is without sufficient information to admit or deny the allegations against

Rowe and AMI in Paragraph 18, and on that basis denies the remaining allegations in

Paragraph 18.

DSMDB-2394041

## BACKGROUND FOR TOUCHTUNES' DECLARATORY RELIEF

19.    United States Patent No. 5,930,765 ("the '765 patent"), entitled "Downloading Method for Songs and Advertisements," was filed on November 21, 1997 and issued on July 27, 1999. The '765 patent names John R. Martin as its inventor. A true and correct copy of the '765 patent is attached hereto as Exhibit D.

**ANSWER:** No response appears to be required of Merit in that no declaratory judgment

allegations are made against Merit. In the event an answer is required, Merit admits that U.S.

Patent No. 5,930,765 (the '765 patent) is entitled "Downloading Method for Songs and

Advertisements," and that a copy of the patent identifying John R. Martin as its inventor was

attached as Exhibit D to the Complaint. Merit admits that the '765 patent was filed on

November 21, 1997 and was issued by the PTO on July 27, 1999. Except as expressly admitted

herein, Merit denies each and every allegation in Paragraph 19.

20.    United States Patent No. 6,598,230 ("the '230 patent"), entitled "Multimedia Box Network," was filed on February 25, 1999 and issued on July 22, 2003. The '230 patent names Karsten Ballhorn as its inventor. A true and correct copy of the '230 patent is attached hereto as Exhibit E.

**ANSWER:** No response appears to be required of Merit in that no declaratory judgment

allegations are made against Merit. In the event an answer is required, Merit admits that U.S.

Patent No. 6,598,230 (the '230 patent) is entitled "Multimedia Box Network," and that a copy of

the patent identifying Karsten Ballhorn as its inventor was attached as Exhibit E to the

Complaint. Merit admits that the '230 patent was filed on February 25, 1999 and was issued by

the PTO on July 22, 2003. Except as expressly admitted herein, Merit denies each and every

allegation in Paragraph 20.

21.    United States Patent No. 6,970,834 ("the '834 patent"), entitled "Advertisement Downloading Computer Jukebox," was filed on November 20, 2002 and issued on November 25, 2005. The '834 patent names as inventors John R. Martin, Michael L. Tillery and Samuel N. Zammuto. A true and correct copy of the '834 patent is attached hereto as Exhibit F.

**ANSWER:** No response appears to be required of Merit in that no declaratory judgment

allegations are made against Merit. In the event an answer is required, Merit admits that U.S.

DSMDB-2394041

Patent No. 6,970,834 (the '834 patent) is entitled "Advertisement Downloading Computer Jukebox," and that a copy of the patent identifying John R. Martin and Michael L. Tillery as its inventors was attached as Exhibit F to the Complaint. Merit admits that the '834 patent was filed on November 20, 2002. Merit denies that the '834 patent issued on November 25, 2005. Merit admits that the '834 patent was issued by the PTO on November 29, 2005. Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 21.

22.    United States Patent No. 6,397,189 ("the '189 patent"), entitled "Computer Jukebox and Jukebox Network," was filed on May 12, 1998 and issued on May 28, 2002. The '189 patent names as inventors John R. Martin, Michael L. Tillery, and Samuel N. Zammuto. A true and correct copy of the '189 patent is attached hereto as Exhibit G.

**ANSWER:** No response appears to be required of Merit in that no declaratory judgment allegations are made against Merit. In the event an answer is required, Merit admits that U.S. Patent No. 6,397,189 (the '189 patent) is entitled "Computer Jukebox and Jukebox Network," and that a copy of the patent identifying John R. Martin, Michael L. Tillery and Samuel N. Zammuto as its inventors was attached as Exhibit G to the Complaint. Merit admits that the '189 patent was filed on May 12, 1998, and was issued by the PTO on May 28, 2002. Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 22.

23.    United States Patent No. 6,381,575 ("the '575 patent"), entitled "Computer Jukebox and Computer Jukebox Management System, " was filed on February 11, 2000 and issued on April 30, 2002. The '575 patent names as inventors John R. Martin and Michael L. Tillery. A true and correct copy of the '575 patent is attached hereto as Exhibit H.

**ANSWER:** No response appears to be required of Merit in that no declaratory judgment allegations are made against Merit. In the event an answer is required, Merit admits that U.S. Patent No. 6,381,575 (the '575 patent) is entitled "Computer Jukebox and Computer Jukebox Management System," and that a copy of the patent identifying John R. Martin and Michael L. Tillery as its inventors was attached as Exhibit H to the Complaint. Merit admits that the '575

DSMDB-2394041

patent was filed on February 11, 2000, and was issued by the PTO on April 30, 2002. Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 23.

24.    United States Patent No. 6,191,780 ("the '780 patent"), entitled "Customizable Multimedia Segment Structures," was filed on March 25, 1998 and issued on February 20, 2001. The '780 patent names as inventors John R. Martin and Charles D. Rentmeesters. A true and correct copy of the '780 patent is attached hereto as Exhibit I.

**ANSWER:** No response appears to be required of Merit in that no declaratory judgment

allegations are made against Merit. In the event an answer is required, Merit admits that U.S.

Patent No. 6,191,780 (the '780 patent) is entitled "Customizable Multimedia Segment

Structures," and that a copy of the patent identifying John R. Martin and Charles D.

Rentmeesters as its inventors was attached as Exhibit I to the Complaint. Merit admits that the

'780 patent was filed on March 25, 1998, and was issued by the PTO on February 20, 2001.

Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 24.

25.    United States Patent No. 5,848,398 ("the '398 patent"), entitled "System for Managing a Plurality of Computer Jukeboxes," was filed on April 25, 1996 and issued on December 8, 1998. The '398 patent names as inventors John R. Martin, Michael L. Tillery and Samuel N. Zammuto. A true and correct copy of the '398 patent is attached hereto as Exhibit J.

