UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOUCHTUNES MUSIC CORP.,<br><br>    Plaintiff,<br><br> against<br><br>ROWE INTERNATIONAL CORP.,<br>ARACHNID, INC.,<br>AMI ENTERTAINMENT,, INC. and<br>MERIT INDUSTRIES, INC. d/b/a MERIT<br>ENTERTAINMENT,<br><br>    Defendants.<br><br>ROWE INTERNATIONAL CORP.,<br>ARACHNID, INC.,<br>AMI ENTERTAINMENT,, INC. and<br>MERIT INDUSTRIES, INC. d/b/a MERIT<br>ENTERTAINMENT,<br><br>    Counterclaim Plaintiffs,<br><br> against<br><br>TOUCHTUNES MUSIC CORP.,<br><br>    Counterclaim Defendant. | Case No. 07 CV 11450 (RWS)<br><br>JURY TRIAL DEMANDED<br><br>**PLAINTIFF TOUCHTUNES MUSIC CORP.'S REPLY TO ARACHNID, INC.'S COUNTERCLAIMS** |

  Plaintiff and Counterclaim Defendant TouchTunes Music Corp. ("TouchTunes") replies to the Counterclaims of Arachnid, Inc. ("Arachnid"), hereinafter "the Counterclaims," as follows:

### THE PARTIES

  1. TouchTunes admits that, on information and belief, Arachnid is a corporation organized and existing under the laws of the State of Ohio, having a principal place of business at 6212 Material Ave., Loves Park, Illinois 61111.

  2. Admitted.

## JURISDICTION AND VENUE

3. TouchTunes admits that Arachnid purports to bring these Counterclaims under the Acts of Congress relating to patents, 35 U.S.C. §§ 1 et seq. and for a declaratory judgment pursuant to the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

4. Admitted.

5. Admitted.

## FACTS PERTINENT TO ALL COUNTERCLAIMS

6. TouchTunes admits that, on information and belief, Arachnid is the assignee of U.S. Patent Nos. 5,930,765 ("the '765 Patent"); 6,191,780 ("the '780 Patent"); 5,848,398 (issued on December 8, 1998) ("the '398 Patent"); 6,397,189 (issued on May 28, 2002) ("the '189 Patent"); 6,381,575 (issued on April 30, 2002) ("the '575 Patent"); and 6,970,834 (issued on November 29, 2005) ("the '834 Patent") (collectively referred to herein as "the Arachnid Patents"). TouchTunes denies that the '765 Patent was issued on November 21, 1997, and that the '780 Patent was issued on March 25, 1998. TouchTunes admits that each of the Arachnid Patents was issued in the name of John Martin and sometimes others, and that, on information and belief, each is assigned to Arachnid. TouchTunes denies that any of these patents was duly and legally issued by the U.S. Patent and Trademark Office. TouchTunes admits that a copy of what purports to be each of the Arachnid Patents is attached to the Complaint in this case as Exhibits D and F-J. TouchTunes is without knowledge or information sufficient to form a belief as to the remaining allegations to paragraph 6 of the Counterclaims and on that basis denies each and every such allegation.

7. TouchTunes admits that the Arachnid Patents are generally related to digital jukebox technology. TouchTunes denies the remaining allegations of paragraph 7 of the Counterclaims.

8. TouchTunes admits that, on information and belief, Rowe is a licensee of the Arachnid Patents. TouchTunes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the Counterclaims and on that basis

2

denies each and every such allegation.

9. TouchTunes admits that it uses, has used, imports, has imported, sells, has sold, services, offers and/or has offered to sell digital jukeboxes and/or jukebox components for digital jukeboxes. TouchTunes admits that it owns and operates a central server system that communicates with digital jukeboxes. TouchTunes denies the remaining allegations of paragraph 9 of the Counterclaims.

10. Paragraph 10 of the Counterclaims contains a legal conclusion to which no response is required.

### CLAIM I
### INFRINGEMENT OF THE '398 PATENT

11. TouchTunes restates and realleges paragraphs 1 through 10 as if fully set forth herein.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

### CLAIM II
### INFRINGEMENT OF THE '189 PATENT

19. TouchTunes restates and realleges paragraphs 1 through 10 as if fully set forth herein.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

3

24. Denied.

25. Denied.

26. Denied.

## CLAIM III
## INFRINGEMENT OF THE '575 PATENT

27. TouchTunes restates and realleges paragraphs 1 through 10 as if fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## CLAIM IV
## INFRINGEMENT OF THE '834 PATENT

35. TouchTunes restates and realleges paragraphs 1 through 10 as if fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

4

NY\1379855.1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

43. The Counterclaims fail to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Non-Infringement)**

44. TouchTunes has not infringed, and is not infringing, any valid and enforceable claim of the Arachnid Patents, either literally or under the doctrine of equivalents, nor has it induced or contributorily infringed any claim of the Arachnid patents.

### THIRD AFFIRMATIVE DEFENSE

**(Invalidity)**

45. The Arachnid Patents, and each claim thereof, are invalid for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

**(Laches)**

46. Arachnid's claims for relief are barred, in whole or in part, by the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

**(Limitation on Damages Under 35 U.S.C. §287)**

47. Arachnid's claims for relief are barred, in whole or in part, by its failure to meet the requirements of 35 U.S.C. §287.

### SIXTH AFFIRMATIVE DEFENSE

**(Prosecution History Estoppel)**

49. Arachnid's claims for relief are barred by the doctrine of prosecution history estoppel to the extent that Arachnid alleges infringement under the doctrine of equivalents.

### SEVENTH AFFIRMATIVE DEFENSE

**(Indispensable Parties/Lack of Standing)**

50. Arachnid's claims are barred in whole or in part to the extent that parties retaining

5

rights to one or more of the Arachnid patents are not parties to this lawsuit.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Dedication to the Public)

51. Arachnid has dedicated to the public any method or apparatus in the Arachnid patents but not literally claimed therein, and is estopped from claiming infringement by any such public domain method or apparatus.

### NINTH AFFIRMATIVE DEFENSE

#### (Specification and Prosecution Disclaimer)

52. Arachnid's claims for relief are barred under the doctrines of specification and prosecution history disclaimer.

### TENTH AFFIRMATIVE DEFENSE

#### (Unavailability of Relief (Enhanced Damages))

53. On information and belief, Arachnid has failed to plead and meet the requirements of enhanced damages.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Reservation of Rights)

54. TouchTunes reserves the right to assert additional defenses which may become apparent during discovery in this action.

### REPLY TO COUNTERCLAIMANT'S PRAYER FOR RELIEF

WHEREFORE, TouchTunes prays for judgment as follows:

A. Dismiss the Counterclaims with prejudice and deny each request for relief made by Counterclaimant Arachnid, Inc.;

B. Enter judgment in favor of TouchTunes;

C. That this case be deemed exceptional under 35 U.S.C. § 285, thereby entitling TouchTunes to its reasonable attorney's fees;

D. For costs of suit incurred herein; and

E. For such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            March 10, 2008

                                        LATHAM & WATKINS LLP

                                        By: /s/ James S. Blank
                                             James S. Blank (JB-4376)

                                             885 Third Avenue, Suite 1000
                                             New York, New York 10022-4834
                                             Tel: (212) 906-1200
                                             Fax: (212) 751-4864
                                             Email: james.blank@lw.com

                                             Attorneys for Plaintiff
                                             TOUCHTUNES MUSIC CORP.

NY\1379855.1