UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOUCHTUNES MUSIC CORP.,<br><br>         Plaintiff,<br> -against-<br><br>ROWE INTERNATIONAL CORP., ARACHNID, INC.,<br>AMI ENTERTAINMENT, INC. and<br>MERIT INDUSTRIES, INC. d/b/a MERIT<br>ENTERTAINMENT,<br><br>         Defendants.<br><br>ROWE INTERNATIONAL CORP.,<br>ARACHNID, INC.,<br>AMI ENTERTAINMENT,, INC. and<br>MERIT INDUSTRIES, INC. d/b/a MERIT<br>ENTERTAINMENT,<br><br>     Counterclaim Plaintiffs,<br><br> against<br><br>TOUCHTUNES MUSIC CORP.,<br><br>     Counterclaim Defendant. | Case No. 07 CV 11450 (RWS)<br><br>JURY TRIAL DEMANDED<br><br>**PLAINTIFF TOUCHTUNES**<br>**MUSIC CORP.'S REPLY**<br>**TO MERIT INDUSTRIES,**<br>**INC.'S COUNTERCLAIMS** |

  Plaintiff and Counterclaim Defendant TouchTunes Music Corp. ("TouchTunes") replies to the Counterclaims of Merit Industries, Inc. ("Merit"), hereinafter "the Counterclaims," as follows:

### THE PARTIES

  174. TouchTunes admits that, on information and belief, Merit is a corporation existing under the laws of the State of Delaware, having a place of business at 2525 State Road, Bensalem, Pennsylvania, 19020.

  175. Admitted.

### JURISDICTION AND VENUE

  176. Admitted.

  177. Admitted.

## FACTUAL BACKGROUND

178.    TouchTunes is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 178 of the Counterclaims, and on that basis denies each and every such allegation.

179.    TouchTunes admits that it has and continues to have digital jukeboxes manufactured on its behalf.  TouchTunes admits that, on information and belief, Merit was and continues to be a manufacturer of touch-screen game machines.  TouchTunes admits that it filed a patent application in France.  TouchTunes admits that an application was filed in the United States that ultimately issued as U.S. Patent No. 6,755,744 ("the '744 Patent"), which claims priority to certain French applications.  TouchTunes denies the remaining allegations of paragraph 179 of the Counterclaims.

180.    TouchTunes admits that it filed a patent application in France on June 29, 2000.  TouchTunes admits that, on June 30, 2000, it entered into a written agreement with Merit, and that the agreement included the language:  "TouchTunes and Merit shall jointly own the entire right, title and interest in the Technology developed jointly by the Parties in connection with the Collaboration Agreement."  TouchTunes denies the remaining allegations of paragraph 180 of the Counterclaims.

181.    Denied.

### REPLY TO FIRST COUNTERCLAIM
### (Declaration of Non-Infringement of the '744 Patent)

182.    TouchTunes repeats and incorporates by this reference all paragraphs of this reply as though fully set forth herein.

183.    Admitted.

184.    Denied.

185.    TouchTunes denies that Merit is entitled to an entry of judgment that its products, services, and technology do not infringe (directly, contributorily and/or by active inducement- literally and/or under the doctrine of equivalents) any valid claim of the '744 Patent.  TouchTunes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 185, and on that basis denies each and every such allegation.

NY\1384981.1

3

186.  Paragraph 186 of the Counterclaims contains no allegations and, therefore, no response is possible or required.

### REPLY TO SECOND COUNTERCLAIM
### (Declaration of Invalidity of the '744 Patent)

187.  TouchTunes repeats and incorporates by this reference all paragraphs of this Reply as if fully set forth herein.

188.  Admitted.

189.  Denied.

190.  TouchTunes denies that Merit is entitled to an entry of judgment that the claims of the '744 Patent are invalid.  TouchTunes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 190, and on that basis denies each and every such allegation.

### REPLY TO THIRD COUNTERCLAIM
### (Declaration of Joint Ownership of the '744 Patent)

191.  TouchTunes repeats and incorporates by this reference all paragraphs of this Reply as if fully set forth herein.

192.  Admitted.

193.  Denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

194.  The Counterclaims fail to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Reservation of Rights)

197.  TouchTunes reserves the right to assert additional defenses which may become apparent during discovery in this action.

WHEREFORE, TouchTunes prays for judgment as follows:

A. Dismiss the Counterclaims with prejudice and deny each request for relief made by Counterclaimant Merit;

B. Enter judgment in favor of TouchTunes;

C. That this case be deemed exceptional under 35 U.S.C. § 285, thereby entitling TouchTunes to its reasonable attorney's fees;

D. For costs of suit incurred herein; and

E. For such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         March 10, 2008

                                    LATHAM & WATKINS LLP


                                    By: /s/ James S. Blank
                                        James S. Blank (JB-4376)

                                        885 Third Avenue, Suite 1000
                                        New York, New York 10022-4834
                                        Tel: (212) 906-1200
                                        Fax: (212) 751-4864
                                        Email: james.blank@lw.com

                                        Attorneys for Plaintiff
                                        TOUCHTUNES MUSIC CORP.