UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOUCHTUNES MUSIC CORP.,<br><br>    Plaintiff,<br>-against-<br><br>ROWE INTERNATIONAL CORP.,<br>ARACHNID, INC.<br>AMI ENTERTAINMENT, INC. and<br>MERIT INDUSTRIES, INC. d/b/a MERIT<br>ENTERTAINMENT,<br><br>    Defendants.<br><br>ROWE INTERNATIONAL CORP.,<br>ARACHNID, INC.,<br>AMI ENTERTAINMENT,, INC. and<br>MERIT INDUSTRIES, INC. d/b/a MERIT<br>ENTERTAINMENT,<br><br>    Counterclaim Plaintiffs,<br><br>  against<br><br> TOUCHTUNES MUSIC CORP.,<br><br>    Counterclaim Defendant. | Case No. 07 CV 11450 (RWS)<br><br>JURY TRIAL DEMANDED<br><br>**PLAINTIFF TOUCHTUNES MUSIC CORP.'S REPLY TO ROWE INTERNATIONAL CORP. AND AMI ENTERTAINMENT, INC.'S <u>COUNTERCLAIMS</u>** |

Plaintiff and Counterclaim Defendant TouchTunes Music Corp. ("TouchTunes") replies to the combined Counterclaims of Rowe International Corp. ("Rowe") and AMI Entertainment, Inc ("AMI"), hereinafter "the Counterclaims," as follows:

**THE PARTIES**

173.    TouchTunes admits that, on information and belief, Rowe is a corporation existing under the laws of the State of Delaware, having a place of business at 1500 Union Avenue S.E., Grand Rapids, Michigan 49507.

174.    TouchTunes admits that, on information and belief, AMI is a corporation organized and existing under the laws of the State of Delaware, having a place of business at

1500 Union Avenue, S.E., Grand Rapids, Michigan 49507. TouchTunes further admits that, on information and belief, AMI is a wholly-owned subsidiary of Rowe.

175.    Admitted.

## JURISDICTION AND VENUE

176.    Admitted.

177.    Admitted.

## FACTUAL BACKGROUND

178.    TouchTunes admits that, on information and belief, Rowe and/or AMI make, use, sell and/or offer for sale jukeboxes and/or services thereto in the United States. TouchTunes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 178 of the Counterclaims, and on that basis denies each and every such allegation.

179.    TouchTunes admits that, upon information and belief, Arachnid is the assignee of U.S. Patent Nos. 5,848,398 (issued on December 8, 1998) ("the '398 Patent"); 6,397,189 (issued on May 28, 2002) ("the '189 Patent"); 6,381,575 (issued on April 30, 2002) ("the '575 Patent"); and 6,970,834 (issued on November 29, 2005) ("the '834 Patent") (collectively referred to herein as "the Arachnid Patents"). TouchTunes admits that each of the Arachnid Patents was issued by the U.S. Patent and Trademark Office in the name of John Martin and sometimes others. TouchTunes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 179 of the Counterclaims, and on that basis denies each and every such allegation.

180.    TouchTunes admits that the Arachnid Patents are generally related to digital jukebox technology. TouchTunes denies the remaining allegations of paragraph 180 of the Counterclaims.

NY\1380291.2

181.  TouchTunes admits that, on information and belief, Rowe is a licensee of the Arachnid Patents.  TouchTunes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 181 of the Counterclaims, and on that basis denies each and every such allegation.

182.  TouchTunes admits that Rowe has alleged that TouchTunes infringes and continues to infringe the Arachnid Patents.  TouchTunes denies the remaining allegations of Paragraph 182 of the Counterclaims.

183.  TouchTunes admits that, on July 22, 2003, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,598,230 ("the '230 Patent"), entitled "Multimedia Box Network."  TouchTunes admits that the '230 Patent names Karsten Ballhorn as its inventor.  TouchTunes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 183 of the Counterclaims, and on that basis denies each and every such allegation.

