UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOUCHTUNES MUSIC CORPORATION,

    Plaintiff,

v.

ROWE INTERNATIONAL CORP.,
ARACHNID, INC., AMI
ENTERTAINMENT, INC. AND MERIT
INDUSTRIES, INC.,

    Defendant.

Civil Action No. 07 Civ. 11440 (RWS)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/08

[PROPOSED]
ORDER PURSUANT TO RULE 16 OF THE FEDERAL RULES OF CIVIL
PROCEDURE

WHEREAS, the parties met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure to consider the nature and basis of their claims and defenses and the possibilities for a prompt resolution of the case, to arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan.

WHEREAS, the Court held a conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on April 23, 2008 to consider, among other things, issues relating to the scheduling of discovery in this action,

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

**Initial Disclosures**

1.     The parties will exchange their initial disclosures required by Rules 26(a)(1)(A), (C) and (D) of the Federal Rules, within 45 days of the entry of this Order by the Court.

2.  In lieu of making written disclosures pursuant to Rule 26(a)(1)(B), each party may produce copies of documents, data compilations, and tangible things that are in its possession, custody or control, and that such party may use to support its claims or defenses, unless solely for impeachment.

3.  The parties may update or supplement their initial disclosures based on documents and information revealed through discovery in this action or otherwise, or based on any amended pleadings, or for good cause shown.

**Fact Discovery**

4.  Document requests and requests for admissions may be served at any time, and interrogatories may be served in accordance with Local Rule 33.3 of this Court.

5.  The parties agree that the number of interrogatories should be increased to forty (40) per side. Each of the forty interrogatories may include subparts, which shall not count as separate interrogatories as long as they reasonably relate to the interrogatory,

6.  The parties agree that the number of fact depositions should be increased to twenty (20) per side. Each seven hour day of testimony responsive to a Rule 30(b)(6) Notice shall constitute one deposition regardless of the number of witnesses who testify.

7.  The parties shall submit a confidentiality stipulation and order to the Court for its approval or, if they are unable to agree, a motion for the entry of such an order, no later than twenty-one (21) days after entry of this Order by the Court. Pending the entry of a confidentiality order by the Court, confidential documents shall be produced, labeled and treated as confidential information for outside counsels' eyes only to be used solely for purposes of this litigation.

8. The deadline for completion of fact discovery in this action (the "Fact Discovery Cutoff") shall be March 27, 2009.

9. Any party may seek extension of the Fact Discovery Cutoff for good cause shown.

10. On or before September 15, 2008, the parties shall exchange letters identifying their respective preliminary asserted patent claims.

11. The parties shall disclose any opinions of counsel to be asserted as a defense to a charge of willful infringement no later than forty-five (45) days prior to the Fact Discovery Cutoff.

**Claim Construction Proceedings**

12. The parties shall exchange proposed terms and claim elements for construction on January 23, 2009.

13. The parties shall exchange preliminary claim constructions for the proposed terms, phrases and clauses *and other issues* on February 23, 2009.[1]

14. The parties shall meet and confer on joint claim construction issues by no later than March 9, 2009.[2]

---

[1] In addition, Plaintiff proposes that the parties shall exchange with their preliminary proposed constructions on February 23, 2009 the following: (1) the extrinsic evidence each party contends supports its positions and (2) the identity of any fact or expert witness on which they may rely to support their claim construction positions. The admission of extrinsic evidence and/or witness testimony during claim construction proceedings is generally restricted. Thus, although Defendants will not necessarily object to the admission of either during claim construction, an agreement to exchange the same at the beginning of the claim construction process is untimely and should be tabled until the parties are better able to discuss whether an admission of either is, in fact, warranted. Defendants will agree to discuss these issues during the parties' meet and confer conference.



[2] In addition, Plaintiff proposes that the parties shall submit a joint claim construction chart and prehearing statement to the Court on March 25, 2009. The claim construction chart and prehearing statement shall include: 1) the construction of those claim terms, phrases, or clauses

15. The parties shall exchange opening claim construction briefs on April 23, 2009.

16. The parties shall exchange responsive claim construction briefs on May 21, 2009.

17. The claim construction hearing shall be held in June 2009, on such date as may be convenient for the Court..

**Expert Discovery**

18. ~~The parties have not been able to agree on an expert discovery schedule.~~ Plaintiff ~~proposes~~ that ~~E~~xpert discovery will follow the Court's claim construction decision with opening expert reports due ~~thirty~~ forty-five days after the claim construction decision. Defendants believe that a date certain for expert discovery is needed. Defendants propose that opening expert reports be due on October 23, 2009, approximately 120 days after the claim construction hearing.

19. The parties agree that regardless of the date upon which open expert reports are due, the sequence of expert discovery shall be as follows: (i) burden-based expert reports in compliance with Fed. R. Civ. P. 26(a)(2)(B) shall be served first; (ii) rebuttal expert report(s) in compliance with Fed. R. Civ. P. 26(a)(2)(B) shall be served within thirty (30) days following service of burden-based expert report(s); (iii) reply expert report(s) in compliance with Fed. R. Civ. P. 26(a)(2)(B) shall be served within twenty-one (21) days following service of the rebuttal

---



on which the parties agree; 2) each party's proposed construction of each disputed claim term, phrase or clause, together with a preliminary identification of all references from the intrinsic record that supports those constructions; 3) an identification of any extrinsic evidence (including testimony of witnesses by declaration or otherwise) known to each party on which it intends to rely to support its proposed constructions or oppose the other party's constructions; 4) the anticipated length of time needed for the *Markman* hearing; 5) whether any party proposes to call one or more witnesses, including experts, at the *Markman* hearing, and including an identification of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert prior to the *Markman* hearing. As set forth in footnote 1, *supra*, Defendants do not believe that it is necessary to agree to this level of detail at this stage of the litigation. Defendants again agree to discuss these proposals during the parties meet and confer conference.

expert reports; and (iv) expert discovery will be completed within forty-five (45) days following service of reply expert report(s).

**Dispositive Motions**

20. The parties agree that all dispositive motions shall be filed no later than thirty-days (30) after the close of expert discovery. Any oppositions to any dispositive motions shall be filed no later than thirty (30) days following the submission of those motions. Any replies to any such motions shall be filed no later than twenty-one (21) days following the submission of those motions.

**Joining Additional Parties and Amending the Pleadings**

21. A motion for leave to amend pleadings or to join additional parties may be filed until 30 days after the Fact Discovery Cutoff.

**Service**

22. Service in this action for those papers not filed with the Court via ECF shall be, where practicable, effectuated by e-mail, and, by hand or by overnight mail.

**Electronic Discovery**

23. All relevant information produced in electronic form will be produced in tiff format with load files. Load files will include standard OCR (optical character recognition) data so that the tiff images are searchable. The parties have agreed to further discuss issues relating to the scope and exchange of electronically stored information, and currently have not had any disputes relating to the same.

It is so ordered.

New York, NY;
4-23, 2008

Robert W. Sweet, U.S.D.J.