UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



TOUCHTUNES MUSIC CORP.,

    Plaintiff,

against

ROWE INTERNATIONAL CORP., ARACHNID, INC., AMI ENTERTAINMENT, INC. and MERIT INDUSTRIES, INC. d/b/a/ MERIT ENTERTAINMENT,

    Defendants.

Case No. 07 CV 11450 (RWS)



## PROTECTIVE ORDER REGARDING CONFIDENTIALITY

WHEREAS, Touchtunes Music Corp., Rowe International Corp., Arachnid, Inc., AMI Entertainment, Inc., and Merit Industries, Inc. (collectively the "Litigants" and individually a "Litigant") recognize that pursuant to discovery or otherwise during the course of this action each Litigant, and possibly third-parties, ("Disclosing Party") may be required to disclose trade secrets and other confidential information as specifically defined in paragraphs 2(a) and 2(b) infra, as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure, the unrestricted disclosure of which would tend to cause injury to the Disclosing Party;

WHEREAS, the Litigants have, through counsel, stipulated to entry of this Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern and control the disclosure, dissemination, and use of confidential information in this action.

1. This Order shall govern the production, use, and disclosure of confidential information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom produced, used, or disclosed in connection with this action and designated in accordance with this Order ("PROTECTED INFORMATION"). Any Disclosing Party may designate PROTECTED INFORMATION as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and subject to the protections and requirements of this Order, if so designated in writing, by stamping the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the documents or information prior to production, or orally by so recording as part of a deposition or court record, pursuant to the terms of this Order.

2. Any Disclosing Party may designate any PROTECTED INFORMATION as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." In designating information and materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," counsel for a Disclosing Party will make such designation only as to that information that he or she in good faith believes to be "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as defined in Paragraph 2(a) or 2(b) of this Order.

a. Designation as "CONFIDENTIAL": Any Disclosing Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b. Designation as "ATTORNEYS' EYES ONLY": Any Disclosing Party may designate information as "ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by that party,

including but not limited to trade secret or other confidential research, development or other commercial information.

    3. In the case of a document, a designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be accomplished by marking the document with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." As to those documents that are produced for examination for the purposes of allowing opposing counsel to determine which of those documents opposing counsel desires copies, those documents shall be treated as "ATTORNEYS' EYES ONLY" pursuant to this Order, whether or not marked, until copies of the documents are requested and produced, at which time the produced documents and information therein shall be held pursuant to this Order based upon the designation, if any, marked upon the documents by the Disclosing Party.

    4. Whenever a deposition taken on behalf of any Litigant involves the disclosure of any PROTECTED INFORMATION of any party or third party:

    a. said deposition or portions thereof shall be designated as containing PROTECTED INFORMATION subject to the provisions of this Order; such designation shall be made on the record whenever possible; if no designation is made on the record, the entire deposition transcript for each deponent in this action and the information contained therein is to automatically be treated as "ATTORNEYS' EYES ONLY" for a period of time not to exceed 30 days after a party (or third party) receives a copy of the deposition transcript, during which time the party (or third party) may designate, in writing, specific portions of the transcript "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate;

    b. the Disclosing Party shall have the right to exclude from attendance at said deposition, during such time as the PROTECTED INFORMATION is to be disclosed, any

3

person other than the deponent, counsel (including their staff), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c. the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL"or "ATTORNEYS' EYES ONLY," as appropriate, and the original and or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

5. Information conveyed or discussed in testimony at a court hearing shall be subject to this Order provided it is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" orally or in writing either at the time the testimony is given or after receipt by the Disclosing Party of the transcript.

6. Subject to the provisions of Paragraphs 2 and 3, the failure to object to a designation of information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with this Order shall not preclude a Litigant at a later time from subsequently objecting to the designation of such information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." All Litigants shall treat all documents as "ATTORNEYS' EYES ONLY," no matter how designated, for a period of five (5) business days after said disclosure to permit a Disclosing Party who erroneously fails to designate certain information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to cure the error. Thereafter, the Litigants understand and acknowledge that failure of a Disclosing Party to designate information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" relieves the Litigants of obligations of confidentiality until such a designation is made, except as otherwise provided herein.

DSMDB-2445386v01

7. A Litigant that objects to the designation of any document or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall provide written notice of the objection to the Disclosing Party. The notice shall state with specificity the document objected to and the basis for the objection. If the dispute cannot be resolved, the objecting Litigant may move the Court requesting that the document(s) in question be redesignated. If such motion is brought by the objecting Litigant, the Disclosing Party shall bear the burden of establishing the confidentiality of the document(s) in question. No Litigant shall be under any obligation to object to any designation of confidentiality at the time such designation is made, or any time thereafter. No Litigant shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such a designation at any time thereafter. Each Litigant additionally acknowledges that nothing in this Order shall prevent interested members of the public from challenging the propriety of a "CONFIDENTIAL" information or "ATTORNEYS' EYES ONLY" information designation of documents and/or categories of documents by petitioning this Court.

