Tonia Ouellette Klausner (tklausner@wsgr.com)
Joshua A. Plaut (jplaut@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
(212) 999-5800 (Telephone)
(212) 999-5899 (Facsimile)

*Attorneys for Non-Party Google Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TOUCHTUNES MUSIC CORP., <br><br> Plaintiff, <br><br> v. <br><br> ROWE INTERNATIONAL CORP., ARACHNID, INC., AMI ENTERTAINMENT, INC. and MERIT INDUSTRIES, INC. d/b/a MERIT ENTERTAINMENT, <br><br> Defendants. | Civil Action No. 07 Civ. 11450 (RWS) |
| ARACHNID, INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> TOUCHTUNES MUSIC CORP., <br><br> Counterclaim Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY GOOGLE INC.'S MOTION TO QUASH SUBPOENAS FOR DOCUMENTS AND TESTIMONY SERVED BY DEFENDANT/COUNTERCLAIM PLAINTIFF ARACHNID, INC.**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ..................................................................................... 1

BACKGROUND ........................................................................................................... 2

ARGUMENT ................................................................................................................. 6

I.     THE INFORMATION SOUGHT FROM GOOGLE IS UNREASONABLY
       CUMULATIVE AND DUPLICATIVE AND IS MORE READILY
       AVAILABLE FROM TOUCHTUNES........................................................................ 7

II.    THE INFORMATION SOUGHT IS NOT RELEVANT AND MATERIAL TO
       ARACHNID'S INFRINGEMENT CLAIMS AGAINST TOUCHTUNES..................... 10

III.   THE ARACHNID SUBPOENAS ARE UNDULY BURDENSOME TO THE
       EXTENT THEY SEEK A DEPOSITION OF GOOGLE ............................................. 12

CONCLUSION............................................................................................................... 13

Pursuant to Federal Rule 45(c), non-party Google Inc. ("Google"), by and through its undersigned counsel, brings the present motion to quash subpoenas for documents and testimony served on it by Arachnid, Inc. ("Arachnid"), Defendant and Counterclaim Plaintiff in the above-captioned action.

## PRELIMINARY STATEMENT

Arachnid has served Google with subpoenas demanding information that it also has sought from Plaintiff/Counterclaim Defendant TouchTunes Music Corporation ("TouchTunes"), which it has admitted is more appropriately obtained from TouchTunes, and which is otherwise irrelevant.  In addition, the deposition subpoena is overbroad and unduly burdensome.  Such subpoenas are impermissible under the Federal Rules of Civil Procedure.  Accordingly, pursuant to Federal Rule 45(c), Google brings this motion to quash Arachnid's subpoenas.

Arachnid has insisted that Google respond to these subpoenas immediately and in their entirety, notwithstanding the fact that Arachnid has in its possession more than 600,000 pages of documents from TouchTunes that are responsive to virtually identical document requests to TouchTunes, and which Arachnid admittedly has not yet reviewed.  Arachnid also insists on a deposition of a Google representative even though the topics it seeks to cover with Google substantially overlap with the topics for the deposition Arachnid has noticed of TouchTunes. Case law in this Circuit and from this Court make clear that such duplicative and cumulative discovery of non-parties will not be permitted.  Moreover, Arachnid has failed to explain how the requested discovery is relevant and material to its patent infringement claim against TouchTunes.  It is hard to understand how TouchTunes would not be in the best position to explain how it conceived of, developed, manufactured, and implemented the processes that are at issue in this action.  To the extent Arachnid seeks information about functions and capabilities that are not utilized by TouchTunes, such information has no bearing on the conduct at issue— whether TouchTunes processes infringe Arachnid's patents.  Indeed, in support of its venue transfer motion, Arachnid argued emphatically that information from DoubleClick was not relevant to any specific patent-related issue, and to the extent that DoubleClick and other non-

1

parties had any potentially relevant information, it would be largely duplicative of information to be provided by TouchTunes.

