UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOUCHTUNES MUSIC CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>ROWE INTERNATIONAL CORP., ARACHNID, INC., AMI ENTERTAINMENT, INC. AND MERIT INDUSTRIES, INC.,<br><br>      Defendants. | Civil Action No. 07 Civ. 11450 (RWS) |

**DEFENDANT ARACHNID, INC.'S SUR-REPLY IN FURTHER
OPPOSITION TO NON-PARTY GOOGLE INC.'S MOTION TO QUASH
SUBPOENAS FOR DOCUMENTS AND TESTIMONY SERVED BY
DEFENDANT/COUNTERCLAIM PLAINTIFF ARACHNID, INC.**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | NEWLY DISCOVERED EVIDENCE MAKES CLEAR THAT THE DOCUMENT SUBPOENA TO GOOGLE WILL NOT RESULT IN DUPLICATIVE DISCOVERY | 1 |
| | A. TouchTunes Has Produced Very Few Google-Related Documents | 2 |
| | B. Arachnid Can Now Limit Its Subpoena To Google By Identifying Documents It Does Not Request From Google | 4 |
| III. | NEWLY FOUND EVIDENCE ESTABLISHES THE RELEVANCE OF THE INFORMATION SOUGHT FROM GOOGLE, AND THAT ANY BURDEN ON GOOGLE IS MINIMAL | 5 |
| IV. | GOOGLE'S NEW ARGUMENT, THAT ARACHNID DELAYED DISCOVERY, IS FALSE | 6 |
| V. | CONCLUSION | 10 |

Defendant and Counterclaimant Arachnid, Inc. ("Arachnid") submits this Sur-Reply in opposition to non-party Google's Reply Memorandum In Further Support of Non-Party Google Inc.'s Motion to Quash Subpoenas (Dkt. No. 71). A hearing on Google's Motion To Quash is scheduled for noon on September 9, 2009.

## I. INTRODUCTION

By this Sur-Reply, Arachnid seeks to make the Court aware of newly discovered evidence, directly disproving Google's supposition, and principal argument, that information and material sought from Google would be duplicative of that already produced by TouchTunes. This newly discovered evidence also demonstrates that the information requested from Google is highly relevant, and that complying with the deposition subpoena is not burdensome to Google.

Moreover, in its Reply memorandum, Google proffered a new argument that was not raised in its opening brief. Google argued, inaccurately, that any time constraint on the discovery that Arachnid seeks from Google is wholly a product of tactical decisions made by Arachnid. This Sur-reply demonstrates that that assertion is false.

## II. NEWLY DISCOVERED EVIDENCE MAKES CLEAR THAT THE DOCUMENT SUBPOENA TO GOOGLE WILL NOT RESULT IN DUPLICATIVE DISCOVERY

Arachnid served a deposition subpoena and a document subpoena on Google on June 16 and July 6, respectively. This was after TouchTunes, the accused infringer, represented to this Court that a Google representative would be a principal witness for TouchTunes regarding Google's ad management system "as it relates to TouchTunes' jukeboxes and the infringement issues in this case." *See* Dkt. No. 56, at pages 6 and 13; and Plaintiff TouchTunes Music Corp.'s Supplemental Initial Disclosures, at p. 8.[1] At the time Arachnid served its subpoenas on Google, fact discovery was set to close September 6, 2009 – which was then less than 12 weeks away. As Google acknowledges in its briefing, TouchTunes thereafter, on July 10, produced approximately 600,000 pages of documents to Arachnid. Google used TouchTunes' belated

---

[1] All emphasis to quotations has been added, unless otherwise stated.

1

document dump to justify its hastily filed Motion by arguing that "these documents may well contain all or at least a significant portion of the same information also sought from Google." Memorandum of Law in Support of Non-Party Google Inc.'s Motion to Quash Subpoenas (Dkt. No. 65), page 9. Newly discovered facts demonstrate that this statement is false.

Arachnid has recently finished loading the electronic documents into its database and is currently diligently reviewing the over 600,000 pages of documents produced by TouchTunes. But, Arachnid has now completed various electronic searches of the TouchTunes documents.

