UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

TOUCHTUNES MUSIC CORP.,

              Plaintiff,          07 Civ. 11450

  -against-                     OPINION

ROWE INTERNATIONAL CORP., ARACHNID,
INC., AMI ENTERTAINMENT, INC. and
MERIT INDUSTRIES, INC.,

              Defendants.

-------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/10

A P P E A R A N C E S:

    Attorneys for Plaintiff
    TouchTunes Music Corp.

    KAYE SCHOLER LLP
    425 Park Avenue
    New York, NY  10022-3589
    By:  James S. Blank, Esq.
        Joseph S. Presta, Esq.

    NIXON & VANDERHYE, P.C.
    901 North Gelbe Road, Suite 1100
    Artlington, VA  22203
    By:  Joseph S. Presta, Esq.
        Jonathon T. Reavill, Esq.

    Attorneys for Defendant
    Arachnid, Inc.

    MCANDREWS, HELD & MALLOY
    500 West Madison Street
    Chicago, IL  60661
    By:  James P. Murphy, Esq.
        Paul W. McAndrews, Esq.

**Sweet, D.J.**

Defendant and Counterclaimant Arachnid, Inc. ("Arachnid") has moved pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to file a First Amended Answer and Counterclaim containing an additional counterclaim of patent infringement against Plaintiff Touchtunes Music Corporation ("Touchtunes") for infringement of Arachnid's U.S. Patent Number 6,191,780 (the "'780 patent"). Upon the facts and conclusions set forth below, the motion is granted.

**Prior Proceedings**

This action originated as a declaratory judgment patent infringement action filed by Touchtunes on December 20, 2007. Touchtunes originally asserted that Defendants Rowe International Corp. ("Rowe"), AMI Entertainment, Inc., and Merit Industries, Inc. (collectively, the "Rowe Defendants"), infringed several of Touchtunes' U.S. Patents. Touchtunes also sought a declaratory judgment of noninfringement and invalidity of six patents, including the '780 patent, owned by Arachnid (the "Arachnid patents-in-suit"). In its Answer and Counterclaims, filed on

1

February 15, 2008, Arachnid counterclaimed that four of these six patents are infringed by Touchtunes. Arachnid did not assert infringement by Touchtunes of the other two Arachnid patents, U.S. Patent No. 5,930,765 (the "'765 patent") and the '780 patent, for which Touchtunes sought, and continues to seek, declaratory judgments of noninfringement and invalidity.

In or about April 2009, Touchtunes and the Rowe Defendants entered into a settlement agreement, which resulted in the dismissal of Touchtunes' affirmative claims against the Rowe Defendants and the dismissal of Touchtunes' declaratory judgment action against Rowe. Discovery has proceeded.

After conferences between the parties, a Markman hearing was held on March 23, 2010, the resolution of which remains sub judice. Fact discovery was completed by February 1, 2010.

The instant motion was heard and marked fully submitted on February 16, 2010.

2

**Leave to Amend is Granted**

Federal Rule of Civil Procedure 15(a) provides that a "court should freely give leave [to amend pleadings] when justice so requires." As the Supreme Court has written, Rule 15's mandate that motions to amend pleadings should be freely granted must be liberally construed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, by "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). "[A]mendment should normally be permitted . . . . [R]efusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'" Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995) (quoting Foman, 371 U.S. at 182).

Although Rule 15(a)(2) states that courts should "freely give leave [to amend] when justice so requires," the granting of leave to amend is not automatic. Desantis

3

v. Roz-Ber, Inc., 51 F. Supp. 2d 244, 246 (E.D.N.Y. 1999) ("[L]eave to amend is not granted automatically or reflexively."). "[T]he district court plainly has discretion to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is made for the delay, and the amendment would prejudice the defendant." MacDraw, Inc. v. CIT Group Equip. Fin., Inc., 157 F.3d 956, 962 (2d Cir. 1998) (citation and quotation omitted). This Court has held that "unexcused delay, coupled with the probability that the addition of a new claim would lead to a new wave of discovery, is an adequate basis for denying leave to amend." Church of Scientology v. Siegelman, 94 F.R.D. 735, 740 (S.D.N.Y. 1982). In this Circuit, "[t]he burden is on the party who wishes to amend to provide a satisfactory explanation for the delay." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990).

