UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOUCHTUNES MUSIC CORPORATION,

    Plaintiff and Counterclaim  Defendant,

      v.

ROWE INTERNATIONAL CORP.,
ARACHNID, INC., AMI
ENTERTAINMENT, INC. AND MERIT
INDUSTRIES, INC.,

    Defendant and Counterclaim Plaintiff.

Civil Action No. 07 Civ. 11450 (RWS)

**DEFENDANT ARACHNID, INC.'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO COMPEL PLAINTIFF TOUCHTUNES TO
COMPLETE FACT DISCOVERY**

TABLE OF CONTENTS

I.  INTRODUCTION AND SUMMARY OF THE ARGUMENT ............................... 2

II.  ARGUMENT .................................................................................................... 5

    A.  Touchtunes Has Failed To Produce Information Responsive To Several Document Requests, Citing The Fact That Arachnid's Motion For Leave Was Not Yet Resolved ................................................................................................ 5

    B.  Touchtunes' Barfly Product .................................................................... 6

    C.  Patents and Publications ....................................................................... 10

    D.  Touchtunes Must Produce A Witness To Describe Its Barfly Product After Arachnid Has Had A Chance To Review Barfly Documents ............................. 12

    E.  Touchtunes Has Failed To Provide Contention Interrogatories Relating To The '780 Patent ....................................................................................... 13

III.  CONCLUSION ............................................................................................... 14

Defendant and Counterclaimant Arachnid, Inc. ("Arachnid"), respectfully moves this Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel Plaintiff and Counterclaim Defendant Touchtunes Music Corporation ("Touchtunes") to comply with its discovery obligations so that the parties may complete fact discovery. Rule 26 of the Federal Rules of Civil Procedure state clearly that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Touchtunes has refused to do so. Specifically, Touchtunes has refused to produce several categories of documents that were properly and timely requested by Arachnid relating to its U.S. Patent No. 6,191,780 ("'780 Patent") and Touchtunes' Barfly product. Touchtunes previously objected to the requests as premature or not relevant to the case, because Arachnid had not yet filed its counterclaim for infringement of the '780 Patent. In light of the Court's May 11, 2010 Opinion and Order granting Arachnid's Motion for Leave to Amend the Pleadings to add counterclaims of infringement of the '780 Patent, and Arachnid's filing of its Amended Answer and Counterclaims on May 14, 2010, Touchtunes' relevance objections are moot.[1]

## I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

Touchtunes has refused to produce discovery relating to Arachnid's '780 Patent, relying for its non-compliance on the fact that Arachnid had not yet asserted infringement of that patent. Touchtunes has refused to produce various information requested by Arachnid, asserting that, "[b]ecause Arachnid has not alleged that Touchtunes has

---

[1] The undersigned counsel certifies that, prior to filing this motion, Arachnid has "in good faith conferred or attempted to confer" with counsel for Touchtunes in an effort to amicably resolve the issues described herein. Fed. R. Civ. P. 37(a)(1). Touchtunes, however, continues to refuse to produce the requested discovery, detailed in the May 28, 2010 email from Touchtunes' counsel. *See* Exh. 1 (correspondence related to this Motion to Compel). Because Touchtunes continues to refuse to produce the highly relevant discovery, the parties are at an impasse.

infringed any claim of the '780 . . . patent[], Touchtunes' noninfringement of those patents is not at issue." *See, e.g.,* Plaintiff Touchtunes Music Corp.'s Second Supplemental Objections and Responses to Defendant Arachnid, Inc.'s Second Set of Interrogatories, p. 38. Now that the Court has granted Arachnid's Motion for Leave "to file a First Amended Answer and Counterclaim," and Arachnid has filed its Amended Answer, containing an additional counterclaim for infringement of the'780 Patent, those objections are moot. Touchtunes must now complete its production of documents and information requested by Arachnid relating to the '780 Patent.

