UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOUCHTUNES MUSIC CORP.,<br><br>Plaintiff,<br><br>against<br><br>ROWE INTERNATIONAL CORP., ARACHNID, INC., AMI ENTERTAINMENT, INC. and MERIT INDUSTRIES, INC. d/b/a/ MERIT ENTERTAINMENT,<br><br>Defendants. | Case No. 07 CV 11450 (RWS)<br><br>JURY TRIAL DEMANDED<br><br>**PLAINTIFF TOUCHTUNES MUSIC CORP.'S REPLY TO ARACHNID, INC.'S FIRST AMENDED COUNTERCLAIMS** |
| ARACHNID, INC.,<br><br>Counterclaim Plaintiff,<br><br>against<br><br>TOUCHTUNES MUSIC CORP.,<br><br>Counterclaim Defendant. | |

Plaintiff and Counterclaim Defendant TouchTunes Music Corp. ("TouchTunes") submits this reply to the May 2010 "First Amended Answer and Counterclaims of Arachnid, Inc. to Complaint for Patent Infringement and for Declaratory Relief," hereinafter "the Counterclaims."

On May 11, 2010, the Court granted Arachnid, Inc.'s ("Arachnid") motion for leave to amend its Counterclaims based on the amended Counterclaims submitted with that motion. On May 13, 2010, and again on May 14, 2010, Arachnid filed amended Counterclaims that differed materially from those on which the Court granted Arachnid's motion for leave to amend. In particular, Arachnid's amended Counterclaims, as actually filed, included allegations that TouchTunes' Barfly product infringed each of U.S. Patent

Nos. 5,848,398 ("the '398 Patent"), 6,397,189 ("the '189 Patent"), 6,381,575 ("the '575 Patent"), 6,970,834 ("the '834 Patent"), and 6,191,780 ("the '780 Patent").

TouchTunes has moved to strike the Counterclaims, at least insofar as they are improperly directed to the Barfly product. That motion has not yet been resolved. Thus, out of an abundance of caution, TouchTunes submits this reply to Arachnid's May 2010 Counterclaims as follows. TouchTunes maintains that the Barfly product is not a proper subject of this litigation, and TouchTunes' reply to the Counterclaims is not, and should not be understood as, any acquiescence in Arachnid's improper inclusion of the Barfly product in the Counterclaims.

**THE PARTIES**

1. TouchTunes admits that, on information and belief, Arachnid is a corporation organized and existing under the laws of the State of Ohio, having a principal place of business at 6212 Material Ave., Loves Park, Illinois 61111.

2. TouchTunes admits that it is a corporation existing under the laws of the State of Delaware, and that it has a corporate headquarters at 740 Broadway, Suite 1102, New York, NY 10003. TouchTunes denies the remaining averments of Paragraph 2 of the Counterclaims.

**JURISDICTION AND VENUE**

3. TouchTunes admits that Arachnid purports to bring these Counterclaims under the Acts of Congress relating to patents, 35 U.S.C. §§ 1 et seq. and for a declaratory judgment pursuant to the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

4. Admitted.

5. Admitted.

**ALLEGED FACTS PERTINENT TO ALL COUNTERCLAIMS**

6. TouchTunes admits that, on information and belief, Arachnid is the assignee of U.S. Patent Nos. 5,930,765 (“the ’765 Patent”); 6,191,780 (“the ’780 Patent”); 5,848,398 (issued on December 8, 1998) (“the ’398 Patent”); 6,397,189 (issued on May 28, 2002) (“the ’189 Patent”); 6,381,575 (issued on April 30, 2002) (“the ’575 Patent”); and 6,970,834 (issued on November 29, 2005) (“the ’834 Patent”) (collectively referred to herein as “the Arachnid Patents”). TouchTunes denies that the ’765 Patent was issued on November 21, 1997, and that the ’780 Patent was issued on March 25, 1998. TouchTunes admits that each of the Arachnid Patents was issued in the name of John Martin and sometimes others, and that, on information and belief, each is assigned to Arachnid. TouchTunes denies that any of these patents was duly and legally issued by the U.S. Patent and Trademark Office. TouchTunes admits that a copy of each of the Arachnid Patents is attached to the Complaint in this case as Exhibits D and F-J. TouchTunes is without knowledge or information sufficient to form a belief as to the remaining allegations to paragraph 6 of the Counterclaims and on that basis denies each and every such allegation.

7. TouchTunes admits that the ’398, ’189, ’575 and ’834 patents are generally related to digital jukebox technology, that the ’765 patent is generally relates to a method of updating electronic data stored in numerous electronic amusement devices, and that the ’780 patent is generally related to an electronic device for executing a customized advertisement multimedia display. TouchTunes denies the remaining allegations of paragraph 7 of the Counterclaims.

8. TouchTunes admits that, on information and belief, Rowe is a licensee of the Arachnid Patents. TouchTunes is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the Counterclaims and on that basis denies each and every such allegation.

