UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOUCHTUNES MUSIC CORP., <br><br> Plaintiff, <br><br> v. <br><br> ROWE INTERNATIONAL CORP., ARACHNID, INC., AMI ENTERTAINMENT, INC. and MERIT INDUSTRIES, INC. d/b/a/ MERIT ENTERTAINMENT, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Civil Action No. 07-cv-11450-RWS |

## TOUCHTUNES' OPPOSITION TO ARACHNID'S MOTION TO COMPEL PLAINTIFF TOUCHTUNES TO COMPLETE FACT DISCOVERY

Arachnid's untimely and baseless motion to compel ignores the facts of this case. Arachnid first complains that TouchTunes has refused to produce the computer source code for its Barfly product. However, Arachnid's counterclaims are expressly limited to jukeboxes, and Barfly is not a jukebox. Barfly does not play music and is not connected to any jukebox. TouchTunes nevertheless has timely produced Barfly documents, but has withheld the source code in view of the sensitivity of that information and the fact that Arachnid failed to timely add Barfly to this case. In fact, TouchTunes has moved to strike the unauthorized amended pleading Arachnid filed in an attempt to add Barfly after the deadline for amendments. If the Court allows Arachnid to add Barfly at this late date, TouchTunes will, of course, promptly produce its source code and supplement its discovery responses. Accordingly, Arachnid's motion is premature and

will be rendered moot by this Court's ruling on the Barfly issue. Moreover, after TouchTunes timely produced its Barfly documents on December 14, 2009, Arachnid completed depositions of TouchTunes corporate witnesses on Barfly in late January 2010, prior to the close of discovery on February 1, 2010. There is no basis for Arachnid's new demand for a repeat deposition on Barfly, particularly when it failed to hold any deposition open until it received Barfly source code.

Next, Arachnid asserts that TouchTunes' counsel has improperly withheld pending patent applications from its production. What Arachnid has failed to advise the Court is that TouchTunes properly objected in August 2008 to the production of irrelevant patent applications. If Arachnid believed the objections were improper, it was obligated to challenge the objections long ago but never did. Instead, Arachnid acquiesced to the objections and thus waived its right to challenge TouchTunes' objections.

Arachnid argues that TouchTunes patent application should be used to construe claim terms in Arachnid's patents, such as the term "when" and "number of times." However, the controlling law renders Arachnid's arguments baseless. Arachnid's patents must be interpreted in accordance with the intrinsic record of its own patents, not TouchTunes' patent applications. In fact, the Federal Circuit has held that the proper construction of "when" depends entirely on the specific context provided in the specification of the <u>asserted</u> patent. *See, e.g., Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250-53 (Fed. Cir. 1998). How TouchTunes may have treated similar language in a completely different patent specification on a different invention is simply immaterial. *See id.*; *see also Phillips v. AWH Corp.*, 415 F.3d 1303, 1317-19 (Fed. Cir. 2005) (*en banc*). The same is true for the term "number of times." *Id.*

Arachnid further complains that TouchTunes has not supplemented its financial disclosures, even though it timely produced all of its financial records. TouchTunes is certainly willing to work with Arachnid to establish a suitable supplementation schedule for financial records that assures both parties have updated information well in advance of any expert reports or other need. This is a common issue with financial records in view of their nature, and it is

TouchTunes' position that the parties can easily work out supplementations without bothering the Court. TouchTunes is currently working on collecting updated financial information so it can seasonably supplement and expects Arachnid to be doing the same.

Arachnid attempts to paint a picture of discovery misconduct by TouchTunes, but the reality is that TouchTunes has complied with all reasonable discovery requests and has worked hard to resolve all discovery disputes without the need for Court intervention. In fact, the only discovery disputes in this case requiring Court involvement have been between Arachnid and third-party Google. Unfortunately, Arachnid has chosen to bring these discovery issues to the Court without waiting for resolution of the Barfly issue and without allowing the parties a chance to work out a financial supplementation schedule. TouchTunes' counsel told Arachnid on Friday May 28th that he would be happy to work out these issues on Tuesday, June 1st upon return from his vacation over the Memorial Day weekend. However, Arachnid refused to wait through the weekend to meet and confer on these issues. Apparently, Arachnid wanted to have a discovery dispute on the table for the June 9th hearing on the Barfly issue, regardless of any actual dispute.

Arachnid's motion to compel should be denied as untimely and baseless.

Date: June 7, 2010    By: _____
Respectfully submitted,

James S. Blank (JB-4376)
**KAYE SCHOLER LLP**
425 Park Avenue
New York, New York 10022-3589
Tel: (212) 836-8000
Fax: (212) 836-8689
E-mail: jblank@kayescholer.com

Joseph S. Presta
E-mail: jsp@nixonvan.com
Jonathon T. Reavill
E-mail: jtr@nixonvan.com
**NIXON & VANDERHYE, P.C.**
901 North Glebe Road, 11th Floor
Arlington, Virginia 22203
Tel: (703) 816-4000
Fax: (703) 816-4100

1642582

*Attorneys for Plaintiff*
*TOUCHTUNES MUSIC CORP.*

- 4 -

1642582