**ANSWER:** No response appears to be required of Merit in that no declaratory judgment

allegations are made against Merit. In the event an answer is required, Merit admits that U.S.

Patent No. 5,848,398 (the '398 patent) is entitled "System for Managing a Plurality of Computer

Jukeboxes," and that a copy of the patent identifying John R. Martin, Michael L. Tillery and

Samuel N. Zammuto as its inventors was attached as Exhibit J to the Complaint. Merit admits

that the '398 patent was filed on April 25, 1996, and was issued by the PTO on December 8,

1998. Except as expressly admitted herein, Merit denies each and every allegation in

Paragraph 25.

26.    Upon information and belief, Arachnid, Inc. is the owner of the '765, '834, '189, '575, '780, and '398 patents by assignment.

DSMDB-2394041

**ANSWER:** No response appears to be required of Merit in that no declaratory judgment allegations are made against Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 26, and on that basis denies each and every allegation in Paragraph 26.

27. Upon information and belief, Rowe is the owner of the '230 patent and a licensee of the '765, '834, '189, '575, '780, and '398 patents.

**ANSWER:** No response appears to be required of Merit in that no declaratory judgment allegations are made against Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 27, and on that basis denies each and every allegation in Paragraph 27.

28. Rowe and Arachnid have advised TouchTunes that they intend to enforce any applicable claims of the '765, '230, '834, '189, '575, '780, and '398 patents against TouchTunes upon completion of the presently pending lawsuit captioned *Rowe International Corp.* and *Arachnid, Inc. v. Ecast, Inc. et al.*, Case No. 1:06-cv-02703 (N.D. Ill.). That lawsuit is presently in an advanced stage of litigation.

**ANSWER:** No response appears to be required of Merit in that no declaratory judgment allegations are made against Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 28, and on that basis denies each and every allegation in Paragraph 28.

29. TouchTunes denies that it has infringed any valid claim of the '765, '230, '834, '189, '575, '780, and '398 patents.

**ANSWER:** No response appears to be required of Merit in that no declaratory judgment allegations are made against Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 29, and on that basis denies each and every allegation in Paragraph 29.

30. Based on Rowe and Arachnid's assertions of patent infringement by TouchTunes, an actual, substantial and continuing justiciable controversy exists between TouchTunes and Rowe and between TouchTunes and Arachnid that requires a declaration of rights by this Court.

DSMDB-2394041

**ANSWER:** No response appears to be required of Merit in that no declaratory judgment allegations are made against Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 30, and on that basis denies each and every allegation in Paragraph 30.

**First Claim For Relief**
**INFRINGEMENT OF U.S. PATENT NO. 6,308,204**

31.    TouchTunes incorporates by this reference all paragraphs of this Complaint for Patent Infringement and for Declaratory Relief ("Complaint"), as though fully set forth herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer to Complaint and Counterclaims by Merit Industries, Inc. ("Answer") as though fully set forth herein.

32.    Rowe has infringed and is infringing (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) one or more claims of the '204 patent by making, using, importing, offering for sale, and/or selling downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '204 patent.

**ANSWER:** The allegations in Paragraph 32 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 32, and on that basis denies each and every allegation in Paragraph 32.

33.    AMI has infringed and is infringing (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) one or more claims of the '204 patent by making, using and operating the AMI network for use in connection with Rowe's downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '204 patent.

**ANSWER:** The allegations in Paragraph 33 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 33, and on that basis denies each and every allegation in Paragraph 33.

DSMDB-2394041

34.     On information and belief, Rowe's infringement of the '204 patent has been and continues to be deliberate and willful, and such infringement will continue unless Rowe is preliminarily and permanently enjoined by this Court.

**ANSWER:** The allegations in Paragraph 34 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 34, and on that basis denies each and

every allegation in Paragraph 34.

35.     On information and belief, AMI's infringement of the '204 patent has been and continues to be deliberate and willful, and such infringement will continue unless Rowe is preliminarily and permanently enjoined by this Court.

**ANSWER:** The allegations in Paragraph 35 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 35, and on that basis denies each and

every allegation in Paragraph 35.

36.     As a consequence of Rowe's infringement of the '204 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless Rowe's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:** The allegations in Paragraph 36 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 36, and on that basis denies each and

every allegation in Paragraph 36.

37.     As a consequence of AMI's infringement of the '204 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless AMI's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:** The allegations in Paragraph 37 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

DSMDB-2394041

information to admit or deny the allegations in Paragraph 37, and on that basis denies each and

every allegation in Paragraph 37.

38.    As a result of the activities described herein, Rowe and AMI are jointly and severally liable for the damages sustained by TouchTunes for infringement of the '204 patent.

**ANSWER:** The allegations in Paragraph 38 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 38, and on that basis denies each and

every allegation in Paragraph 38.

**Second Claim For Relief**
**INFRINGEMENT OF U.S. PATENT NO. 6,578,051**

39.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer as

though fully set forth herein.

40.    Rowe has infringed and is infringing (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) one or more claims of the '051 patent by making, using, importing, offering for sale, and/or selling downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '051 patent.

**ANSWER:** The allegations in Paragraph 40 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 40, and on that basis denies each and

every allegation in Paragraph 40.

41.    AMI has infringed (directly, contributorily and/or by active inducement- literally and/or under the doctrine of equivalents) one or more claims of the '051 patent by making, using and operating the AMI network for use in connection with Rowe's downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '051 patent.

14

DSMDB-2394041

**ANSWER:** The allegations in Paragraph 41 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 41, and on that basis denies each and

every allegation in Paragraph 41.

42.    On information and belief, Rowe's infringement of the '051 patent has been and
continues to be deliberate and willful, and such infringement will continue unless Rowe is
preliminarily and permanently enjoined by this Court.