184.  TouchTunes admits that, on information and belief, Rowe is a licensee of the '230 Patent. TouchTunes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 184 of the Counterclaims, and on that basis denies each and every such allegation.

185.  TouchTunes admits that Rowe and Arachnid have alleged and continue to allege that TouchTunes has infringed and continues to infringe the '230 patent.  TouchTunes denies the remaining allegations of paragraph 185 of the Counterclaims.

186.  TouchTunes admits that it uses, has used, imports, has imported, sells, has sold, services, offers and/or has offered to sell digital jukeboxes and/or jukebox components for digital jukeboxes.  TouchTunes admits that it owns and operates a central server system that communicates with digital jukeboxes.  TouchTunes denies the remaining allegations of paragraph 186 of the Counterclaims.

187.  Paragraph 187 of the Counterclaims contains a legal conclusion to which no response is required.

## FIRST COUNTERCLAIM
### (Patent Infringement of the '398 Patent)

188. TouchTunes repeats and incorporates by this reference all paragraphs of this Reply as if fully set forth herein.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

## SECOND COUNTERCLAIM
### (Patent Infringement of the '189 Patent)

196. TouchTunes repeats and incorporates by this reference all paragprahs of this Reply as if fully set forth herein.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

## THIRD COUNTERCLAIM
### (Patent Infringement of the '575 Patent)

204. TouchTunes repeats and incorporates by this reference all paragraphs of this Reply as if fully set forth herein.

205. Denied.

206. Denied.

4

207. Denied.

208. Denied.

209. Denied.

210. Denied.

211. Denied.

**FOURTH COUNTERCLAIM**
**(Patent Infringement of the '834 Patent)**

212. TouchTunes repeats and incorporates by this reference all paragraphs of this Reply as if fully set forth herein.

213. Denied.

214. Denied.

215. Denied.

216. Denied.

217. Denied.

218. Denied.

219. Denied.

**FIFTH COUNTERCLAIM**
**(Patent Infringement of the '230 Patent)**

220. TouchTunes repeats and incorporates by this reference all paragraphs of this Reply as if fully set forth herein.

221. Denied.

222. Denied.

223. Denied.

224. Denied.

225. Denied.

5

226. Denied.

227. Denied.

### SIXTH COUNTERCLAIM
### (Declaration of Non-Infringement of the '204 Patent)

228. TouchTunes repeats and incorporates by this reference all paragraphs of this Reply as if fully set forth herein.

229. Admitted.

230. Denied.

231. TouchTunes denies that Rowe and AMI are entitled to an entry of judgment that their products, services, and technology do not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any valid claim of the '204 Patent. TouchTunes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 231, and on that basis denies each and every such allegation.

### SEVENTH COUNTERCLAIM
### (Declaration of Invalidity of the '204 Patent)

232. TouchTunes repeats and incorporates by this reference all paragraphs of this Reply as if fully set forth herein.

233. Admitted.

234. Denied.

235. TouchTunes denies that Rowe and AMI are entitled to an entry of judgment that the claims of the '204 Patent are invalid. TouchTunes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 235, and on that basis denies each and every such allegation.

### EIGHTH COUNTERCLAIM
### (Declaration of Non-Infringement of the '051 Patent)

236. TouchTunes repeats and incorporates by this reference all paragraphs of this Reply as if fully set forth herein.

6

237. Admitted.

238. Denied.

239. TouchTunes denies that Rowe and AMI are entitled to an entry of judgment that their products, services, and technology do not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any valid claim of the '051 Patent. TouchTunes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 239, and on that basis denies each and every such allegation.

### NINTH COUNTERCLAIM

#### (Declaration of Invalidity of the '051 Patent)

240. TouchTunes repeats and incorporates by this reference all paragraphs of this Reply as if fully set forth herein.

241. Admitted.

242. Denied.

243. TouchTunes denies that Rowe and AMI are entitled to an entry of judgment that the claims of the '051 Patent are invalid. TouchTunes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 243, and on that basis denies each and every such allegation.