8. Other than by the Disclosing Party, any information or document designated as "CONFIDENTIAL" shall be used solely in connection with these actions and shall not be used in any other manner by a Litigant. Any such designated information or documents shall not be disclosed to anyone other than:

    a. the Court and court personnel;

    b. court reporters taking testimony in this action and their necessary stenographic, videographic, and clerical personnel;

    c. outside counsel of record for the Litigants and outside counsel's employees;

    d. only those employees of a Litigant who require the information to assist the attorneys involved in this action or to evaluate this action for settlement discussions, provided,

however, that before any employee of a Litigant is shown or receives any information or document designated as "CONFIDENTIAL," he or she must execute a Declaration in the form and scope of Exhibit A attached hereto, and the procedures of paragraph 11 should be followed;

 e. experts, investigators, translators, graphic artists or animators, jury consultants, and mock jury members that are not presently employees of a Litigant ("Service Providers"), provided, however, that before any Service Provider is shown or receives any information or document designated as "CONFIDENTIAL," he or she must execute a Declaration in the form and scope of Exhibit A attached hereto and the procedures of Paragraph 11 shall be followed.

 9. Other than by the Disclosing Party, any information or document designated as "ATTORNEYS' EYES ONLY" shall be used solely in connection with this actions and shall not be used in any other manner by a Litigant. Any such designated information or documents shall not be disclosed to anyone other than:

 a. the Court and court personnel;

 b. court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel;

 c. outside counsel of record for the Litigants and outside counsel's employees;

 d. Service Providers assisting outside counsel for the Litigants, provided, however, that before any Service Provider is shown or receives any information or document designated as "ATTORNEYS' EYES ONLY," he or she must execute a Declaration in the form and scope of Exhibit A attached hereto and the procedures of Paragraph 9 shall be followed.

 10. With respect to material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its author, addressee or recipient of a copy thereof, may be shown the same.

11. The attorneys of record for each of the Litigants shall retain the original, executed Declarations (in the form and scope of Exhibit A hereto) that have been executed by that Litigant and/or its employees and that Litigant's Service Providers. It shall be sufficient for a Service Provider to execute the Declaration on behalf of the members and employees of his or her firm and of any mock jurors; no additional Declarations are necessary from such members, employees and mock jurors. Prior to disclosure of any documents or information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any person required to execute a Declaration here under, a copy of the executed Declaration shall be served upon opposing counsel. If disclosure is made to a consulting or testifying expert, the Declaration will be accompanied by a copy of such person's curriculum vitae, a general statement of any prior or current relationship or connection with any Litigant, and a list of all cases in which such person has been deposed or testified as an expert within the past four years. Any such disclosure of experts does not confer any right to seek discovery beyond that permitted by the federal rules of civil procedure. Disclosure of a consulting expert does not allow discovery of that expert by any of the non-disclosing Litigants, and the fact that a consulting expert has been retained cannot be admissible at trial for any purpose. Opposing counsel shall make any objections to the disclosure to any employee of a Litigant or any consulting or testifying expert in writing no later than five (5) business days from the date of receipt. No such disclosure shall occur until the objection is resolved or the Court grants a motion permitting the disclosure. The burden to file any such motion is on the Litigant that seeks to make the disclosure. Any such objections to the disclosure must be in good faith and not interposed for purposes of delay or harassment.

12. Whenever any document designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or any pleading designated as containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information is filed with the Court, such document or pleading

7

shall be filed under seal and shall display a bold heading on its first page in substantially the following form: "FILED UNDER SEAL SUBJECT TO PROTECTIVE ORDER." The Clerk of the Court is directed to maintain under seal only those documents and transcripts of deposition testimony filed in the Court in this litigation which have been designated, in whole or in part, as "CONFIDENTIAL" information or "ATTORNEYS' EYES ONLY" information by a Litigant. Such designation shall be readily visible and legible on at least the cover of each such document and/or transcript filed with the Court.

13. Unless otherwise permitted herein, within sixty (60) days after the final disposition of the action, including all appeals therefrom, all documents (originals and copies) designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and all excerpts therefrom in the possession, custody, or control of Litigants other than the Disclosing Party, and Service Providers shall be destroyed or returned to counsel for the Disclosing Party. Notwithstanding the foregoing, outside counsel of record for Litigants other than the Disclosing Party may retain one copy of each document, pleading, trial exhibit, deposition exhibit, work product, and transcript embodying documents or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" for archival purposes only, but shall destroy or return all additional copies of such documents, pleadings, trial exhibits, deposition exhibits, work product, and transcripts. Upon request, the Litigants and their counsel shall separately provide written certification to the Disclosing Party within sixty (60) days after the final disposition of these actions, including any time for appeal, that the actions required by this paragraph have been completed.