Although Google requested that Arachnid first review TouchTunes' documents and take TouchTunes' deposition in order to determine whether non-party Google is likely to have any non-duplicative, relevant and material information, Arachnid has insisted that Google produce documents on an expedited schedule, and permit the deposition of a Google representative *before* learning about TouchTunes' systems from the deposition of a TouchTunes representative. Arachnid has provided no explanation for its insistence that Google expend time and resources on discovery that may be wholly unnecessary after Arachnid reviews TouchTunes' documents and learns about TouchTunes' systems from a TouchTunes witness. In light of all of these circumstances, this Court should spare Google the time and expense that would be required to gather, review and produce documents, and to prepare a witness for a deposition on expansive topics going well beyond information about TouchTunes' systems, by quashing the subpoenas in their entirety.

## **BACKGROUND**

**This Action**

It is Google's understanding that TouchTunes owns and operates a network of digital-downloading, pay-per-play commercial jukeboxes ("Video Jukeboxes"), which have been installed in over 30,000 bars, restaurants, retail establishments and other locations in North America. Declaration of Nathan Don, dated July 20, 2009, in support of Google's Motion to Quash Subpoenas for Documents and Testimony Served by Defendant/Counterclaim Plaintiff Arachnid, Inc. ("Don Decl.") at ¶ 4. By its Complaint dated December 20, 2007, TouchTunes has sought declarations of non-infringement and invalidity as to certain Arachnid patents. *See* Compl. ¶¶ 26, 58-66, 76-126, 133-162. By its Counterclaims dated February 15, 2008, Arachnid has asserted patent infringement claims against TouchTunes as to certain of these patents. *See* Counterclaims at ¶¶ 11-42. Google understands from its discussions with TouchTunes' and Arachnid's respective counsel that the patent claims at issue relate to digital advertisement

delivery functionalities, such as the number of times to display a particular advertisement, and do not pertain to the reporting features of any digital advertising management system. *See* Declaration of Joshua A. Plaut, dated July 21, 2009, in Support of Non-Party Google Inc.'s Motion to Quash Subpoenas for Documents and Testimony Served by Defendant/Counterclaim Plaintiff Arachnid, Inc. ("Plaut Decl.") at ¶¶ 2, 3.

**DoubleClick and TouchTunes**

Google, via its acquisition of DoubleClick, is a leading a provider of digital advertising technology and services. Don Decl. ¶ 1.[1] Google's DoubleClick products and services are designed to permit advertisers and the publishers of advertisements to traffic, target, deliver, and report on their advertising campaigns. *Id.* ¶ 2. One of the main DoubleClick products is known as DART for Publishers ("DFP"). *Id.* ¶ 3. DFP automates the management of advertisement inventory for publishers. *Id.* In early 2008, DoubleClick entered into a Master Services Agreement and a DART Service Attachment for Publishers (collectively, the "DFP Agreement") with TouchTunes. *Id.* ¶ 5. TouchTunes informed DoubleClick at the time the DFP Agreement was entered that it was contracting for the DFP service because certain of TouchTunes' key advertisers wanted TouchTunes to implement DFP's digital advertisement reporting system, which generates metrics as to the effectiveness of digital advertisements and permits revenue reporting down to the individual jukebox level. *Id.* ¶ 6. DFP's reporting system is regarded as the most accurate and reliable such system available on the market. *Id.* TouchTunes also informed DoubleClick that it would have a customized ad serving platform so it would not be using DFP to directly manage delivery of advertisements on a jukebox. *Id.* ¶ 7. It is Google's understanding that TouchTunes uses DFP to (a) retrieve digital advertisements, (b) record the number of ad impressions delivered by TouchTunes on its Video Jukeboxes, and (c) return that

---

[1] Following Google's acquisition of DoubleClick in March 2008, DoubleClick was merged into Google and no longer exists as a separate legal entity. Google is a Delaware Corporation with its headquarters in Mountain View, California.

information back to DFP's reporting system. *Id.* ¶ 8.  Google's counsel has conferred with counsel for TouchTunes, who confirmed that TouchTunes uses its own ad serving platform and uses DFP only to manage the reporting functions of its digital jukebox advertising. *See* Plaut Decl. at ¶ 2.