A.  **TouchTunes Has Produced Very Few Google-Related Documents**

TouchTunes has produced very few Google documents. Having completed an initial, electronic review of the TouchTunes documents, it is now abundantly clear that TouchTunes has not produced to Arachnid all relevant documents related to its use of Google's DFP product in its infringing jukeboxes. Of the over 19,000 separate documents produced by TouchTunes, Arachnid's initial electronic review concluded that only 156 unique documents even mention Google (or DoubleClick), Google's DART technology, or Google's DFP product. *See* O'Connor Decl., at ¶¶ 2-3.[2] Nearly half of these documents merely refer to Google or its DART ad serving technology without delving into the functionality of the products and/or service. *See id.*, at ¶ 4. Indeed, only 57 of the 156 unique documents even mention Google's DART ad serving technology or its DFP product. *See id.*

_____

[2] The Declaration of Kevin O'Connor contains references to documents and has attached exhibits that have been designated by Touchtunes as "Attorneys Eyes Only." The Protective Order entered in this case on June 2, 2008 prevents Google from obtaining documents marked "Attorneys Eyes Only" by Touchtunes. As such, the Declaration and accompanying exhibits are filed under seal. On August 27, 2009, Arachnid requested from TouchTunes permission for Google to obtain a copy of the documents relied upon by Arachnid in the Declaration. TouchTunes indicated that Google may obtain a copy of these documents under certain, stated conditions. As of the date and time of the filing of this Sur-Reply, TouchTunes had not yet informed Arachnid whether or not Google had complied with the stated conditions. As such, Arachnid has not provided the O'Connor Declaration, or the exhibits thereto, to counsel for Google. If TouchTunes provides Arachnid with notification that Google has complied with TouchTunes' stated conditions, the Declaration and exhibits will be provided to counsel for Google.

As would be expected, the overwhelming majority of the documents produced by TouchTunes originate from TouchTunes, not Google. *See id.*, at ¶ 5. Significantly, only 21 documents appear to originate from Google. *Id.* Therefore, it seems clear that TouchTunes has not produced the entire set of relevant documents related to TouchTunes' use of Google's DFP product, which is the subject of the subpoenas to Google. As such, there will not be any significant duplication of discovery of documents already produced by TouchTunes.

It is almost certain that many more documents exist relating to the development and implementation of Google's DFP product as it is used by TouchTunes. Documents related to TouchTunes' use of Google's ad software that most certainly exist, but that have not been produced by TouchTunes, are expected to include, at least, correspondence between Google and TouchTunes,[3] and technical information about features and specifications of the software. Google undoubtedly has such documents because Google's DFP product <u>was customized for use in TouchTunes jukeboxes</u> and <u>implemented by Google</u>. *See* Dkt. No. 71, at page 8; Dkt. No. 65, at page 13; *see also* O'Connor Decl., at ¶¶ 15 & 37. Based on the extremely limited set of Google-related documents that TouchTunes has produced to Arachnid to date, Google will have many relevant documents that have not been produced by TouchTunes. There will be almost no duplication of discovery from Google.

Arachnid can not, of course, know what responsive documents Google actually has. However, documents that are likely to exist but which have not been produced by TouchTunes are expected to include, at least:

---

[3] Arachnid's initial electronic search of TouchTunes' production document has revealed only <u>three</u> documents comprising correspondence between TouchTunes and Google: a letter from Lorenzo Martinez to Richard Toranzo, dated February 14, 2008, a July 23, 2008 email from Nathan Don to Francois Brillon, and a September 22, 2008 email from Jeffrey Birnbaum to Francois Brillon. *See* TMC080221-TMC080229, TMC070539-TMC070542, and TMC097087, respectively. These documents are marked "Attorneys' Eyes Only" by TouchTunes. As explained in the O'Connor Declaration, the content of these emails indicates that much more correspondence occurred between TouchTunes and Google. *See* O'Connor Decl., at ¶ 6.