Touchtunes has cited prejudice arising from the need for additional discovery, undue delay, and futility in its opposition to the motion. See Foman, 371 U.S. at 182.

However, delay and additional discovery do not necessarily require denial of the motion to amend. See,

4

e.g., Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 100 (S.D.N.Y. 2010) ("[T]he need for new discovery is not sufficient to constitute undue prejudice on its own."); New Windsor v. Tesa Tuck, Inc., 919 F. Supp. 662, 679 (S.D.N.Y. 1996) ("The burden of further discovery and motions is not a satisfactory basis to deny a motion to amend."); S.S. Silberblatt, Inc. v. East Harlem Pilot Block, 608 F.2d 28, 43 (2d Cir. 1979) ("[T]he burden of undertaking discovery, which [Defendant] would have shouldered had the proposed amendment been incorporated in the complaint as originally filed, hardly amounts to prejudice outweighing the policy of Rule 15(a) in favor of permitting the parties to obtain an adjudication of the merits.").

Touchtunes has contended that Arachnid knew enough information to have added the '780 patent, which relates generally to how advertisements are assembled and executed on a jukebox or other electronic device, earlier in this litigation. However, Arachnid did not have access to an uncorrupted version of Touchtune's Gen 2 software until December 15, 2009.

On December 15, 2009, Touchtunes identified particular source code files containing the logic behind

5

the display of advertisements on its jukeboxes running Gen 2 and Gen 3 software. Arachnid was unable to proceed with the technical portions of its Rule 30(b)(6) deposition of Touchtunes, including those relating to the advertising functionality and software, until January 26 through January 28, 2010.

Arachnid has represented that it has requested from Touchtunes all discovery it intends to request and does not anticipate serving any additional discovery requests on Touchtunes. (Arachnid Reply Br. 4.) In each of its discovery requests, Touchtunes defined the "patents-in-suit" and "Counterclaimant's patents" as including the '780 patent. It does not appear that any additional discovery will create undue prejudice.

Touchtunes has contended that "Arachnid's proposed pleading also gives rise to a potentially complex issue as to whether Arachnid is the proper party to assert a claim of infringement of the '780 patent." (Touchtunes Opp. Br. 6.) According to Arachnid, there is no legitimate "proper party" contention based upon interrogatory responses. This issue can be resolved by motion in the future if necessary.

Arachnid's Amended Answer satisfies the pleading requirements identified very recently by the Supreme Court and as applied to patent infringement cases by the Federal Circuit. The only post-Twombly cases that Touchtunes cites to support its position, Elan Microelectronics Corp. v. Apple, Inc., No. C09-01531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) and Sharafabadi v. Pac. Nw. Farmers Co-op., No. C09-1043JLR, 2010 WL 234769 (W.D. Wash. Jan. 14, 2010), are distinguishable. In Elan, the court stated, "simply guessing or speculating that there may be a claim is not enough." 2009 WL 2972374 at *4. However, Elan turned on the patentee's insufficient pleading of indirect infringement, rather than specific pleadings of direct infringement, as Arachnid asserts in its Amended Answer. See id. at *2. In Sharafabadi, the patentee failed to claim that the alleged infringer used or uses the patent at issue, a required element of a direct infringement claim. 2010 WL 234769 at *2.

Touchtunes has asserted that its jukeboxes cannot infringe the '780 patent because they do not meet a specific element of claim 1 of the '780 patent, namely "customizing the predefined advertisement for local

7

display." This contention is not ripe or relevant until after the Court construes the claim term involved.

**Conclusion**

For the reasons set forth above, the motion by Arachnid for leave to file a First Amended Answer and Councerclaim is granted.

It is so ordered.

**New York, NY**
**May // , 2010**

ROBERT W. SWEET
U.S.D.J.

8