In yet another delay tactic, Touchtunes recently filed an unsupported Motion to Strike, and has now stated that it will not produce discovery until that Motion is decided. It is highly improper for Touchtunes to hide behind that unsupported Motion to further delay and avoid its discovery obligations. Touchtunes' counsel has now, in fact, reneged on promises to produce documents related to its Barfly product if and when the Court granted Arachnid's Motion for Leave to Amend the Pleadings. *See* Exh. 1 (email from Touchtunes' counsel Joseph Presta to Arachnid's counsel dated February 22, 2010, wherein Mr. Presta states, "I can tell you that we do not intend to consider your request for Barfly source code <u>unless the court rules in your favor on the pending motion to amend</u>."); and Tooker Dep., at 96:24-97:4 (Mr. Presta stating, "We have an objection to questions relating to BarFly, as the product is not in the case. [Arachnid has] a pending motion [for leave to amend] to try to get them into the case.").

Now that the Court has granted Arachnid's Motion, Touchtunes has recanted, stating in correspondence today that Touchtunes does

> <u>not intend to produce Barfly source code</u> or any further Barfly documents
> (to the extent any further such documents exist) <u>for the reasons set forth in</u>

our motion to strike your improper amended pleading.  Of course, if the
court allows Arachnid to add Barfly, which we should hear on June 9th,
we will revisit the matter as needed.

May 27, 2010 Email from Joseph Presta to Paul McAndrews.  This is just more delay and

gamesmanship by Touchtunes.    As Touchtunes states, when the Court denies

Touchtunes' Motion to Strike (which is extremely likely considering that it is completely

unsupported), Touchtunes will only "revisit the matter."  It is obvious that Touchtunes

has no intention of ever voluntarily producing the properly requested discovery, absent a

Court order.

In Arachnid's moving papers (relating to its Motion for Leave), Arachnid notified

the Court of Touchtunes' non-compliance, stating:

> Arachnid has requested from TT all discovery it intends to request
> (although Arachnid is still awaiting some documents from TT that it
> requested long ago).

Arachnid's Reply Brief, at p. 4 (emphasis).  In granting Arachnid's Motion to Amend the

Pleadings, the Court took note of Arachnid's statement, and concluded that "[i]t does not

appear that any additional discovery will create undue prejudice."  Dkt. No. 100, p. 6.

Even if Arachnid were serving new discovery requests (which it has not), it would be

entirely appropriate for Touchtunes to provide it in light of the recent Order regarding

Arachnid's counterclaim of infringement of the '780 Patent.  *See Duling v. Gristede's*

*Operating Corp.*, 2010 U.S. Dist. LEXIS 1306, at *19, 224, 06 Civ. 10197 (LTS)(HBP)

(S.D.N.Y. Jan. 8, 2010) ("[T]he need for new discovery is not sufficient to constitute

undue prejudice on its own. . . . [I]f the time allotment in the current Scheduling Order is

insufficient to accommodate defendants' additional discovery needs, I can alleviate any

hardship through further adjustments to the schedule."); *see also S.S. Silderblatt, Inc. v.*

*East Harlem Pilot Block*, 608 F.2d 28, 43 (2d Cir. 1979) ("[T]he burden of undertaking discovery, which Chemical would have shouldered had the proposed amendment been incorporated in the complaint as originally filed, hardly amounts to prejudice outweighing the policy of Rule 15(a) in favor of permitting the parties to obtain an adjudication of the merits."). Given the fact that Arachnid's counterclaim for infringement of the '780 Patent is on file and is a part of this case, Touchtunes must complete its discovery. Touchtunes cannot hide behind a baseless Motion to Strike, thereby further delaying this case by weeks and possibly months.

## II.    ARGUMENT

### A.    Touchtunes Has Failed To Produce Information Responsive To Several Document Requests, Citing The Fact That Arachnid's Motion For Leave Was Not Yet Resolved

Arachnid requested, and Touchtunes failed to produce, many documents relating to Arachnid's '780 Patent. Among the outstanding document requests that relate to the '780 Patent and Touchtunes' Barfly product, that Touchtunes has not properly responded to, are the following:

> 13.    **[Software:]** A representative, working sample of each software program, application program or any web-based interface used to enable operator's computer to communicate with a Digital Jukebox or your Network[2].