9. TouchTunes admits that it uses, has used, imports, has imported, sells, has sold, services, offers and/or has offered to sell interactive digital signage systems referred to by TouchTunes as Barfly and digital jukeboxes and/or jukebox components for digital jukeboxes including Rhapsody; Maestro; Ovation; Allegro; Maestro II; Allegro MX-1; Ovation II; Allegro MX-1v; PlayPorTT; Gen 2 Software; and Gen 3 Software. It is not clear what is meant by the term "Conversion Kits" in Paragraph 9 of the Counterclaims, and TouchTunes denies the averments of Paragraph 9 at least to the extent they include that term. TouchTunes admits that it owns and operates a central server system that communicates with digital jukeboxes. TouchTunes admits that it owns and operates a central server system that communicates with Barfly. TouchTunes denies the remaining allegations of Paragraph 9 of the Counterclaims.

10. Paragraph 10 of the Counterclaims contains a legal conclusion to which no response is required.

**CLAIM I**
**ALLEGED INFRINGMENT OF THE '389 PATENT**

11. TouchTunes restates and realleges its responses to Paragraphs 1 through 10 of the Counterclaims as if fully set forth herein.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

**CLAIM II**
**ALLEGED INFRINGEMENT OF THE ’189 PATENT**

19. TouchTunes restates and realleges its responses to Paragraphs 1 through 10 of the Counterclaims as if fully set forth herein.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

**CLAIM III**
**ALLEGED INFRINGEMENT OF THE ’575 PATENT**

27. TouchTunes restates and realleges its responses to Paragraphs 1 through 10 of the Counterclaims as if fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

**CLAIM IV**
**ALLEGED INFRINGEMENT OF THE ’834 PATENT**

35. TouchTunes restates and realleges its responses to Paragraphs 1 through 10 of the Counterclaims as if fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

**CLAIM V**
**ALLEGED INFRINGEMENT OF THE ’780 PATENT**

43. TouchTunes restates and realleges its responses to Paragraphs 1 through 10 of the Counterclaims as if fully set forth herein.

44. Denied.

45. Denied.

46. Denied.

47 Denied.

48. Denied.

49. Denied.

50. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

51. The Counterclaims fail to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Non-Infringement)**

52. TouchTunes has not infringed, and is not infringing, any valid and enforceable claim of the Arachnid Patents, either literally or under the doctrine of equivalents, nor has it induced or contributorily infringed any claim of the Arachnid patents.

### THIRD AFFIRMATIVE DEFENSE
**(Invalidity)**

53. The Arachnid Patents, and each claim thereof, are invalid for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
**(Limitation on Damages Under 35 U.S.C. § 287)**

54. Arachnid's claims for relief are barred, in whole or in part, by its failure to meet the requirements of 35 U.S.C. § 287.

### FIFTH AFFIRMATIVE DEFENSE
**(Prosecution History Estoppel)**

55. Arachnid's claims for relief are barred by the doctrine of prosecution history estoppel to the extent that Arachnid alleges infringement under the doctrine of equivalents.

### SIXTH AFFIRMATIVE DEFENSE
**(Dedication to the Public)**

56. Arachnid has dedicated to the public any method or apparatus in the Arachnid patents but not literally claimed therein, and is estopped from claiming infringement by any such public domain method or apparatus.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Specification and Prosecution Disclaimer)**

57. Arachnid's claims for relief are barred under the doctrines of specification and prosecution history disclaimer.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Unavailability of Relief (Enhanced Damages))**

58. On information and belief, Arachnid has failed to plead and meet the requirements of enhanced damages.

**NINTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights)**

59. TouchTunes reserves the right to assert additional defenses which may become apparent during discovery in this action.

**ANSWER TO COUNTERCLAIMANT'S PRAYER FOR RELIEF**

WHEREFORE, TouchTunes prays for judgment as follows:

A. Dismiss the Counterclaims with prejudice and deny each request for relief made by Counterclaimant Arachnid, Inc.;

B. Enter judgment in favor of TouchTunes;

C. That this case be deemed exceptional under 35 U.S.C. § 285, thereby entitling TouchTunes to its reasonable attorney's fees;

D. For costs of suit incurred herein; and

E. For such other and further relief as this Court deems just and proper.

Date: June 1, 2010

By: /s/ James S. Blank

James S. Blank
**KAYE SCHOLER LLP**
425 Park Avenue
New York, New York 10022-3589
Tel: (212) 836-8000
Fax: (212) 836-8689
E-mail: jblank@kayescholer.com

Joseph S. Presta
E-mail: jsp@nixonvan.com
Jonathon T. Reavill
E-mail: jtr@nixonvan.com
**NIXON & VANDERHYE, P.C.**
901 North Glebe Road, 11th Floor
Arlington, Virginia 22203
Tel: (703) 816-4000
Fax: (703) 816-4100

***Attorneys for Plaintiff***
***TOUCHTUNES MUSIC CORP.***