**ANSWER:** The allegations in Paragraph 42 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 42, and on that basis denies each and

every allegation in Paragraph 42.

43.    On information and belief, AMI's infringement of the '051 patent has been and continues
to be deliberate and willful, and such infringement will continue unless AMI is preliminarily and
permanently enjoined by this Court.

**ANSWER:** The allegations in Paragraph 43 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 43, and on that basis denies each and

every allegation in Paragraph 43.

44.    As a consequence of Rowe's infringement of the '051 patent, TouchTunes has been
damaged and will continue to sustain damages by such acts in an amount to be determined at
trial and, unless Rowe's infringement is restrained by the Court, will continue to suffer
irreparable loss and injury.

**ANSWER:** The allegations in Paragraph 44 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 44, and on that basis denies each and

every allegation in Paragraph 44.

45.    As a consequence of AMI's infringement of the '051 patent, TouchTunes has been
damaged and will continue to sustain damages by such acts in an amount to be determined at

DSMDB-2394041

trial and, unless AMI's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:** The allegations in Paragraph 45 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 45, and on that basis denies each and every allegation in Paragraph 45.

46.     As a result of the activities described herein, Rowe and AMI are jointly and severally liable for the damages sustained by TouchTunes for infringement of the '051 patent.

**ANSWER:** The allegations in Paragraph 46 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 46, and on that basis denies each and every allegation in Paragraph 46.

**Third Claim For Relief**
**INFRINGEMENT OF U.S. PATENT NO. 6,755,744**

47.     TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer as though fully set forth herein.

48.     Rowe has infringed and is infringing (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) one or more claims of the '744 patent by making, using, importing, offering for sale, and/or selling downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '744 patent.

**ANSWER:** Merit denies each and every allegation in Paragraph 48.

49.     AMI has infringed and is infringing (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) one or more claims of the '744 patent by making, using and operating the AMI network for use in connection with Rowe's downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '744 patent, as well as by making, using and operating the AMI network for use in connection with Merit's gaming products covered by one or more claims of the '744 patent .

DSMDB-2394041

**ANSWER:** Merit denies each and every allegation in Paragraph 49.

50.    Merit has infringed and is infringing (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) one or more claims of the '744 patent by making, using, importing, offering for sale, and/or selling gaming products for use with Rowe's downloading jukeboxes and/or products or systems employing downloading jukeboxes covered by one or more claims of the '744 patent.

**ANSWER:** Merit denies each and every allegation in Paragraph 50.

51.    On information and belief, Rowe's infringement of the '744 patent has been and continues to be deliberate and willful, and such infringement will continue unless Rowe is preliminarily and permanently enjoined by this Court.

**ANSWER:** Merit denies each and every allegation in Paragraph 51.

52.    On information and belief, AMI's infringement of the '744 patent has been and continues to be deliberate and willful, and such infringement will continue unless AMI is preliminarily and permanently enjoined by this Court.

**ANSWER:** Merit denies each and every allegation in Paragraph 52.

53.    On information and belief, Merit's infringement of the '744 patent has been and continues to be deliberate and willful, and such infringement will continue unless Merit is preliminarily and permanently enjoined by this Court.

**ANSWER:** Merit denies each and every allegation in Paragraph 53.

54.    As a consequence of Rowe's infringement of the '744 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless Rowe's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:** Merit denies each and every allegation in Paragraph 54.

55.    As a consequence of AMI's infringement of the '744 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless AMI's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

**ANSWER:** Merit denies each and every allegation in Paragraph 55.

56.    As a consequence of Merit's infringement of the '744 patent, TouchTunes has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and, unless Merit's infringement is restrained by the Court, will continue to suffer irreparable loss and injury.

17

**ANSWER:** Merit denies each and every allegation in Paragraph 56.

57.    As a result of the activities described herein, Rowe, AMI and Merit are jointly and severally liable for the damages sustained by TouchTunes for infringement of the '744 patent.

**ANSWER:** Merit denies each and every allegation in Paragraph 57.

**Fourth Claim For Relief**
**DECLARATORY JUDGMENT -NON-INFRINGEMENT OF THE '765 PATENT**

58.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer as

though fully set forth herein.

59.    This is an action for declaratory judgment of non-infringement of any and all valid claims of the '765 patent.

**ANSWER:** The allegations in Paragraph 59 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit admits that TouchTunes

has filed a Complaint for judgment of non-infringement of any and all valid claims of the '765

patent.  Except as expressly admitted herein, Merit denies each and every allegation in

Paragraph 59.

60.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '765 patent against TouchTunes.

**ANSWER:** The allegations in Paragraph 60 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 60, and on that basis denies each and

every allegation in Paragraph 60.

61.    Upon information and belief, Arachnid is the assignee of all rights in and to the '765 patent.

**ANSWER:** The allegations in Paragraph 61 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

DSMDB-2394041

information to admit or deny the allegations in Paragraph 61, and on that basis denies each and every allegation in Paragraph 61.

62.    Upon information and belief, Rowe is the exclusive licensee of the '765 patent.

**ANSWER:** The allegations in Paragraph 62 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 62, and on that basis denies each and every allegation in Paragraph 62.

63.    Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '765 patent.

**ANSWER:** The allegations in Paragraph 63 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 63, and on that basis denies each and every allegation in Paragraph 63.

64.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes.  TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any claim of the '765 patent.

**ANSWER:** The allegations in Paragraph 64 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 64, and on that basis denies each and every allegation in Paragraph 64.

65.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '765 patent.

**ANSWER:** The allegations in Paragraph 65 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 65, and on that basis denies each and every allegation in Paragraph 65.

DSMDB-2394041

66.    TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '765 patent.

**ANSWER:** The allegations in Paragraph 66 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 66, and on that basis denies each and every allegation in Paragraph 66.