### TENTH COUNTERCLAIM

#### (Declaration of Non-Infringement of the '744 Patent)

244. TouchTunes repeats and incorporates by this reference all paragraphs of this Reply as if fully set forth herein.

245. Admitted.

246. Denied.

247.  TouchTunes denies that Rowe and AMI are entitled to an entry of judgment that their products, services, and technology do not infringe (directly, contributorily and/or by active inducement-literally and/or under the doctrine of equivalents) any valid claim of the '744 Patent. TouchTunes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 247, and on that basis denies each and every such allegation.

### ELEVENTH COUNTERCLAIM

### (Declaration of Invalidity of the '744 Patent)

248.  TouchTunes repeats and incorporates by this reference all paragraphs of this Reply as if fully set forth herein.

249.  Admitted.

250.  Denied.

251.  TouchTunes denies that Rowe and AMI are entitled to an entry of judgment that the claims of the '744 Patent are invalid. TouchTunes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 251, and on that basis denies each and every such allegation.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

252.  The Counterclaims fail to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

253.  TouchTunes has not infringed, and is not infringing, any valid and enforceable claim of the '398, '189, '575, '834 and '230 patents, either literally or under the doctrine of equivalents, nor has it induced or contributorily infringed any claim of the '398, '189, '575, '834 and '230 patents.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

254.    The '398, '189, '575, '834 and '230 patents, and each claim thereof, are invalid for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

255.    Rowe's and AMI's claims for relief are barred, in whole or in part, by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Limitation on Damages Under 35 U.S.C. §287)

256.    Rowe's and AMI's claims for relief are barred, in whole or in part, by their failure to meet the requirements of 35 U.S.C. §287.

## SIXTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

258.    Rowe's and AMI's claims for relief are barred by the doctrine of prosecution history estoppel to the extent that they allege infringement under the doctrine of equivalents.

## SEVENTH AFFIRMATIVE DEFENSE

### (Indispensable Parties/Lack of Standing)

259.    Rowe's and AMI's claims are barred in whole or in part to the extent that parties retaining rights to one or more of the Arachnid patents are not parties to this lawsuit.

## EIGHTH AFFIRMATIVE DEFENSE

### (Dedication to the Public)

260.    Rowe and/or AMI have dedicated to the public any method or apparatus in the '398, '189, '575, '834 and '230 patents but not literally claimed therein, and is/are estopped from claiming infringement by any such public domain method or apparatus.

## NINTH AFFIRMATIVE DEFENSE

### (Specification and Prosecution Disclaimer)

261. Rowe's and AMI's claims for relief are barred under the doctrines of specification and prosecution history disclaimer.

## TENTH AFFIRMATIVE DEFENSE

### (Unavailability of Relief (Enhanced Damages))

262. On information and belief, Rowe and AMI have failed to plead and meet the requirements of enhanced damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

263. TouchTunes reserves the right to assert additional defenses which may become apparent during discovery in this action.

### REPLY TO COUNTERCLAIMANTS' PRAYER FOR RELIEF

WHEREFORE, TouchTunes prays for judgment as follows:

A. Dismiss the Counterclaims with prejudice and deny each request for relief made by Counterclaimants Rowe International Corp. and AMI Entertainment, Inc.;

B. Enter judgment in favor of TouchTunes;

C. That this case be deemed exceptional under 35 U.S.C. § 285, thereby entitling TouchTunes to its reasonable attorney's fees;

D. For costs of suit incurred herein; and

E. For such other and further relief as this Court deems just and proper.

Dated: New York, New York
March 10, 2008

        LATHAM & WATKINS LLP

By: /s/ James S. Blank
    James S. Blank (JB-4376)

    885 Third Avenue, Suite 1000
    New York, New York 10022-4834
    Tel: (212) 906-1200
    Fax: (212) 751-4864
    Email: james.blank@lw.com

    Attorneys for Plaintiff
    TOUCHTUNES MUSIC CORP.

11

NY\1380291.2