14. The Court shall retain jurisdiction over the Litigants for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary, and any Litigant or third party may

apply to the Court at any time for an amendment, modification, or addition to this Order. This Order shall survive the final disposition of the action, by judgment, dismissal, settlement, or otherwise.

15. A Litigant or person in receipt of documents or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" hereunder who is required to disclose the document or information pursuant to any law, regulation, order, or rule of any governmental authority, shall make reasonable efforts to promptly notify (in writing) the Disclosing Party, through their counsel, to provide them sufficient time to limit or oppose such disclosure. To the extent possible, and without violating any applicable laws, such notice shall be at least ten (10) business days before such disclosure is required.

16. In the event that anyone violates or threatens to violate the terms of this Order, the Litigants agree that the aggrieved Disclosing Party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved Disclosing Party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved Disclosing Party possesses an adequate remedy at law.

17. Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any Litigant or third party that any information or documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims any Litigant or third party may have against one another Litigant or a third party. Neither this Order nor any stipulation therefore shall be deemed to expand the scope of discovery in these actions

beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to these actions.

18. Inadvertent production of documents subject to work product immunity or the attorney-client privilege or any other privilege or immunity shall not constitute a waiver of the immunity or privilege, provided that the Disclosing Party notifies the Litigant in writing via facsimile, with confirmation by first-class mail, of such inadvertent production immediately upon learning of same. Litigants who receive potentially inadvertently produced documents that reasonably appear to be subject to work product immunity or the attorney-client privilege or any other privilege or immunity shall immediately notify the Disclosing Party of said potentially inadvertent production and await instructions from the Disclosing Party. Such inadvertently produced documents, and all copies thereof, shall be returned to the Disclosing Party upon request immediately. Nothing in this Protective Order shall prevent any Litigant from requesting that the Court order the production of any such inadvertently produced documents. Nothing in this Protective Order prevents any Litigant or third party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to work product immunity or attorney-client privilege.

19. Nothing in the Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing. Any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding over this action. A Litigant intending to introduce confidential information or documentation at any hearing or trial in this action will request a sidebar with the Court for a ruling on how the information or documentation is to be treated.

20. Nothing in this Order shall bar or otherwise restrict any qualified attorney herein from rendering advice to his or her client with respect to this litigation and, in the course thereof,

relying upon his examination of information or documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," provided that no disclosure of the substance of any such information shall be made except to those permitted to access such documents or information in accordance with this Order.

21. The Litigants agree to abide by and be bound by the terms of this Order upon signature hereof as if the Order had been entered on that date.

IT IS SO ORDERED:
Date: _____[signature]_____  6-2-08
United States District Judge
Hon. Robert W. Sweet

Date: 5/30/08          By: ___[signature]___   TOUCHTUNES MUSIC CORP.
One of its Attorneys

Date: 5/30/08          By: ___[signature]___   ROWE INTERNATIONAL CORP.
One of its Attorneys

Date: May 30, 2008     By: ___[signature]___   ARACHNID, INC.
One of its Attorneys

Date: 5/30/08          By: ___[signature]___   AMI ENTERTAINMENT, INC.
One of its Attorneys

Date: 5/30/08          By: ___[signature]___   MERIT INDUSTRIES, INC.
One of its Attorneys

**EXHIBIT A**

**DECLARATION OF CONSENT TO BE BOUND BY PROTECTIVE ORDER**

**DECLARATION OF** _____ (Name of Declarant) regarding Stipulated Protective Order entered in Touchtunes Music, Inc. v. Rowe International Corp. *et al.*, Case No 07 CV 11440 in the United States District Court for the Southern District of New York.

I, _____, declare as follows

1. My address is _____.

2. If I am an expert (consulting or testifying), a copy of my curriculum vitae is attached. I have not worked for or on behalf of a party to this case, except as an outside expert for purposes of litigation, at any time in the past five years, and have no current intention or offer to do so.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have received a copy of the Stipulated Protective Order Regarding Confidentiality entered in this action on _____.

6. I have carefully read and understood the provisions of the Stipulated Protective Order Regarding Confidentiality.

7. I will comply with all of the provisions of the Stipulated Protective Order Regarding Confidentiality.

8. In accordance with the provisions of the Stipulated Protective Order Regarding Confidentiality, I will hold in confidence, and will use only for the purposes of assisting in the resolution of disputes between the parties to this action, any information or documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

9. I will return all documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the party who disclosed or furnished such documents to me promptly upon the request of counsel for such party, or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of this action.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcement against me of the terms of the Stipulated Protective Order Regarding Confidentiality and of the terms of this Declaration.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ in _____.

_____
(Signature)