**Arachnid's Discovery Requests to TouchTunes**

On or about June 10, 2008, Arachnid served its first set of document requests on TouchTunes. *Id.* ¶ 6 & Ex. A.  Arachnid has received more than 600,000 pages of documents in response to these document requests. *Id.* ¶ 8 & Ex. C (Letter from P. McAndrews to T. Klausner and J. Plaut, dated July 16, 2009 (the "July 16 Letter"), at 1 n.1).  Arachnid has admitted that it has not yet reviewed these 600,000 pages of documents. *Id.*  On or about July 2, 2009, Arachnid served TouchTunes with notice of a Rule 30(b)(6) deposition. *Id.* ¶ 7 & Ex. B.  This deposition notice also requested additional documents from TouchTunes. *Id.*  The Rule 30(b)(6) notice seeks deposition of one or more TouchTunes corporate representatives beginning on August 3, 2009. *Id.*

**Arachnid's Subpoenas to Google**

Arachnid has issued two subpoenas to Google.  The first subpoena, entitled "Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action" was issued on or about June 19, 2009. *Id.* ¶ 9 & Ex. D.  This first subpoena commanded Google to appear for purposes of a deposition on July 20, 2009 in New York, New York.[2] *Id.*  Google served its objections to this first subpoena on or about June 30, 2009. *Id.* ¶ 10 & Ex. E.  The second subpoena, entitled "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises", was served by Arachnid on July 6, 2009. *See id.* ¶ 11 & Ex. F.  This second subpoena commanded Google to produce and permit inspection and copying of documents in New York, New York on July 21, 2009. *Id.*  Google served its objections to this second subpoena on July

---

[2] On July 8, 2009, Arachnid's counsel agreed to "temporarily postpone" the July 20, 2009 Google deposition. *See* Plaut Decl. ¶ 13 and Ex. H.

20, 2009. *See id.* ¶ 12 & Ex. G. The foregoing two subpoenas are referred to collectively herein as the "Arachnid Subpoenas" or the "Subpoenas".

Google's counsel has conferred with counsel for Arachnid, who has been unable to articulate how any non-duplicative Google information pertains to his client's patent infringement claims against TouchTunes. *Id.* ¶ 3, 8 & Ex. C (July 16 Letter). Instead, Arachnid has maintained the position that Arachnid is entitled to all of Google's documents pertaining to TouchTunes (plus an extremely burdensome deposition of a Google witness) simply because TouchTunes identified DoubleClick as a potential New York-based witness in response to Arachnid's venue transfer motion. *Id.* Notably, in its reply papers in support of its transfer motion, Arachnid argued strenuously that any information to be provided by TouchTunes' newly identified witnesses would be duplicative of topics to be covered by TouchTunes employees. *See* Defendant Arachnid, Inc.'s Reply in Support of its Motion to Transfer Venue (Docket No. 59).

Further, Arachnid has rejected Google's imminently reasonable proposal that the Arachnid Subpoenas be withdrawn (or at least held in abeyance) until: (1) Arachnid has reviewed the documents that have been produced to it by TouchTunes; and (2) Arachnid has deposed a TouchTunes representative pursuant to Federal Rule 30(b)(6). *Id.* ¶¶ 4-5, 8 & Ex. C (July 16 Letter at 2). Instead, Arachnid proposes merely to attempt to narrow somewhat the scope of the Arachnid Subpoenas, and it will only agree to do so if Google agrees to produce documents on an expedited basis. *Id.* ¶ 5. Finally, Arachnid has insisted that it is entitled to depose a Google witness, and it has insisted that such deposition should go forward in advance of the Rule 30(b)(6) deposition that it has noticed of TouchTunes. *Id.* ¶ 4. Because of Arachnid's insistence on burdening Google by requiring it to search for and produce documents that Arachnid may not need, and requiring Google to incur the significant employee time and legal expense of preparing for a far-reaching deposition that may be entirely unnecessary, Google has been forced to bring the present motion.