3

- Internal Google documents about the features and functions of its DART and DFP products used by TouchTunes (which may not be in TouchTunes' possession);
- The Master Services Agreement between Google and TouchTunes, dated January 23, 2008, and any updates or amendments thereto;
- Correspondence between TouchTunes and Google employees;
- Technical documents relating to the integration of Google's software products with TouchTunes' jukebox products (which may or may not have ever been in TouchTunes' possession); and
- Financial documents and reports related to ads created, managed, and tracked by Google for TouchTunes.

Because these types of documents are likely to exist and be in the possession of Google, it is likely Google will produce them if Google complies with the subpoena. And because TouchTunes has not produced them, and may not have possession of them, there will be virtually no duplicative document production.

    B.    **Arachnid Can Now Limit Its Subpoena To Google By Identifying Documents It Does Not Request From Google**

In its Motion To Quash, Google argued that no discovery should be taken from it until, *inter alia*, Arachnid had reviewed the 600,000 pages of documents that TouchTunes already produced. *See* Dkt. No. 71, at page 3. That argument is moot.[4] Having now electronically reviewed (a more thorough, page-by-page review is ongoing) over 600,000 pages of production documents from TouchTunes, Arachnid can limit its document requests to Google to specifically exclude the 21 documents[5] that have been produced by TouchTunes and appear to have originated from Google. The documents are listed on Exhibit A of the O'Connor Declaration.

---

[4] Significantly, Arachnid had already offered to Google to review the TouchTunes documents to determine whether TouchTunes' recent production obviates the need for some of the documents requested from Google. *See* July 16, 2009 Letter from McAndrews to Klausner and Plaut (Dkt. No. 67-4). In return, Arachnid simply requested that Google would expedite its production upon completion of Arachnid's review. *Id.* Google rejected that offer, and instead hastily filed its motion to quash because Arachnid would not unilaterally and completely withdraw (as opposed to defer) its narrowly-tailored subpoenas.

[5] To the extent that any prior or subsequent versions or drafts of the documents listed in Exhibit A exist and are in the possession or control of Google, these versions or drafts are not excluded from the materials sought from Google.

4

The document subpoena to Google will simply not result in duplicative discovery.

### III. NEWLY FOUND EVIDENCE ESTABLISHES THE RELEVANCE OF THE INFORMATION SOUGHT FROM GOOGLE, AND THAT ANY BURDEN ON GOOGLE IS MINIMAL

Newly discovered facts also make irrefutably clear that documents (and a deposition) related to Google's DART and DFP products are not just relevant, but are highly relevant. The few documents produced by TouchTunes which discuss functionality of Google's DART and DFP products demonstrate that the Google product is highly relevant to infringement, and other, issues in this case.

Google's software allows TouchTunes jukeboxes to infringe Arachnid's Patents. Arachnid's Patents include, for instance, claims directed specifically to a computer jukebox comprising:

> a communication interface for receiving . . . advertisement data,
> said data representing the identity of each of said advertisements,
> and said data representing when and the number of times each of
> said advertisements is to be run.

'398 patent, claim 1; *see also* '834 patent, claim 1. Other claims recite, for example, a jukebox network comprising one or more computer jukeboxes and a management station or system. *See* '398 patent, claim 8 and '834 patent, claim 3. The management station may be:

> operative for selectively transmitting digital advertisement data to
> different ones of [the] jukeboxes.

'398 patent, claims 8-11. <u>Google's DART technology and its DFP product are used by TouchTunes to generate and provide advertisement data and advertisement identity data to TouchTunes' jukeboxes, as well as to provide other important, relevant claimed functionality.</u> *See*, O'Connor Decl., at ¶¶ 15-38 (quoting TouchTunes production documents, which are marked "Attorneys Eyes Only", which demonstrate the relevance of Google's DART products and explain how Google's DART products allow TouchTunes jukeboxes to directly infringe claims of the Arachnid computer jukebox patents). Google's DART and DFP products allow TouchTunes jukeboxes to infringe various claims of Arachnid's Patents. Information about those products is highly relevant to this patent infringement action.