> 14.    **[Barfly Operator Communications:]** Any and all user or operator communications including surveys, or electronic interactions, e-mails, or other correspondence relating to use of your Network or Digital Jukeboxes.

---

[2] The term "Network" is defined broadly in Arachnid's discovery requests as:

> A group of <u>one or more computer systems</u>, including, <u>but not limited to,</u> a Digital Jukebox, connected to enable people to share information and equipment (*e.g.*, local area network [LAN], wide area network [WAN], home area network [HAN], metropolitan area network [MAN], etc).

Arachnid's First Set of Requests for Documents and Things, Definitions.

40.    **[Related Patents and Applications:]** All patents or patent applications on or relating to your Network and/or Digital Jukeboxes and all documents referring or relating thereto.

41.    **[Patent Prosecution Documents:]** All documents and things referring or relating to the prosecution of any United States or foreign patents or patent applications by or for you or relating to your Network and/or Digital Jukeboxes.

79.    **[Third Party Communications regarding Advertising:]** All documents relating to, concerning or constituting Communications between Touchtunes and any third party regarding the value, monetary or otherwise, of advertisements, including paid advertisements, music promotions, and house advertisements, run on Touchtunes products and/or services, including but not limited to Touchtunes Digital Jukeboxes, PlayPorTT, and Barfly.

80.    **[Advertising Financial Information:]** All documents relating to and/or referring to consideration received by Touchtunes for advertisements, including paid advertisements, music promotions, and house advertisements, run on Touchtunes products and/or services, including but not limited to Touchtunes Digital Jukeboxes, PlayPorTT, and Barfly.

81.    **[Barfly-related Documents:]** All documents referring to and/or relating to Touchtunes' Barfly product, including but not limited to any Software that is made, used, offered for sale, sold, or imported by Touchtunes.

*See* First Request for Production of Documents and Things to Touchtunes by Plaintiffs Rowe, Arachnid, AMI and Merit, Req. Nos. 13-14, 40-41; and Defendant Arachnid's Second Set of Requests for the Production of Documents and Things Nos. 79-83, Req. Nos. 79-81.

Touchtunes has, to date, refused to produce information responsive to those requests relating to its Barfly product.

**B.    Touchtunes' Barfly Product**

Touchtunes' Barfly product is a computer system made by Touchtunes and placed by operators in Touchtunes jukebox locations.  The Barfly system connects to, and

creates advertising space on, television screens at the locations. The Barfly system at each location is also "integrated" with the Touchtunes digital jukebox at that location and is connected, with the jukebox, to the Touchtunes Interactive Network. *See* Exhibit 2. Touchtunes' promotional literature related to its Barfly product refers to the integration between Barfly and Touchtunes' jukeboxes and states "Customized campaigns and promotions [are] available on Jukebox and Barfly." *See* Dkt. no. 110 (Murphy Decl. ¶ 14 and Exh. A thereto) (discussing Barfly in support of Arachnid's Reply in Support of Its Motion for Leave to Amend.). Touchtunes also touts Barfly's ability to "convert[] existing televisions into . . . systems that display custom bar messages, entertainment and media" and indicates that Barfly can provide "bar messages customized by establishment."

Although Touchtunes is in a better position to know what responsive documents are in its possession, Arachnid is specifically aware, by way of example, that Touchtunes has to date not produced the responsive and highly relevant Barfly source code. Arachnid's Document Request No. 81 explicitly demands "[a]ll documents referring to and/or relating to Touchtunes' Barfly product, including but not limited to any Software . . . ." From as best as we can determine at this point (without relevant discovery from Touchtunes), Touchtunes, in approximately late 2008, purchased a business called Barfly Interactive Networks, and then began using and selling it as a Touchtunes product in approximately May of 2009. Arachnid first learned about the Barfly product during the October 9, 2009 deposition of Francois Guy. Mr. Guy, however, was able to provide only a very little detail at that time about the Barfly product. *See* Guy Oct. 9, 2009 Dep. Tr., at p. 45 ("I'm not involved in Barfly so I'm going to tell you what I can say mostly

from a patron standpoint."). Shortly thereafter, on November 11, 2009, Arachnid served Touchtunes with discovery requests directed to the Barfly product. Arachnid specifically requested documents related to Barfly, and served Touchtunes with interrogatories related to the product. *See* Defendant Arachnid's Second Set of Requests for Production of Documents and Things (Nos. 79-83); *see also* Defendant Arachnid's Second Set of Interrogatories. Arachnid <u>first received technical information from Touchtunes about the Barfly product on December 14, 2009</u>, including a manual about Barfly. However, Touchtunes did not produce any Barfly source code.