**Fifth Claim For Relief**
**DECLARATORY JUDGMENT -NON-INFRINGEMENT OF THE '230 PATENT**

67.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer as though fully set forth herein.

68.    This is an action for declaratory judgment of non-infringement of any and all valid claims of the '230 patent.

**ANSWER:** The allegations in Paragraph 68 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit admits that TouchTunes has filed a Complaint for judgment of non-infringement of any and all valid claims of the '230 patent.  Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 68.

69.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '230 patent against TouchTunes.

**ANSWER:** The allegations in Paragraph 69 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 69, and on that basis denies each and every allegation in Paragraph 69.

70.    Upon information and belief, Arachnid has certain rights under the '230 patent.

DSMDB-2394041

**ANSWER:** The allegations in Paragraph 70 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 70, and on that basis denies each and every allegation in Paragraph 70.

71.    Upon information and belief, Rowe is the owner of the '230 patent.

**ANSWER:** The allegations in Paragraph 71 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 71, and on that basis denies each and every allegation in Paragraph 71.

72.    Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '230 patent.

**ANSWER:** The allegations in Paragraph 72 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 72, and on that basis denies each and every allegation in Paragraph 72.

73.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes.  TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any claim of the '230 patent.

**ANSWER:** The allegations in Paragraph 73 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 73, and on that basis denies each and every allegation in Paragraph 73.

74.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '230 patent.

**ANSWER:** The allegations in Paragraph 74 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient

DSMDB-2394041

information to admit or deny the allegations in Paragraph 74, and on that basis denies each and every allegation in Paragraph 74.

75.     TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '230 patent.

**ANSWER:** The allegations in Paragraph 75 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 75, and on that basis denies each and every allegation in Paragraph 75

**Sixth Claim For Relief**
**DECLARATORY JUDGMENT -NON-INFRINGEMENT OF THE '834 PATENT**

76.     TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer as though fully set forth herein.

77.     This is an action for declaratory judgment of non-infringement of any and all valid claims of the '834 patent.

**ANSWER:** The allegations in Paragraph 77 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit admits that TouchTunes has filed a Complaint for judgment of non-infringement of any and all valid claims of the '834 patent.  Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 77.

78.     TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '834 patent against TouchTunes.

**ANSWER:** The allegations in Paragraph 78 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 78, and on that basis denies each and every allegation in Paragraph 78.

22

79.    Upon information and belief, Arachnid is the assignee of all rights in and to the '834 patent.

**ANSWER:** The allegations in Paragraph 79 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 79, and on that basis denies each and every allegation in Paragraph 79.

80.    Upon information and belief, Rowe is the exclusive licensee of the '834 patent.

**ANSWER:** The allegations in Paragraph 80 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 80, and on that basis denies each and every allegation in Paragraph 80.

81.    Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '834 patent.

**ANSWER:** The allegations in Paragraph 81 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 81, and on that basis denies each and every allegation in Paragraph 81.

82.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes.  TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any claim of the '834 patent.

**ANSWER:** The allegations in Paragraph 82 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 82, and on that basis denies each and every allegation in Paragraph 82.

83.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '834 patent.

DSMDB-2394041

**ANSWER:** The allegations in Paragraph 83 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 83, and on that basis denies each and every allegation in Paragraph 83.

84.    TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '834 patent.

**ANSWER:** The allegations in Paragraph 84 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 84, and on that basis denies each and every allegation in Paragraph 84.

**Seventh Claim For Relief**
**DECLARATORY JUDGMENT -NON-INFRINGEMENT OF THE '189 PATENT**

85.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer as though fully set forth herein.

86.    This is an action for declaratory judgment of non-infringement of any and all valid claims of the '189 patent.

**ANSWER:** The allegations in Paragraph 86 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit admits that TouchTunes has filed a Complaint for judgment of non-infringement of any and all valid claims of the '189 patent. Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 86.

87.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '189 patent against TouchTunes.

**ANSWER:** The allegations in Paragraph 87 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient

DSMDB-2394041

information to admit or deny the allegations in Paragraph 87, and on that basis denies each and

every allegation in Paragraph 87.

88.    Upon information and belief, Arachnid is the assignee of all rights in and to the '189 patent.

**ANSWER:** The allegations in Paragraph 88 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 88, and on that basis denies each and

every allegation in Paragraph 88.

89.    Upon information and belief, Rowe is the exclusive licensee of the '189 patent.

**ANSWER:** The allegations in Paragraph 89 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 89, and on that basis denies each and

every allegation in Paragraph 89.

90.    Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '189 patent.

**ANSWER:** The allegations in Paragraph 90 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 90, and on that basis denies each and

every allegation in Paragraph 90.

91.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes.  TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any claim of the '189 patent.

**ANSWER:** The allegations in Paragraph 91 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 91, and on that basis denies each and

every allegation in Paragraph 91.

DSMDB-2394041

92.     Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '189 patent.

**ANSWER:** The allegations in Paragraph 92 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 92, and on that basis denies each and every allegation in Paragraph 92.

93.     TouchTunes desires and request a judicial declaration of TouchTunes' non-infringement of the '189 patent.

**ANSWER:** The allegations in Paragraph 93 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 93, and on that basis denies each and every allegation in Paragraph 93.

**Eighth Claim For Relief**
**DECLARATORY JUDGMENT -NON-INFRINGEMENT OF THE '575 PATENT**

94.     TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer as though fully set forth herein.

95.     This is an action for declaratory judgment of non-infringement of any and all valid claims of the '575 patent.

**ANSWER:** The allegations in Paragraph 95 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit admits that TouchTunes has filed a Complaint for judgment of non-infringement of any and all valid claims of the '575 patent.  Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 95.

96.     TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '575 patent against TouchTunes.

DSMDB-2394041

**ANSWER:** The allegations in Paragraph 96 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 96, and on that basis denies each and every allegation in Paragraph 96.