## **ARGUMENT**

This Court has the discretion to quash any subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv); *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 68 (2d Cir. 2003). Further, a subpoena is subject to the requirements imposed by Rule 26. *See, e.g.*, *ResQNet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578 (RWS), 2004 WL 1627170, at *2 (S.D.N.Y. July 21, 2004). Pursuant to Rule 26, a subpoena should be quashed *inter alia*, if the discovery it seeks is "'unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive.'" *ResQNet.com*, 2004 WL 1627170, at *2 (quoting Rule 26(b)(2)). Likewise, a subpoena should be quashed where the issuing party fails to "demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 Civ. 1382 (RWS), 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003).

Where non-party discovery is sought, "the Court should be particularly sensitive to weighing the probative value of information sought against the burden of production on the non party." *Fears v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911 (HB)(HBP), 2004 WL 719185, at *1 (S.D.N.Y. April 1, 2004) (quashing 16 of 18 non-party document demands *in toto* and quashing two others in part); *see also In re Blackstone Partners, L.P.*, No. 04 Civ. 7757 (NRB), 2005 WL 1560505, at *3 (S.D.N.Y. July 1, 2005) (affirming Bankruptcy Court order quashing non-party subpoenas); *Night Hawk Ltd.*, 2003 WL 23018833 at *8 (quashing non-party subpoena and awarding sanctions against issuing party). In determining whether a non-party subpoena poses an undue burden to a responding non-party, this Court has considered such factors as "relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Night Hawk Ltd.*, 2003 WL 23018833 at *8 (internal quotation omitted).

Here, and as explained in more detail below, this Court should grant Google's motion to quash the Arachnid Subpoenas for three independent reasons. First, the information sought by the Subpoenas is almost entirely duplicative of information that Arachnid has already sought

from TouchTunes.  Second, Arachnid has failed to show that the information it seeks from
Google is relevant and material to the patent infringement claims in this action.  Third, the
Arachnid Subpoenas are unduly burdensome to the extent that they seek a deposition of Google
on a long list of extremely broad topics going well beyond the relationship between DoubleClick
and TouchTunes, and which would require Google and its counsel to expend significant time
preparing in order to present a knowledgeable witness or witnesses.

I.   **THE INFORMATION SOUGHT FROM GOOGLE IS UNREASONABLY
     CUMULATIVE AND DUPLICATIVE AND IS MORE READILY AVAILABLE
     FROM TOUCHTUNES**

First and foremost, the Subpoenas should be quashed because they are overwhelmingly
duplicative of Arachnid's existing discovery requests to TouchTunes.  There can be no doubt
that obtaining the information sought directly from the opposing party in the litigation would be
more convenient, less burdensome, and less expensive than requiring non-party Google to
produce the same documents and prepare for and sit for a deposition covering the same topics to
be covered by TouchTunes.  As set forth in the chart below, the document demands attached to
the subpoena to Google call for essentially a subset of the documents Arachnid has sought from
TouchTunes in document requests and a document demand attached to Arachnid's Rule 30(b)(6)
deposition notice to TouchTunes:

| DoubleClick Document Demand (Plaut Decl. Ex. F) | Substantially Similar Discovery Sought From TouchTunes | |
|---|---|---|
| | **Document Request** (Plaut Decl. Ex. A) | **Depo. Topic / Doc. Request** (Plaut Decl. Ex. B) |
| 1 | 5 | |
| 2 | 8 | |
| 3 | 9 | |
| 4 | 10 | |
| 5 | 11 | |
| 6 | 13 | |
| 7 | 14 | |
| 8 | 15-16 | |
| 9 | 17 | |

7

| DoubleClick Document Demand (Plaut Decl. Ex. F) | Substantially Similar Discovery Sought From TouchTunes | |
|---|---|---|
| | Document Request (Plaut Decl. Ex. A) | Depo. Topic / Doc. Request (Plaut Decl. Ex. B) |
| 10 | 19 | |
| 11 | 20 | |
| 12 | -- | 11 |
| 13 | – | 14 |
| 14 | – | 15 |
| 15 | – | 16 |
| 16 | – | 27 |
| 17 | – | 35 |