Moreover, the limited number of relevant documents recently produced by TouchTunes clearly demonstrates that Google's role is not limited to passively "receiving and recording" information about the number of ad impressions delivered by TouchTunes jukeboxes, as Google represented to this Court. *See id.*, at ¶¶ 15-24; and Dkt. No. 65, at 3-4. As explained in more detail in the O'Connor Declaration, which is filed under seal, Google's software is used by TouchTunes to carry out many significant tasks related to advertising on TouchTunes jukeboxes. The specific information sought from non-party Google is directly, and highly, relevant to the ultimate issue of infringement in this patent infringement action, as well as potentially to other issues like nonobviousness, willfulness, and damages.

Moreover, the very small number of Google-related documents produced by TouchTunes would seem to indicate that Google also does not possess a large quantity of responsive documents. As such, there would seem to be very little burden required of Google to collect such specific documents or to prepare a witness with them. Similarly, it would seem to be minimally burdensome to present a witness to discuss the very recently created TouchTunes-Google relationship. Indeed, Google employee Nathan Don has already authored a Google document explaining the Google-TouchTunes Network design, and has already prepared and submitted a Declaration about TouchTunes in support of Google's Motion to Quash. *See* O'Connor Decl. at ¶¶ 14-15. Google's unsupported argument, that producing a witness is burdensome, is completely unsupported and very dubious.

IV.    **GOOGLE'S NEW ARGUMENT, THAT ARACHNID DELAYED DISCOVERY, IS FALSE**

In its Reply, Google argued, for the first time, that any urgency of the discovery that Arachnid seeks from Google is wholly a product of tactical decisions made <u>by Arachnid</u>. *See* Dkt. No. 71, at page 3. Nothing could be further from the truth. Arachnid has diligently and reasonably sought discovery from both TouchTunes and Google and has acted diligently throughout this litigation. It is, in fact, <u>TouchTunes'</u> extreme dilatory tactics that have placed

necessary time constraints on the discovery that Arachnid seeks from Google.[6]

The following timeline of relevant events highlights Arachnid's diligence and reasonableness in seeking discovery, and also demonstrates TouchTunes' extremely dilatory tactics:

- May 7, 2009 – With discovery stay lifted as of May 4, 2009, Paul McAndrews sends letter to TouchTunes counsel Joseph Presta with major concerns relating to TouchTunes' production to date, namely the fact that TouchTunes at that point provided Arachnid with primarily old production documents from a 10-year-old case, and did not include <u>any</u> production of technical documents relating to current products or product development. <u>At this time, fact discovery was scheduled to end on September 6, 2009</u>.

- May 12, 2009 – TouchTunes counsel Jonathan Reavill sends email promising to "supplement" TouchTunes' production "next week".

- May 15, 2009 – TouchTunes serves its Rule 26(a) <u>supplemental</u> initial disclosures in which TouchTunes, for the first time, mentions the importance of Google and its DART platform for managing the advertising on TouchTunes' system and for infringement, validity and damages purposes. TouchTunes therein states that it will call a Google employee as a witness at trial regarding Google's ad management system "as it relates to TouchTunes' jukeboxes and the infringement issues in this case."

- May 26, 2009 – A full two weeks after promising documents "next week", Jonathan Reavill sends an email to Paul McAndrews stating "As a result of logistical issues, we were not able to make the production last week."

- June 1, 2009 – TouchTunes sent a small production out on Friday, May 29, 2009 and it was received by Arachnid on June 1, 2009. Although the additional

---

[6] Google is also responsible for discovery delays in this case. It now seems apparent, in fact, that Google and Touchtunes are coordinating with each other to thwart Arachnid's legitimate discovery efforts. For example, despite the fact that Arachnid previously referred to a TouchTunes "Attorneys Eyes Only" production document solely by the document's title ("DART for Publishers Network Design Document TouchTunes") and TouchTunes' bates numbers, Google allegedly knew that it was a "March 3, 2008 document" "based on the name and date of" the document. *See* August 27, 2009 Letter from Google to the Court, p.3, fn1. Arachnid had never mentioned the date of the document. Presumably, the only way for Google to have ascertained this information is if Google's attorneys had learned such information from Touchtunes' attorneys. The cooperation between Google and Touchtunes suggests that the parties are working together, in contravention of at least the spirit of the Federal Rules of Civil Procedure, to stifle Arachnid's reasonable attempts at taking necessary discovery.

production constitutes roughly 30,000 pages, basic user or operator manuals and other key technical documents are not included.