Touchtunes has objected to providing discovery regarding the Barfly advertising device based only on the fact that Arachnid did not yet assert a counterclaim for infringement of the '780 Patent. But Touchtunes expressly agreed that the Barfly product would indeed be a part of Arachnid's case if the Court granted Arachnid's Motion for Leave. After initially not receiving the Barfly source code, Arachnid sent Touchtunes' counsel an inquiry letter, demanding that Touchtunes produce the code and other responsive documents. In an email from Touchtunes' counsel Joseph Presta to Arachnid's counsel dated February 22, 2010, Mr. Presta stated, "I can tell you that <u>we do not intend to consider your request for Barfly source code unless the court rules in your favor on the pending motion to amend</u>." Mr. Presta confirmed this position (Touchtunes' refusal to provide Barfly-related discovery until such time as the Court ruled on Arachnid's Motion for Leave) at the deposition of Touchtunes' Vice President of Operations Michael Tooker, stating, "[a]nd I don't mind a little bit, but you are going too far when you start going into <u>BarFly</u>, which <u>is the subject of the pending motion [for leave to amend]</u>." Tooker Dep., at 107:15-18. During the same deposition, Mr. Presta

also stated, "We have an objection to questions relating to BarFly, as the product is not in the case. We have [*sic,* Arachnid has] a pending motion [for leave to amend] to try to get them into the case." Tooker Dep., at 96:24-97:4. Now that the Court has ruled in Arachnid's favor, and Arachnid has asserted infringement of the '780 Patent by Touchtunes, Touchtunes has no basis for retracting these statements and refusing to produce the responsive documents, including the Barfly source code.

Touchtunes has also refused to produce other highly relevant information, requested by Arachnid long, long ago. Arachnid requested the actual customized advertisements and images displayed on Barfly-enabled televisions. *See supra* Doc. Req. 79 ("All documents relating to, concerning or constituting Communications between Touchtunes and any third party regarding the value, monetary or otherwise, of advertisements, including paid advertisements, music promotions, and house advertisements, run on Touchtunes products and/or services, including but not limited to Touchtunes Digital Jukeboxes, PlayPorTT, and Barfly."); and Doc. Req. 81 ("All documents referring to and/or relating to Touchtunes' Barfly product . . . ."). Touchtunes' document marked TMC153706-TMC153713 indicates that Barfly operators can create and edit customized Barfly bar messages using Touchtunes Operator Dashboard. That document also states that "TouchTunes actively monitors the bar messages that are displayed on Barfly screens." So, Touchtunes has possession of such advertisements, but has refused to produce those to Arachnid. Arachnid hereby requests that the Court order Touchtunes to produce all such information to Arachnid.

Touchtunes has also refused to produce the actual advertisement images used for campaigns that have run or are running on Barfly-enabled televisions, including what

Touchtunes refers to as "creatives." We know that Touchtunes has "creatives" and displayed such "creatives" for at least the products Landshark beer, Bud Light Lime beer, Shiner Beer, and Jim Beam whiskey. These advertising campaigns were referenced in Touchtunes' other production documents, for example, TMC1536995, TMC153696-697, and TMC153698-TMC153701, respectively. Touchtunes jukeboxes have also been seen displaying advertisements for Bacardi rum and other alcoholic beverages. Any and all documents related to such advertisements, including actual creatives and custom messages, are responsive to at least the aforementioned Document Request Nos. 79 and 81 and must be produced.