97.    Upon information and belief, Arachnid is the assignee of all rights in and to the '575 patent.

**ANSWER:** The allegations in Paragraph 97 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 97, and on that basis denies each and every allegation in Paragraph 97.

98.    Upon information and belief, Rowe is the exclusive licensee of the '575 patent.

**ANSWER:** The allegations in Paragraph 98 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 98, and on that basis denies each and every allegation in Paragraph 98.

99.    Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '575 patent.

**ANSWER:** The allegations in Paragraph 99 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 99, and on that basis denies each and every allegation in Paragraph 99.

100.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes.  TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement- literally and/or under the doctrine of equivalents) any claim of the '575 patent.

**ANSWER:** The allegations in Paragraph 100 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient

DSMDB-2394041

information to admit or deny the allegations in Paragraph 100, and on that basis denies each and

every allegation in Paragraph 100.

101.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '575 patent.

**ANSWER:** The allegations in Paragraph 101 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 101, and on that basis denies each and

every allegation in Paragraph 101.

102.    TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '575 patent.

**ANSWER:** The allegations in Paragraph 102 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 102, and on that basis denies each and

every allegation in Paragraph 102.

**Ninth Claim For Relief**
**DECLARATORY JUDGMENT -NON-INFRINGEMENT OF THE '780 PATENT**

103.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer as

though fully set forth herein.

104.    This is an action for declaratory judgment of non-infringement of any and all valid claims of the '780 patent.

**ANSWER:** The allegations in Paragraph 104 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit admits that TouchTunes

has filed a Complaint for judgment of non-infringement of any and all valid claims of the '780

DSMDB-2394041

patent.  Except as expressly admitted herein, Merit denies each and every allegation in

Paragraph 104.

105.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '780 patent against TouchTunes.

**ANSWER:** The allegations in Paragraph 105 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 105, and on that basis denies each and

every allegation in Paragraph 105.

106.    Upon information and belief, Arachnid is the assignee of all rights in and to the '780 patent.

**ANSWER:** The allegations in Paragraph 106 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 106, and on that basis denies each and

every allegation in Paragraph 106.

107.    Upon information and belief, Rowe is the exclusive licensee of the '780 patent.

**ANSWER:** The allegations in Paragraph 107 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 107, and on that basis denies each and

every allegation in Paragraph 107.

108.    Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '780 patent.

**ANSWER:** The allegations in Paragraph 108 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 108, and on that basis denies each and

every allegation in Paragraph 108.

DSMDB-2394041

109.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes. TouchTunes has not and does not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any claim of the '780 patent.

**ANSWER:** The allegations in Paragraph 109 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 109, and on that basis denies each and every allegation in Paragraph 109.

110.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '780 patent.

**ANSWER:** The allegations in Paragraph 110 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 110, and on that basis denies each and every allegation in Paragraph 110.

111.    TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '780 patent.

**ANSWER:** The allegations in Paragraph 111 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 111, and on that basis denies each and every allegation in Paragraph 111.

**Tenth Claim For Relief**
**DECLARATORY JUDGMENT -NON-INFRINGEMENT OF THE '398 PATENT**

112.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer as though fully set forth herein.

113.    This is an action for declaratory judgment of non-infringement of any and all valid claims of the '398 patent.

DSMDB-2394041

**ANSWER:** The allegations in Paragraph 113 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit admits that TouchTunes has filed a Complaint for judgment of non-infringement of any and all valid claims of the '398 patent. Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 113.

114. TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '398 patent against TouchTunes.

**ANSWER:** The allegations in Paragraph 114 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 114, and on that basis denies each and every allegation in Paragraph 114.

115. Upon information and belief, Arachnid is the assignee of all rights in and to the '398 patent.

**ANSWER:** The allegations in Paragraph 115 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 115, and on that basis denies each and every allegation in Paragraph 115.

116. Upon information and belief, Rowe is the exclusive licensee of the '398 patent.

**ANSWER:** The allegations in Paragraph 116 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 116, and on that basis denies each and every allegation in Paragraph 116.

117. Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and is infringing the '398 patent.

**ANSWER:** The allegations in Paragraph 117 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient

DSMDB-2394041

information to admit or deny the allegations in Paragraph 117, and on that basis denies each and

every allegation in Paragraph 117.

118.    TouchTunes denies Rowe and Arachnid's allegations with respect to infringement by TouchTunes. TouchTunes has not and does not infringe (directly, contributorily and or by active inducement- literally and/or under the doctrine of equivalents) any claim of the '398 patent.

**ANSWER:** The allegations in Paragraph 118 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 118, and on that basis denies each and

every allegation in Paragraph 118.

119.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether TouchTunes infringes the claims of the '398 patent.

**ANSWER:** The allegations in Paragraph 119 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 119, and on that basis denies each and

every allegation in Paragraph 119.

120.    TouchTunes desires and requests a judicial declaration of TouchTunes' non-infringement of the '398 patent.

**ANSWER:** The allegations in Paragraph 120 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 120, and on that basis denies each and

every allegation in Paragraph 120.

**Eleventh Claim For Relief**
**DECLARATORY JUDGMENT -INVALIDITY OF THE '765 PATENT**

121.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer as

though fully set forth herein.

DSMDB-2394041

122.    This is an action for declaratory judgment of invalidity of any and all claims of the '765 patent.

**ANSWER:** The allegations in Paragraph 122 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit admits that TouchTunes has filed a Complaint for judgment of invalidity of any and all claims of the '765 patent.  Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 122.

123.    TouchTunes has an objectively reasonable apprehension that Rowe and or Arachnid will bring a patent infringement action on the '765 patent against TouchTunes.

**ANSWER:** The allegations in Paragraph 123 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 123, and on that basis denies each and every allegation in Paragraph 123.