Similarly, the topics that Arachnid has noticed for the proposed Google deposition are duplicative of deposition topics that Arachnid has identified for its deposition of TouchTunes:

| DoubleClick Deposition Topic (Plaut Decl. Ex. D) | TouchTunes Deposition Topic (Plaut Decl. Ex. B) |
|---|---|
| 1 | 11 |
| 2 | 14 |
| 3 | 11 |
| 4 | 15 |
| 5 | 16 |
| 6 | 17 |
| 7 | 18 |
| 8 | 11 |
| 9 | |

Indeed, in its venue transfer papers, Arachnid itself recognized that any information to be provided by Google (and the other newly-identified witnesses) would be entirely duplicative and more easily obtained directly from TouchTunes:

> A DoubleClick employee is disclosed for the "functionality of DoubleClick's management system as it relates to Touchtunes' jukeboxes. This is a red herring. The functionality of <u>Touchtunes</u>' accused products is far better left to those

8

<u>Touchtunes</u>' employees <u>actually involved</u> with the design, development or
production of the accused <u>Touchtunes</u> products . . . .

Docket No. 59 at 5 (emphasis in original).

Because the discovery that Arachnid seeks from Google is duplicative and cumulative of
discovery that it has already sought (and presumably will obtain) from TouchTunes, the
Arachnid Subpoenas should be quashed in their entirety. *See, e.g., Asset Value Fund Ltd.
Partnership v. Care Group, Inc.*, No. 97 Civ. 1487 (DLC)(JCF), 1997 WL 706320, at *9
(S.D.N.Y. Nov. 12, 1997) (quashing subpoena that bore no "substantive differences" from
document request served on party); *Musarra v. Digital Dish, Inc.*, Civil Action No. 2:05-CV-
545, 2008 WL 4758699, at *4 (S.D. Ohio Oct. 30, 2008) ("[T]he Court will not impose on this
non-party the burden of producing documents presumably available to plaintiffs from a party to
this litigation.").

Moreover, at this time Arachnid is not even in a position to say whether it needs any
information from Google that cannot be obtained from TouchTunes, because it has not yet
meaningfully reviewed TouchTunes' production, and it has not yet conducted its deposition of
TouchTunes on the same topics it seeks to cover in a deposition of Google. By its own
admission, Arachnid has received more than 600,000 pages of documents from TouchTunes that
it has not yet reviewed. Plaut Decl. ¶ 8 & Ex. C (July 16 Letter at 1 n.1). Yet these documents
may well contain all or at least a significant portion of the same information also sought from
Google. Based on Arachnid's failure to review the TouchTunes documents (and by its refusal to
hold the Arachnid Subpoenas in abeyance pending its review of these documents and the
deposition of TouchTunes' 30(b)(6) witness(es)), Arachnid has provided a strong basis for
quashing the Subpoenas. Rule 26 authorizes the Court to deny or otherwise limit discovery that
is "unreasonably cumulative or duplicative, or can be obtained from other source that is more
convenient, less burdensome, or less expensive . . . ." Fed. R. Civ. P. 26(b)(2)(C)(i). Here,
nearly all of Arachnid's document demands of Google, *see* Plaut Decl. ¶ 11 & Ex. F, are wholly
duplicative of document requests that it has made of TouchTunes, *see id.* ¶¶ 6-7 & Exs. A, B. If

9

after reviewing the documents produced and to-be produced by TouchTunes, and after having deposed a TouchTunes witness, Arachnid determines that Google is likely to have information about TouchTunes's system that is not in TouchTunes's possession, it can seek leave from the Court to serve a very narrowly tailored subpoena seeking any such non-duplicative documents at that time.