- June 3, 2009 – Paul McAndrews sends letter to Jonathan Reavill describing specific production shortcomings of TouchTunes discovery to date.

- June 16, 2009 – Arachnid serves a document subpoena on Bose, a former manufacturer of products for TouchTunes and a company identified by TouchTunes as a primary source of information relating to the infringing TouchTunes jukeboxes.

- June 16, 2009 – Arachnid serves a deposition subpoena on Google, a company identified by TouchTunes as a primary source of information about TouchTunes' infringing jukeboxes. <u>At this time, fact discovery was scheduled to end on September 6, 2009</u>.

- June 19, 2009 – Paul McAndrews sends letter to Jonathan Reavill describing by category the numerous responsive technical documents that TouchTunes still has not produced to Arachnid.

- June 24, 2009 – Joseph Presta sends Paul McAndrews an email claiming that TouchTunes is, yet again, looking into Arachnid's concerns about TouchTunes' incomplete production of technical documents.

- June 26, 2009 – Jonathan Reavill sends email to Paul McAndrews that states "TouchTunes is continuing to review its documents for additional materials for production and intends to produce whatever relevant and non-privileged documents it has that are responsive to Arachnid's document requests, including the categories referred to in your letter."

- June 29, 2009 – Paul McAndrews follows up with yet another email listing categories of technical documents that TouchTunes still had not produced to Arachnid. Jonathan Reavill responds with an email stating that "TouchTunes is in the process of looking for materials you have identified (as well as additional documents responsive to Arachnid's document requests) and will produce whatever additional responsive and non-privileged documents it can by July 10, 2009."

- July 2, 2009 – <u>Bose sends production documents to Arachnid, including technical manuals for TouchTunes' products that had not been produced by TouchTunes.</u>

- July 6, 2009 – Google's attorneys and Paul McAndrews discuss the deposition subpoena and a forthcoming document subpoena. Paul McAndrews follows up with a document subpoena on behalf of Arachnid and a cover letter describing Arachnid's desire to make the process as simple as possible for Google.

8

- July 8, 2009 – Paul McAndrews agrees to postpone the noticed deposition of Google pending completion of discussions regarding the scope of Google's production in response to the document requests. Google counsel recognized that Arachnid was up against a September 6, 2009 fact discovery deadline.

- July 8, 2009 – TouchTunes sends to Arachnid a disk containing roughly 3,000 pages of documents.

- July 9, 2009 – TouchTunes sends to Arachnid disks containing roughly 600,000 pages of production documents. Arachnid receives the several disks full of un-coded, un-text-searchable data on Friday, July 10, 2009.

- July 10, 2009 – Paul McAndrews leaves Jonathan Reavill a voicemail and sends him a follow-up email asking TouchTunes if they would be amenable to a motion requesting an extension of the fact discovery deadline in light of the 600,000 pages of documents produced by TouchTunes.

- July 16, 2009 – TouchTunes and Arachnid file an agreed motion to extend the fact discovery period.

- July 16, 2009 – McAndrews speaks with Tonia Klausner and Josh Plaut (Google's attorneys) about Arachnid's willingness to delay the deposition and document production from Google, but expresses an unwillingness to unilaterally withdraw Arachnid's subpoenas. McAndrews memorializes the conversation with a letter. At this time, fact discovery was scheduled to end on September 6, 2009, just over a month and a half away.

- July 21, 2009 – Google files its motion to quash Arachnid's subpoenas.

- July 22, 2009 – Paul McAndrews spoke with Jonathan Reavill and asked him whether TouchTunes would be willing to agree to a motion to stay the proceedings pending the outcome of the reexamination proceedings. Reavill had to check with his client.