Accordingly, Arachnid respectfully requests that the Court compel Touchtunes to comply with its discovery obligations, and produce the following Barfly-related documents:

1. All "Barfly" source code and related documentation (*e.g.*, flow charts, schematics, written summaries, manuals, etc.); and

2. The actual advertisements and images displayed on Touchtunes' devices, including customized advertisements and messages displayed on Barfly-enabled televisions; and

3. All third-party-correspondence regarding Touchtunes' Barfly product and other documents and information related thereto, including all due diligence and other materials related to the purchase of Barfly by Touchtunes; and

4. Any other documents relating to Barfly that Touchtunes has yet to produce, including updated sales and revenue information.

C.    **Patents and Publications**

Arachnid has reason to believe that Touchtunes has also not produced all documents responsive to Arachnid Document Request Nos. 40-41. For example, during a search of the United States Patent and Trademark Office's website a few weeks ago, it came to Arachnid's attention that a patent application, assigned to Touchtunes, had been

published as Pub. No. US 2009/0265734 (the '734 Application," attached as Exhibit 3 hereto) on October 22, 2009.    This patent application, <u>filed by lead counsel for Touchtunes in this litigation</u> just two weeks after filing this Declaratory Judgment action, was never produced despite Arachnid's explicit demand that Touchtunes produce "All patents or patent applications on or relating to your Network and/or Digital Jukeboxes . . .," among other related documents.

Very notably, Touchtunes' '734 Application discusses multiple terms that are remarkably similar to some of the disputed claim terms in Arachnid's patents-in-suit. For example, the Touchtunes' '734 application (filed 16 years after Arachnid's state-of-the-art patents were filed) describes advertisement data sent from a central server to jukeboxes that contains such information as "when" an advertisement is displayed and the "play frequency" of an advertisement.    According to Touchtunes' '734 application, "when" can relate to "special events," for instance, and the "play frequency" information describes "the <u>frequency</u> at which the advertisement should be played (*e.g.*, <u>no more than X times per hour or per day</u>, etc.)."    '734 Application, at ¶ 68.    The Court may recall from the parties' respective claim construction briefs that, in response to Arachnid's proposed construction of "when" and the "<u>number of times</u>" as being in relation to an event or "the <u>frequency</u> an advertisement will be run within a given period," Touchtunes screamed from the rooftops that the terms could not be so construed.    Touchtunes' now-published patent application contradicts its claim construction arguments in this case.

This Touchtunes document, which contradicts Touchtunes' claim construction assertions, became published by the Patent Office <u>after</u> opening claim construction

briefing, but <u>before</u> responsive briefs were due. *See* Exh. 3; *see also* Dkt. Nos. 84 and 91. Yet, Touchtunes failed to produce it to Arachnid. Touchtunes' contradictory statements in this patent application regarding the meaning Touchtunes actually applied to at least the terms "when" and the "number of times" would have been useful during claim construction briefing.[3] We leave it to the Court to draw its own inferences as to why the '734 patent application, filed with the Patent Office <u>by Touchtunes' lead trial counsel in this case</u> roughly two weeks after he filed the Complaint in this case, was not produced to Arachnid during discovery.

Obviously, Arachnid now possesses this published patent application despite Touchtunes' failure to produce it. But, the fact that Touchtunes hid this document from Arachnid and the Court raises many concerns about Touchtunes' already dismal discovery tactics. Arachnid respectfully requests the Court to order Touchtunes to produce all other previously withheld "patents or patent applications on or relating to [Touchtunes'] Network and/or Digital Jukeboxes and all documents referring or relating thereto," and to confirm, in writing, that it has fully complied with this request and all of Arachnid's discovery requests.

> **D.    Touchtunes Must Produce A Witness To Describe Its Barfly Product After Arachnid Has Had A Chance To Review Barfly Documents**

Arachnid has already notified Touchtunes that, within a reasonable time <u>after</u> Touchtunes complies with its aforementioned discovery obligations, Arachnid will need to continue the deposition of Touchtunes related to its customized advertising functions

---

[3] Indeed, Arachnid requests that the Court consider, while considering the appropriate claim construction for the terms in Arachnid's patents-in-suit, Touchtunes' own discussion of the similar claim terms in its '734 application. *See, for example*, Exh. 3, at ¶ 68 (describing "when" and "times"), ¶ 40 (regarding the term "events"), and Fig. 7.