124.    The claims of the '765 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER:** The allegations in Paragraph 124 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 124, and on that basis denies each and every allegation in Paragraph 124.

125.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether the claims of the '765 patent are invalid.

**ANSWER:** The allegations in Paragraph 125 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 125, and on that basis denies each and every allegation in Paragraph 125.

126.    TouchTunes desires and requests a judicial declaration that the claims of the '765 patent are invalid.

DSMDB-2394041

**ANSWER:** The allegations in Paragraph 126 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 126, and on that basis denies each and every allegation in Paragraph 126.

**Twelfth Claim For Relief**
**DECLARATORY JUDGMENT -INVALIDITY OF THE '230 PATENT**

127.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer as though fully set forth herein.

128.    This is an action for declaratory judgment of invalidity of any and all claims of the '230 patent.

**ANSWER:** The allegations in Paragraph 128 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit admits that TouchTunes has filed a Complaint for judgment of invalidity of any and all claims of the '230 patent.  Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 128.

129.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '230 patent against TouchTunes.

**ANSWER:** The allegations in Paragraph 129 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 129, and on that basis denies each and every allegation in Paragraph 129.

130.    The claims of the '230 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

**ANSWER:** The allegations in Paragraph 130 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient

DSMDB-2394041

information to admit or deny the allegations in Paragraph 130, and on that basis denies each and

every allegation in Paragraph 130.

131.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and
Rowe and between TouchTunes and Arachnid relating to whether the claims of the '230 patent
are invalid.

**ANSWER:** The allegations in Paragraph 131 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 131, and on that basis denies each and

every allegation in Paragraph 131.

132.    TouchTunes desires and request a judicial declaration that the claims of the '230 patent
are invalid.

**ANSWER:** The allegations in Paragraph 132 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 132, and on that basis denies each and

every allegation in Paragraph 132.

**Thirteenth Claim For Relief**
**DECLARATORY JUDGMENT -INVALIDITY OF THE '834 PATENT**

133.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though
fully set forth herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer as

though fully set forth herein.

134.    This is an action for declaratory judgment of invalidity of any and all claims of the '834
patent.

**ANSWER:** The allegations in Paragraph 134 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit admits that TouchTunes

has filed a Complaint for judgment of invalidity of any and all claims of the '834 patent.  Except

as expressly admitted herein, Merit denies each and every allegation in Paragraph 134.

DSMDB-2394041

135.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '834 patent against TouchTunes.

**ANSWER:** The allegations in Paragraph 135 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 135, and on that basis denies each and every allegation in Paragraph 135.

136.    The claims of the '834 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

**ANSWER:** The allegations in Paragraph 136 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 136, and on that basis denies each and every allegation in Paragraph 136.

137.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether the claims of the '834 patent are invalid.

**ANSWER:** The allegations in Paragraph 137 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 137, and on that basis denies each and every allegation in Paragraph 137.

138.    TouchTunes desires and requests a judicial declaration that the claims of the '834 patent are invalid.

**ANSWER:** The allegations in Paragraph 138 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 138, and on that basis denies each and every allegation in Paragraph 138.

DSMDB-2394041

**Fourteenth Claim For Relief**
**DECLARATORY JUDGMENT -INVALIDITY OF THE '189 PATENT**

139.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer as though fully set forth herein.

140.    This is an action for declaratory judgment of invalidity of any and all claims of the '189 patent.

**ANSWER:** The allegations in Paragraph 140 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit admits that TouchTunes has filed a Complaint for judgment of invalidity of any and all claims of the '189 patent.  Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 140.

141.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '189 patent against TouchTunes.

**ANSWER:** The allegations in Paragraph 141 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 141, and on that basis denies each and every allegation in Paragraph 141.

142.    The claims of the '189 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

**ANSWER:** The allegations in Paragraph 142 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 142, and on that basis denies each and every allegation in Paragraph 142.

143.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether the claims of the '189 patent are invalid.

DSMDB-2394041

**ANSWER:** The allegations in Paragraph 143 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 143, and on that basis denies each and every allegation in Paragraph 143.

144.    TouchTunes desires and requests a judicial declaration that the claims of the '189 patent are invalid.

**ANSWER:** The allegations in Paragraph 144 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 144, and on that basis denies each and every allegation in Paragraph 144.

**Fifteenth Claim For Relief**
**DECLARATORY JUDGMENT -INVALIDITY OF THE '575 PATENT**

145.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer as though fully set forth herein.

146.    This is an action for declaratory judgment of invalidity of any and all claims of the '575 patent.

**ANSWER:** The allegations in Paragraph 146 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit admits that TouchTunes has filed a Complaint for judgment of invalidity of any and all claims of the '575 patent. Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 146.

147.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '575 patent against TouchTunes.

**ANSWER:** The allegations in Paragraph 147 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient

DSMDB-2394041

information to admit or deny the allegations in Paragraph 147, and on that basis denies each and

every allegation in Paragraph 147.

148.    The claims of the '575 patent are invalid because they fail to comply with the conditions
and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to
35 U.S.C. §§ 101, 102,103 and/or 112.

**ANSWER:** The allegations in Paragraph 148 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 148, and on that basis denies each and

every allegation in Paragraph 148.

149.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and
Rowe and between TouchTunes and Arachnid relating to whether the claims of the '575 patent
are invalid.

**ANSWER:** The allegations in Paragraph 149 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 149, and on that basis denies each and

every allegation in Paragraph 149.

150.    TouchTunes desires and requests a judicial declaration that the claims of the '575 patent
are invalid.

**ANSWER:** The allegations in Paragraph 150 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 150, and on that basis denies each and

every allegation in Paragraph 150.

**Sixteenth Claim For Relief**
**DECLARATORY JUDGMENT -INVALIDITY OF THE '780 PATENT**

151.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though
fully set forth herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer as

though fully set forth herein.