## II.    THE INFORMATION SOUGHT IS NOT RELEVANT AND MATERIAL TO ARACHNID'S INFRINGEMENT CLAIMS AGAINST TOUCHTUNES

Arachnid has utterly failed to carry its burden of "demonstrating" that the discovery it seeks from Google is "relevant and material" to the claims and defenses asserted in the present action. *See Night Hawk Ltd.*, 2003 WL 23018833, at *8. Despite requests from Google's counsel, *see* Plaut Decl. ¶¶ 3, 8 & Ex. C (July 16 Letter), Arachnid has failed to provide even the most cursory explanation as to how the DoubleClick DFP applications could have *any* relevance to the question of whether the Arachnid Patents have been infringed *by systems designed by TouchTunes*. Nor has Arachnid provided Google with any information concerning its proposed claim constructions and infringement contentions.

Instead, Arachnid has merely parroted very general statements made by TouchTunes about DoubleClick in connection with TouchTunes' opposition to Arachnid's motion to transfer. *See, e.g., id.* ¶ 8 and Ex. C (July 16 Letter at 2-3). But mere reference to TouchTunes' statements about DoubleClick (which were made by TouchTunes solely for the purpose of bolstering this action's ties to the Southern District of New York) is not sufficient to satisfy Arachnid's burden of demonstrating that the sought discovery is relevant. Rather, under *Night Hawk Ltd.*, Arachnid is obligated to demonstrate that Google's information relating to TouchTunes is relevant to Arachnid's claim that TouchTunes is infringing its patents. 2003 WL 23018833, at *8. Arachnid has failed to provide any coherent explanation as to how TouchTunes's use of the DFP applications to (a) retrieve digital advertisements, (b) record the number of ad impressions delivered by TouchTunes on its Video Jukeboxes, and (c) return that information back to DFP's reporting system has any bearing on its infringement claims. Nor has

Arachnid provided any basis to suggest that TouchTunes has used the DFP applications for any other functions. *See* Plaut Decl. ¶ 3. And DFP's capabilities that TouchTunes has not utilized have no connection to the case whatsoever.

Indeed, Arachnid itself previously took the position that information from DoubleClick is irrelevant to the present action. As stated in Arachnid's Reply in Support of its Motion to Transfer Venue:

> TouchTunes' new found New York witnesses [including DoubleClick] are not bona fide. The supposed information proffered by these people is of limited value, at best, to any claim or defense in the lawsuit. Touchtunes offers no explanation as to how the new topics are relevant to any specific patent-related issue . . . . Moreover, the fact that Touchtunes has served zero third party subpoenas after 18 months of litigation demonstrates exactly how relevant that third party testimony really is to the presentation of Touchtunes' case. These alleged new witnesses should be ignored by this Court for purposes of the current Motion.

Docket Entry No. 59, at 6 (emphasis in original). Having argued emphatically that DoubleClick documents and information are irrelevant to this action, Arachnid's diametrically opposite arguments ring hollow.

At best, Arachnid may be speculating that information in Google's possession could bolster its case against TouchTunes. Courts in this District have rejected such speculative bases for discovery requests. *See, e.g., Sommer v. Aronow,* No. 95 Civ. 9230 (LMM), 1996 WL 399820, at *3 (S.D.N.Y. July 16, 1996) (information not relevant to "subject matter involved" in action if inquiry is based on "party's mere suspicion or speculation"). At worst, the Arachnid Subpoenas are an attempt to search Google's business records for purposes of developing an infringement case against Google. Unquestionably, such an inappropriate fishing expedition would be an abuse of the discovery process. *See id.; see also Micro Motion, Inc. v. Kane Steel Co., Inc.,* 894 F.2d 1318, 1327-28 (Fed. Cir. 1990) (affirming order quashing non-party subpoena where issuing party was engaged in "fishing expedition").