- July 28, 2009 – Reavill left McAndrews a message stating that TouchTunes is uninterested in agreeing to stay the proceedings pending the outcome of the reexaminations.

- July 28, 2009 – The Court grants the parties' motion to extend fact discovery period to November 2, 2009.

- August 11, 2009 – Arachnid files motion to stay proceedings.

This chronology demonstrates clearly that Arachnid has acted diligently and TouchTunes has continually delayed. Arachnid diligently sought discovery from TouchTunes immediately after TouchTunes and AMI settled the claims between them.[7] Conversely, TouchTunes delayed and obfuscated for months, and continues to refuse to cooperate in discovery. TouchTunes has been extremely delinquent in providing documents to Arachnid, as evidenced by its production of nearly 600,000 pages of documents more than one year after receiving the requests, and less than 2 months prior to the then close of fact discovery.[8]

Google's recent assertion that Arachnid has caused any delay in this action is utterly baseless, and false.

## V. CONCLUSION

The documents sought from Google are highly relevant. The subpoena served on Google will not result in duplicative discovery. And, any burden on Google in complying with the subpoenas will be extremely minimal.

Arachnid respectfully requests that the Court deny Google's Motion to Quash the Subpoenas.

Respectfully Submitted,

Date: August 31, 2009

s/ James P. Murphy
James P. Murphy
Paul W. McAndrews
McANDREWS HELD & MALLOY, Ltd.
500 West Madison Street, 34th Floor

---

[7] It should also be noted that, prior to May 2009 when TouchTunes and the AMI defendants (Rowe, Merit, and AMI) settled the claims between them, AMI was the principal party in interest with regard to the Arachnid patents because AMI was the exclusive Licensee with the right to sue, and Arachnid, prior to that time, did not have an active role in the case.

[8] As other examples of TouchTunes' unwillingness to cooperate in discovery, TouchTunes (1) failed to produce such crucial documents as product manuals (including, for example, the Operator's Manuals for Jukebox Software 2.2x and the Maestro Jukebox) until after those same documents were produced to Arachnid by non-party Bose (*compare* BOSE0013 *with* TMC075175-TMC075360; and *compare* BOSE004 *with* TMC075361-TMC075404) and (2) counsel for TouchTunes has even refused, to date, to identify its Rule 30(b)(6) designees to Arachnid.

10

> Chicago, IL 60661
> Phone: (312) 775-8000
> jmurphy@mcandrews-ip.com
> pwmcandrews@mcandrews-ip.com
> **Attorneys for Arachnid, Inc.**

CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2009, I electronically filed the accompanying **DEFENDANT ARACHNID, INC.'S SUR-REPLY IN FURTHER OPPOSITION TO NON-PARTY GOOGLE INC.'S MOTION TO QUASH SUBPOENAS FOR DOCUMENTS AND TESTIMONY SERVED BY DEFENDANT/COUNTERCLAIM PLAINTIFF ARACHNID, INC.** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following, and it will also be served by U.S. mail on the following:

James S. Blank (JB-4376)
Tzung-Lin Fu
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Phone: (212) 836-7528
Fax:    (212) 836-8689

Joseph S. Presta
Jonathon T. Reavill
Nixon & Vanderhye, P.C.
901 North Glebe Road, Suite 1100
Arlington, Virginia 22203
Phone: (703) 816-4000
Fax:    (703) 816-4100

Tonia Ouellette Klausner
Joshua A. Plaut
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Phone: (212) 999-5800
Fax:    (212) 999-5899

| | |
|---|---|
| Date: August 31, 2009 | s/ James P. Murphy_____<br>James P. Murphy<br>Paul W. McAndrews<br>McANDREWS HELD & MALLOY, Ltd.<br>500 West Madison Street, 34th Floor<br>Chicago, IL 60661<br>Phone:  (312) 775-8000<br>jmurphy@mcandrews-ip.com<br>pwmcandrews@mcandrews-ip.com<br>Attorneys for Arachnid, Inc. |

12