of its products, including specifically the Barfly product. Those specific topics of deposition were requested in topics 9, 14, and 19 of Arachnid's First Notice Of Deposition To Plaintiff Touchtunes Pursuant to Fed. R. Civ. P. 30(b)(6), but Touchtunes refused to provide the necessary documents for preparation. In light of the fact that Touchtunes withheld, for example, its non-infringement positions as to the '780 Patent, the Barfly source code, and possibly other critical '780 Patent-related discovery, Arachnid could not proceed with those Rule 30(b)(6) topics as to the '780 Patent and Touchtunes' Barfly product. Accordingly, <u>after</u> receiving the aforementioned written Barfly-related discovery from Touchtunes, Arachnid will require the identification of a witness, along with that witness' available dates to discuss the scheduling of his or her deposition relating to the '780 Patent and Barfly. Accordingly, Arachnid requests an order requiring Touchtunes to produce a witness to testify regarding the aforementioned deposition topics (related to Barfly), as well as testimony relating to the as-yet-unproduced documents, within a reasonable time after producing the documents requested herein.

### E.    Touchtunes Has Failed To Provide Contention Interrogatories Relating To The '780 Patent

Arachnid also specifically requested all non-infringement contentions of Touchtunes, including those relating to the '780 Patent, in at least Interrogatory No. 12. *See* Arachnid's Second Set of Interrogatories, at p. 8-9. Despite the fact that Arachnid filed its motion for leave to amend the pleadings on January 13, 2010, Touchtunes nevertheless stated, for example in its February 1, 2010 Second Supplemental Objections and Responses to Defendant Arachnid, Inc.'s Second Set of Interrogatories, that

[b]ecause Arachnid has not alleged that Touchtunes has infringed any claim of the '780 . . . patent[], <u>Touchtunes' noninfringement of [that] patent[] is not at issue</u>. Thus, at least to the extent this interrogatory relates to the '780 . . . patent[], it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Touchtunes has no obligation to provide a response regarding the '780 . . . patent[].

Plaintiff Touchtunes Music Corp.'s Second Supplemental Objections and Responses to Defendant Arachnid, Inc.'s Second Set of Interrogatories, at p. 38 (emphasis added). That objection is now moot. Touchtunes is obligated to update this, and any other applicable, Interrogatory Responses in light of the Court's May 11, 2010 ruling and Arachnid's Amended Answer and counterclaim.

Touchtunes is the Plaintiff in this case. Touchtunes claims non-infringement and invalidity of the '780 Patent. Fact discovery is closed and Touchtunes has had ample opportunity to take all of the discovery it needs regarding the '780 Patent. Touchtunes must now provide its non-infringement contentions to support its claims. *See Cullin v. Heckler*, 108 F.R.D. 172 (S.D.N.Y. 1985) (Motion to compel may be made where party has failed to respond to interrogatories or has answered so evasively that purposes of discovery are thwarted.).

## III.    CONCLUSION

Arachnid served Touchtunes with proper and timely discovery requests. Touchtunes refused to fulfill its discovery obligations, relying on the fact that Arachnid had not yet asserted a counterclaim of infringement of the '780 Patent. In light of the Court's May 11, 2010 Opinion and Order granting Arachnid's Motion for Leave to Amend the Pleadings, and for Arachnid's Counterclaim for infringement of the '780 Patent, Touchtunes' objections are moot. Accordingly, Arachnid respectfully requests a

14

Court order demanding that Touchtunes complete all of its fact discovery obligations as described herein.

<div style="text-align: right;">

Respectfully Submitted,

</div>

Date: May 27, 2010

<div style="margin-left: 40%;">

s/ James P. Murphy
James P. Murphy
Paul W. McAndrews
McANDREWS HELD & MALLOY, Ltd.
500 West Madison Street, 34th Floor
Chicago, IL 60661
Phone: (312) 775-8000
jmurphy@mcandrews-ip.com
pwmcandrews@mcandrews-ip.com
**Attorneys for Arachnid, Inc.**

</div>

15