39

152.    This is an action for declaratory judgment of invalidity of any and all claims of the '780 patent.

**ANSWER:** The allegations in Paragraph 152 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit admits TouchTunes has filed a Complaint for judgment of invalidity of any and all claims of the '780 patent.  Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 152.

153.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '780 patent against TouchTunes.

**ANSWER:** The allegations in Paragraph 153 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 153, and on that basis denies each and every allegation in Paragraph 153.

154.    The claims of the '780 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

**ANSWER:** The allegations in Paragraph 154 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 154, and on that basis denies each and every allegation in Paragraph 154.

155.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and Rowe and between TouchTunes and Arachnid relating to whether the claims of the '780 patent are invalid.

**ANSWER:** The allegations in Paragraph 155 are not brought against Merit, and therefore no answer is required by Merit.  In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 155, and on that basis denies each and every allegation in Paragraph 155.

156.    TouchTunes desires and requests a judicial declaration that the claims of the '780 patent are invalid.

DSMDB-2394041

**ANSWER:** The allegations in Paragraph 156 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 156, and on that basis denies each and every allegation in Paragraph 156.

**Seventeenth Claim For Relief**
**DECLARATORY JUDGMENT -INVALIDITY OF THE '398 PATENT**

157.    TouchTunes incorporates by this reference all paragraphs of this Complaint, as though fully set forth herein.

**ANSWER:** Merit repeats and incorporates by this reference all Paragraphs of this Answer as though fully set forth herein.

158.    This is an action for declaratory judgment of invalidity of any and all claims of the '398 patent.

**ANSWER:** The allegations in Paragraph 158 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit admits that TouchTunes has filed a Complaint for judgment of invalidity of any and all claims of the '398 patent. Except as expressly admitted herein, Merit denies each and every allegation in Paragraph 158.

159.    TouchTunes has an objectively reasonable apprehension that Rowe and/or Arachnid will bring a patent infringement action on the '398 patent against TouchTunes.

**ANSWER:** The allegations in Paragraph 159 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient information to admit or deny the allegations in Paragraph 159, and on that basis denies each and every allegation in Paragraph 159.

160.    The claims of the '398 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

**ANSWER:** The allegations in Paragraph 160 are not brought against Merit, and therefore no answer is required by Merit. In the event an answer is required, Merit is without sufficient

DSMDB-2394041

information to admit or deny the allegations in Paragraph 160, and on that basis denies each and

every allegation in Paragraph 160.

161.    Accordingly, there exists an actual, justiciable controversy between TouchTunes and
Rowe and between TouchTunes and Arachnid relating to whether the claims of the '398 patent
are invalid.

**ANSWER:** The allegations in Paragraph 161 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 161, and on that basis denies each and

every allegation in Paragraph 161.

162.    TouchTunes desires and requests a judicial declaration that the claims of the '398 patent
are invalid.

**ANSWER:** The allegations in Paragraph 162 are not brought against Merit, and therefore no

answer is required by Merit.  In the event an answer is required, Merit is without sufficient

information to admit or deny the allegations in Paragraph 162, and on that basis denies each and

every allegation in Paragraph 162.

## AFFIRMATIVE DEFENSES

163.    Without admitting or acknowledging that it bears the burden of proof as to any of the

TouchTunes Patents, Merit asserts the following affirmative defenses based on its own

knowledge and on information and belief.

164.    Merit repeats and incorporates by this reference all Paragraphs of this Answer as though

fully set forth herein.

## FIRST AFFIRMATIVE DEFENSES
### (Failure to State a Claim)

165.    The causes of action asserted in the Complaint fail to state a claim upon which relief may

be granted.

42

## SECOND AFFIRMATIVE DEFENSES
### (Non-Infringement)

166.    Merit does not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) and has not infringed (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any valid claim of the '744 patent.

## THIRD AFFIRMATIVE DEFENSES
### (Invalidity)

167.    Certain claims of the '744 patent are invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including the conditions for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 132.

## FOURTH AFFIRMATIVE DEFENSES
### (Prosecution History Estoppel)

168.    TouchTunes is barred by prosecution history estoppel from contending that the claims of the TouchTunes Patents cover products made, used, sold, or offered for sale by Rowe, AMI, and Merit by virtue of statements and admissions made by the named inventors, their attorneys, agents, or assigns during proceedings in the PTO.

## FIFTH AFFIRMATIVE DEFENSES
### (Failure to Mark)

169.    Each of TouchTunes' claims for relief is barred, in whole or part, under 35 U.S.C. § 287 for TouchTunes' failure to mark.

DSMDB-2394041

## FIFTH AFFIRMATIVE DEFENSES
### (Waiver)

170.    Each of TouchTunes' claims for relief is barred, in whole or part, by the doctrine of

waiver.

## SIXTH AFFIRMATIVE DEFENSES
### (License to '744 Patent)

171.    By virtue of the actions of TouchTunes and agreements between TouchTunes and Merit,

Merit has a license to the '744 patent.

## SEVENTH AFFIRMATIVE DEFENSES
### (Ownership of '744 Patent)

172.    By virtue of the actions of TouchTunes and the agreements between TouchTunes and

Merit, Merit is entitled to co-ownership of the '744 patent.

## COUNTERCLAIMS

173.    Merit repeats and incorporates by this reference all Paragraphs of this Answer as though

fully set forth herein.

## THE PARTIES

174.    Counterplaintiff Merit is a corporation existing under the laws of the State of Delaware,

having a place of business at 2525 State Road, Bensalem, Pennsylvania 19020.

175.    On information and belief, TouchTunes is a corporation existing under the laws of the

State of Delaware, with a principal place of business located at 3 Commerce Place, 4th Floor

Nun's Island (Montreal), Quebec H3E 1H7, Canada and a corporate headquarters at 740

Broadway, 11th Floor, Suite 1102, New York, New York 10003.