## III.   THE ARACHNID SUBPOENAS ARE UNDULY BURDENSOME TO THE EXTENT THEY SEEK A DEPOSITION OF GOOGLE

Even if Arachnid could establish that some limited and specified information from Google was (1) relevant and material to its infringement claims, and (2) non-duplicative of information already sought from TouchTunes, the deposition of a Google witness would still be unduly burdensome.  Arachnid's deposition notice seeks testimony on nine extremely broad topics, including:

3. The design, evolution, research, development, manufacture, configuration, structure, operation, performance, features, benefits, advantages, intended use(s), and manner(s) of use of all advertising and/or promotional platforms designed, developed, or implemented by DoubleClick for Touchtunes, including:

   a.    all project names, internal names, model names, model numbers, concept names, or predecessor names that refer or relate to advertising and/or promotional platforms designed, developed, or implemented by DoubleClick for Touchtunes;

   b.    the date(s) which [sic] advertising and/or promotional platforms designed, developed, or implemented by DoubleClick for Touchtunes were first used in a commercial setting, both within and outside of the United States;

   c.    any testing, study, and/or analysis of advertising and/or promotional platforms designed, developed, or implemented by DoubleClick for Touchtunes during the 2001-2009 timeframe;

   d.    all hardware and/or software, including software upgrades and third-party software, that enable Touchtunes Digital Jukeboxes to display advertisements or promotions;

   e.    any meetings and/or documents referring or relating to any portions of this topic.

* * * * *

6. Research and development referring to or relating to the advertising and promotion platform enabling Touchtunes Digital Jukeboxes to display advertisements or promotions, whether conducted by DoubleClick or a third party, such as Touchtunes.

12

Because DFP has many non-customized aspects, these requests would require a witness to learn essentially every aspect of the DFP platform, including all research and development efforts undertaken by DoubleClick and Google with respect to the platform. Other proposed deposition topics similarly seek testimony on the DFP service generally, regardless of whether or not TouchTunes actually utilized any particular function or feature. *See, e.g.,* Topic 2 (seeking testimony regarding "the ability" of the DoubleClick platform to perform certain functions). Such fishing expeditions for information that Arachnid may wish to use in another action are patently improper. *See, e.g., Night Hawk Ltd.,* 2003 WL 23018833, at *8; *see also Micro Motion, Inc.,* 894 F.2d at 1327-28. Moreover a deposition on even just these two topics would require a witness to learn every meeting and document between DoubleClick and TouchTunes as well as every meeting and document "referring or relating to" the DFP platform. It would take weeks for a Google witness (and more likely multiple witnesses) to be fully prepared to testify on these broad topics, let alone all of the nine topics set forth in the subpoena. Under similar circumstances, courts have exercised their discretion to quash in their entirety such overly broad and unduly burdensome subpoenas to non-parties. *See, e.g., Intermec Technologies Corp. v. Palm, Inc.,* No. C 09-80098 MISC WHA, slip op. at 2, 4 (N.D. Cal. May 15, 2009) (quashing document and deposition subpoenas in their entirety and noting that "[r]equests to non-parties should be narrowly drawn to meet specific needs for information") (Plaut Decl. ¶ 14 & Ex. I). We therefore respectfully submit that even if Google is required to produce a limited set of non-duplicative documents that are relevant and material to Arachnid's claims, the Court should exercise its discretion to quash the deposition subpoena in its entirety.

## CONCLUSION

For all the reasons stated above, Google requests that this Court quash the Arachnid Subpoenas. Furthermore, Google respectfully requests that, pursuant to Rule 45(c)(1), Arachnid be ordered to pay those attorneys fees incurred by Google in connection with its response to the Arachnid Subpoenas, including, without limitation, its assertion of the present motion. *See, e.g., Night Hawk Ltd.,* 2003 WL 23018833, at *9 (sanctions properly imposed and attorney's fees

awarded where party issuing improper subpoena refused to withdraw it, requiring non-party to
institute motion to quash).


Dated:  July 21, 2009                    Respectfully submitted,

                                         WILSON SONSINI GOODRICH & ROSATI
                                         Professional Corporation

                                         By:        s/ Tonia Ouellette Klausner
                                                 Tonia Ouellette Klausner  (tklausner@wsgr.com)
                                                 Joshua A. Plaut (jplaut@wsgr.com)
                                                 WILSON SONSINI GOODRICH & ROSATI, P.C.
                                                 1301 Avenue of the Americas, 40th Floor
                                                 New York, New York 10019
                                                 (212) 999-5800 (Telephone)
                                                 (212) 999-5899 (Facsimile)

                                         *Attorneys for Non-Party Google Inc.*