DSMDB-2394041

## JURISDICTION AND VENUE

176.    This Court has jurisdiction over the following Counterclaims for declaratory relief under the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and patent infringement under the laws of the United States concerning actions relating to patents, 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and 1338(b) and principles of pendent jurisdiction.

177.    Venue is proper in this judicial district by virtue of Title 28 of the United States Code, Chapter 87 §§ 1391 and 1400(b), in that, on information and belief, this is a district in which TouchTunes is subject to personal jurisdiction and, therefore, resides.

## FACTUAL BACKGROUND

178.    Merit is a leader in providing game machine equipment with an installed base of over 250,000 games garnering nearly 4.6 billion plays per year.  Merit is the worldwide leader in touch-screen entertainment devices.

179.    Prior to June 30, 2000, representatives of TouchTunes and Merit met several times to establish procedures and discuss ideas and methods by which products of TouchTunes and Merit would be able to communicate with one another.  TouchTunes was and continues to be a manufacturer of digital jukeboxes.  Merit was and continues to be a manufacturer of touch-screen game machines.  After several such sessions, and one day prior to execution of a written agreement between TouchTunes and Merit, TouchTunes filed a patent application in France, unbeknownst to Merit, containing subject matter discussed and co-developed during the sessions between Merit and TouchTunes.  A U.S. application claiming priority to the French application was filed in the United States, and ultimately issued as the '744 patent.

45

DSMDB-2394041

180.    One day after TouchTunes filed its French patent application, on June 30, 2000, TouchTunes and Merit executed a formal agreement agreeing to collaborate and devote necessary resources to have their respective products interact.  The June 30, 2000 agreement included a clause whereby "TouchTunes and Merit shall jointly own the entire right, title and interest in the Technology developed jointly by the Parties in connection with the Collaboration Agreement."

181.    By reason of the June 30, 2000 Agreement and by reason of its prior joint development and agreements, Merit owns joint title and interest to the '744 patent.

## FIRST COUNTERCLAIM
(Declaration of Non-Infringement of the '744 Patent)

182.    Merit repeats and incorporates by this reference all Paragraphs of this Answer as though fully set forth herein.

183.    TouchTunes alleges that it is the assignee of the '744 patent.  There exists an actual controversy between Merit and TouchTunes with respect to the scope and infringement of the '744 patent.

184.    Merit products do not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any valid claim of the '744 patent.

185.    Merit therefore desires and is entitled to an entry of judgment that its products, services, and technology do not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any valid claim of the '744 patent.

186.

DSMDB-2394041

## SECOND COUNTERCLAIM
(Declaration of Invalidity of the '744 Patent)

187.    Merit repeats and incorporates by this reference all Paragraphs of this Answer as though fully set forth herein.

188.    TouchTunes alleges that it is the assignee of the '744 patent.  There exists an actual controversy between Merit and TouchTunes with respect to the validity of the '744 patent.

189.    In the event that the Court holds that Merit does not jointly own the entire right, title, and interest in the '744 patent, the claims of the '744 patent are invalid for failure to comply with one or more of the requirements of patentability as set forth in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

190.    Merit therefore desires and is entitled to an entry of judgment that the claims of the '744 patent are invalid.

## THIRD COUNTERCLAIM
(Declaration of Joint Ownership of the '744 Patent)

191.    Merit repeats and incorporates by this reference all Paragraphs of this Answer as though fully set forth herein.

192.    TouchTunes alleges that it is the assignee of the '744 patent.  There exists an actual controversy between Merit and TouchTunes with respect to the ownership of the '744 patent.

193.    By virtue of collaborating with Merit, and the joint development between TouchTunes and Merit, the '744 patent, which encompasses the collaborative subject matter, and the terms of the June 30, 2000 agreement between TouchTunes and Merit, Merit is a joint owner of the entire right, title, and interest in the '744 patent that was jointly developed by the parties.

47

**PRAYER FOR RELIEF**

Wherefore, Counterplaintiff prays for entry of judgment:

(1)    each and every one of TouchTunes' claims against Merit be dismissed with prejudice;

(2)    declaring that Merit has not infringed the '744 patent;

(3)    declaring that the claims of the '744 patent are invalid;

(4)    declaring that Merit is a joint owner of the '744 patent and other relief arising from Merit's joint ownership;

(5)    that Merit be awarded reasonable attorneys' fees under 35 U.S.C. §285;

(6)    that costs be awarded to Merit; and

(7)    that Merit be granted such other and further relief, in law or in equity, as this Court may deem just and proper under the current circumstances.

DSMDB-2394041

## JURY DEMAND

194.    Merit hereby demands a trial by jury for all issues so triable.


Dated: February 15, 2008
New York, New York


_____s/ Dipu A. Doshi_____
Charles W. Saber
DeAnna Allen
Dipu A. Doshi
Thomas D. Anderson
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, DC  20006-5403
Phone:  (202) 420-2200

-and-

Dawn Rudenko-Albert
**DICKSTEIN SHAPIRO LLP**
1177 Avenue of the Americas
New York, NY 10036-2714
Phone:  (212) 277-6500

Attorneys For **Merit Industries, Inc.**

DSMDB-2394041

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2008, I electronically filed the foregoing **ANSWER TO COMPLAINT AND COUNTERCLAIMS BY MERIT INDUSTRIES, INC.** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> James S. Blank          james.blank@lw.com
> Latham & Watkins LLP (NY)
> 885 Third Avenue, Suite 1000
> New York, NY 10022
> Phone: 212-906-1200

> s/  Alan Seutter
> _____
>
> Alan Seutter
> Senior Paralegal
> Dickstein Shapiro LLP
> 1825 Eye Street, NW
> Washington, DC  20006
> Phone: (202) 420-2685