UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

TOUCHTUNES MUSIC CORP.,

               Plaintiff,         07 Civ. 11450

  -against-                               OPINION

ROWE INTERNATIONAL CORP., ARACHNID,
INC., AMI ENTERTAINMENT, INC. and
MERIT INDUSTRIES, INC.,

               Defendants.

------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/10

A P P E A R A N C E S:

        Attorneys for Plaintiff
        TouchTunes Music Corp.

        KAYE SCHOLER LLP
        425 Park Avenue
        New York, NY  10022-3589
        By:  James S. Blank, Esq.

        NIXON & VANDERHYE, P.C.
        901 North Gelbe Road, Suite 1100
        Artlington, VA  22203
        By:  Joseph S. Presta, Esq.
             Jonathan T. Reavill, Esq.

        Attorneys for Defendant
        Arachnid, Inc.

        MCANDREWS, HELD & MALLOY, LTD.
        500 West Madison, 34th Floor
        Chicago, IL  60661
        By:  James P. Murphy, Esq.
             Paul W. McAndrews, Esq.

**Sweet, D.J.**

Plaintiff TouchTunes Music Corp. ("TouchTunes") has moved for summary judgment of noninfringement of U.S. Patent Nos. 6,397,189 (the "'189 Patent"), 6,381,575 (the "'575 Patent"), 5,848,398 (the "'398 Patent"), and 6,790,834 (the "'834 Patent"), which are owned by Defendant and Counterclaimant Arachnid, Inc. ("Arachnid"). TouchTunes has also moved to strike Arachnid's Amended Answer and Counterclaims, pursuant to Federal Rule of Civil Procedure 12(f). Arachnid has moved for leave to file a supplemental claim construction memorandum and, separately, moved to compel TouchTunes to produce certain documents related to U.S. Patent No. 6,191,780 (the "'780 Patent") and a TouchTunes product known as "Barfly," pursuant to Federal Rule of Civil Procedure 37.

Upon the facts and conclusions set forth below, TouchTunes' motion for summary judgment is denied, Arachnid's motion for leave to file a supplemental claim construction memorandum is denied as moot, TouchTunes' motion to strike is denied, and Arachnid's motion to compel is granted.

**Prior Proceedings**

Familiarity with the prior proceedings and facts of this dispute is assumed.

TouchTunes filed the instant motion for summary judgment on March 19, 2010, four days before the Court held a Markman hearing to address construction of disputed claim terms in the patents at issue. In response, on March 22, 2010, Arachnid moved for leave to file a supplemental claim construction memorandum regarding the construction of the claim term "song." The construction of the claim term "song" is also the basis for TouchTunes' summary judgment motion, so both motions are addressed here.

On January 13, 2010, Arachnid moved for leave to amend its answer and counterclaims to add a counterclaim against TouchTunes for infringement of the '780 Patent. Arachnid attached a copy of its proposed Amended Answer and Counterclaims as Exhibit 1 to the Declaration of Paul W. McAndrews in support of the motion. On May 11, 2010, Arachnid's motion was granted. TouchTunes Music Corp. v. Rowe Intern. Corp., No. 07 Civ. 11450, 2010 WL 1904326, at *3 (S.D.N.Y. May 11, 2010).

2

Three days later, on May 14, 2010, Arachnid filed an Amended Answer and Counterclaims that differed from the version attached as Exhibit 1 to the McAndrews Declaration. Specifically, the version filed on May 14 added allegations of infringement by a non-jukebox product known as "Barfly." In response, on May 21, 2010, TouchTunes moved to strike the Amended Answer and Counterclaims.

On May 28, 2010, Arachnid moved to compel TouchTunes to produce documents relating to the '780 Patent and the Barfly product, in light of the May 11 Opinion granting Arachnid's motion to amend its answer and counterclaims to include a counterclaim of infringement on the '780 Patent.

The motion for leave to file a supplemental claim construction memorandum was marked fully submitted on April 15, 2010. The motion for summary judgment was heard and marked fully submitted on May 26, 2010. The motions to strike and to compel were heard and marked fully submitted on June 9, 2010.

I.  **TOUCHTUNES' MOTION FOR SUMMARY JUDGMENT IS DENIED**

    A. The Claim Term "Song" Means "Studio Quality Musical Recording" and Has No File Size Limitation

Most of the asserted patent claims at issue in this dispute recite the claim term "song." In September 2009, the parties agreed that "song" would be construed as a "studio quality musical recording." (See Mot. 3; Opp. 7.) The parties now disagree as to the meaning of "studio quality."

In its motion for summary judgment, TouchTunes contends that "studio quality" music has a size-per-minute of at least 10.1 megabytes ("MB"), and can have sizes-per-minute as high as 66 MB. (Mot. 5.) In support of this construction, TouchTunes cites Arachnid's efforts to distinguish prior art, in which it confirmed that "studio quality" songs require the songs to "take[] around 10MB per one minute of stereo sound." (Id. (citing Declaration of Patrick Rice ("Rice Decl.") ¶ 9).) According to TouchTunes, Arachnid repeatedly argued before the U.S. Patent and Trademark Office (the "PTO") that its claims were patentable because the prior art technology could not accommodate the large volume of data contained in "complete

4

songs of studio quality." (Mot. 9.) TouchTunes also states that the MP3-128 files used in its jukeboxes have a size-per-minute of only 0.94 MB, and argues that these files therefore do not contain "studio quality" recordings and are not "songs" as the parties have construed the claim term. (Id. 5-6.)

In its opposition, Arachnid argues that the prior art it sought to distinguish before the PTO concerned karaoke devices, which utilized Musical Instrument Digital Interface ("MIDI") files rather than recorded music or complete songs. (Opp. 3.) Arachnid used the term "studio quality" and similar terminology throughout the reexamination proceedings before the PTO as a way to define and refer to commercially available recorded music, as opposed to the MIDI data utilized by karaoke devices. (Opp. 4.) For example, with respect to the reexamination of the '834 Patent, Arachnid stated that once a patron has selected a desired song, "[t]he jukebox would then play the selected song, which was typically an artist's studio recording of a commercially available song." (Id.) In its submissions to the PTO, Arachnid consistently defined the phrase "studio quality," as that phrase relates to the jukebox patents at issue, as musical recordings that are

5

suitable for commercial distribution. By doing so, Arachnid acted as its own lexicographer. See Edwards Lifesciences LLC v. Cook Inc., 582 F.3d 1322, 1329 (Fed. Cir. 2009); Phillips v. AWH Corp., 415 F.3d 1303, 1316 (Fed. Cir. 2005). Nothing in the intrinsic record indicates that Arachnid used the term "studio quality" to refer to any file size requirements.

Because the claim term "song" is in dispute, the Court must construe that term, as a matter of law. See Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996). This is true even though the parties had previously reached an agreement as to the construction of the term "song." See, e.g., Civix-DDI, LLC v. Cellco P'ship, No. 03 C 3792, 2005 WL 831307, at *8 (N.D. Ill. Apr. 6, 2005) (construing a term where "the parties have a finite and well-defined dispute over the meaning of what they thought was an agreed construction"); Fernandez Innovative Techs., L.L.C. v. Gen. Motors Corp., No. 07 C 1397, 2008 WL 2168843, at *7 (N.D. Ill. May 23, 2008).

The Federal Circuit has instructed that claims are to be construed in light of the claim language and the

6

specification. "The construction that stays true to the claim language and most naturally aligns with the patent's description of the invention will be, in the end, the correct construction." Phillips, 415 F.3d at 1316. The plain meaning of the claim term "song," the specifications, and all of the intrinsic evidence make it clear that a "song" is not limited to a specific or minimum file size. Each of the specifications in the patents at issue explain how the song is taken from its original source – specifically, a commercially available recording – to a central management station, where the song is compressed to reduce its size before being transmitted to the computer jukebox. The file sizes for songs in the preferred embodiments are minimized, and the preferred embodiments do not mention any particular file size. It would be improper to apply numerical limitations to a claim term when the specification provides no such limitation. See, e.g., Kapusta v. Gale Corp., 155 Fed. Appx. 518, 521 (Fed. Cir. 2005) ("Because numerical dimensions are absent in the specification, it was improper for the district court to construe the claim term with the lower limit dimensions.").

For its definition of "studio quality," TouchTunes relies on the opinion of a retained expert and

two sentences from the Declaration of Patrick Rice, which refer to a single example file format. The former is extrinsic evidence that is outweighed by the intrinsic record showing Arachnid's repeated definition of studio quality songs as musical recordings suitable for commercial distribution. The excerpted language from the Rice Declaration is mischaracterized by TouchTunes. Read in context, Rice's statement did not constitute a disavowal of claim scope or a definition of any specific claim terminology. Rather, Rice merely provided background information about the size of the most popular type of uncompressed music file format — the WAV format — used to convert songs stored on compact discs to computer files in 1992.

Because the specifications and intrinsic evidence do not teach that the phrase "studio quality," as it relates to the patents in dispute, reflects any minimum file size requirement, the claim term "song" is construed to have no file size limitations. Rather, based on the intrinsic record, "song" is construed to mean a "studio quality musical recording," where "studio quality" means that the recording is suitable for commercial distribution.

8

## B. TouchTunes' Motion for Summary Judgment is Denied

Summary judgment on patent infringement is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Nike Inc. v. Wolverine World Wide, Inc., 43 F.3d 644, 646 (Fed. Cir. 1994). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Jansen v. Rexall Sundown, Inc., 324 F.3d 1329, 1331 (Fed. Cir. 2003). To survive a motion for summary judgment, the nonmovant must come forward with "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

The basis of TouchTunes' summary judgment motion is its contention that the patents in dispute are limited to jukeboxes that use musical recordings with a file size equal to or greater than 10.1 MB per minute, that no TouchTunes jukebox or product uses musical recordings of that size, and that therefore there can be no infringement of any claim of any asserted patent that uses the term "song." However, because the claim term "song" has been construed to have no file size limitations, TouchTunes'

9

argument fails.  In light of the Court's construction of the claim term "song," genuine issues of material fact remain regarding whether TouchTunes' use of MP3-128 files infringes the patents in dispute.  TouchTunes has failed to establish that the songs stored, transmitted, and played on TouchTunes' jukeboxes and jukebox network are not "songs," as the term has been construed.

TouchTunes' motion for summary judgment is therefore denied.

## II. ARACHNID'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL CLAIM CONSTRUCTION MEMORANDUM IS DENIED AS MOOT

In its proposed supplemental claim construction memorandum, Arachnid sought to address the proper construction of the claim term "song."  Because Arachnid raised virtually identical arguments in its opposition to TouchTunes' summary judgment motion and the term "song" has been construed here, there is no need for Arachnid to submit the supplemental claim construction memorandum.  Accordingly, its motion for leave is denied as moot.

## III. TOUCHTUNES' MOTION TO STRIKE IS DENIED

TouchTunes contends that the Amended Answer and Counterclaims filed by Arachnid on May 14, 2010 contains "new and materially different" allegations from those contained in the proposed pleading submitted by Arachnid in support of its motion to amend, which was granted in the May 11 Opinion. According to TouchTunes, this amended pleading is improper and should be stricken (a) because it represents an abuse of the leave to amend granted in the May 11 Opinion and (b) because Arachnid waited to plead its infringement allegations against Barfly until more than two months after the agreed-upon deadline for amending the pleadings, despite the fact that it had sufficient information to add Barfly in 2009.

Under Federal Rules of Civil Procedure 12(f), the standard that must be met in order to strike material is "a stringent one." Bangkok Crafts Corp. v. Capitolo Di San Pietro in Vaticano, No. 03 Civ. 15, 2007 WL 1687044, at *3 (S.D.N.Y. 2006) (citing Mikropul Corp. v. Desimone & Chaplin-Airtech, Inc., 599 F. Supp. 940, 945 (S.D.N.Y. 1984)). "A motion to strike immaterial or impertinent matter from a pleading will ordinarily not be granted

11

unless the matter sought to be stricken clearly can have 'no possible relation' to the matter in controversy." Gleason v. Chain Serv. Rest., 300 F. Supp. 1241, 1257 (S.D.N.Y. 1969), aff'd, 422 F.2d 343 (2d Cir. 1970). An amended pleading that differs from a proposed amended pleading submitted to the court will generally be stricken only if the moving party is prejudiced by the disputed amendments. See, e.g., SEC v. Lorin, 869 F. Supp. 1117, 1120 (S.D.N.Y. 1994) (to succeed on a motion to strike, "the movant must first show that it is prejudiced by the inclusion" of the amended pleading or portion thereof); Brown v. W. Valley Envtl. Servs., LLC, No. 10CV210A, 2010 WL 3369604, at *7 (W.D.N.Y. Aug. 24, 2010) (same).

TouchTunes argues that the amended pleading, which "add[s] a new product line to this case," will increase its litigation burden and create substantial prejudice by "add[ing] costly discovery and additional delay, as well as additional trial costs." (Reply 2; see Mot. 2.) These conclusory statements are insufficient to demonstrate prejudice. TouchTunes characterizes this as an attempt to "unilaterally reopen discovery based on these improper Barfly amendments." (Mot. 5.) However, the additional language in the amended pleading concerns a

12

product, Barfly, which the parties already knew to be potentially at issue in this litigation. Arachnid has been seeking discovery related to Barfly, for infringement of the '780 Patent, since as early as October 2009. (See Opp. 11.)

Furthermore, the cases cited by TouchTunes support the proposition that an amended pleading or a portion thereof should be stricken only if it is significantly or materially different from the proposed amended pleading. See Montgomery v. City of Ardmore, 365 F.3d 926, 943 (10th Cir. 2004) (striking an amended complaint that "differed materially from the one originally attached to the motion to amend"); Burch v. Blue Cross Blue Shield of N.C., No. 08CV364, 2009 WL 4950578, at *2 (M.D.N.C. Dec. 14, 2009) (striking a "substantively different" pleading); Bogdan v. Housing Auth. of the City of Winston-Salem, No. 05CV568, 2006 WL 3848693, at *3 (M.D.N.C. Dec. 29, 2006) (concerning a "significantly different" amended complaint).

TouchTunes contends that the allegations regarding Barfly are "new and materially different" from the allegations in the proposed amended counterclaims.

13

Barfly is not identified by Arachnid as an accused product in the proposed amended counterclaims upon which the Court relied in granting leave to amend. According to TouchTunes, the proposed pleading is expressly limited to jukebox products that play songs, a category that does not include Barfly.

Arachnid argues that the addition of Barfly, rather than expanding the scope of its claims, merely clarifies the allegations by specifying the products that allegedly infringe. The identification of Barfly narrows the allegations by naming the specific TouchTunes "network" device and "electronic devices for executing customized multimedia displays" that had been alleged to infringe. The Court agrees with Arachnid that the prior allegations appear to have encompassed the Barfly system and that Arachnid has not "abused" the leave to amend granted in the May 11 Opinion. The language regarding "customized multimedia displays" indicates that Arachnid's claims encompassed more than jukebox products that play songs.

Finally, TouchTunes argues that the Court need not rely exclusively on Rule 12. Instead, the amended pleading could be stricken pursuant to Rule 15(a)(2), for

14

Arachnid's failure to obtain TouchTunes' written consent or leave of the Court to file a further amended pleading, pursuant to Rule 6, as inexcusably late, or under Rule 16(f)(1)(C), as a sanction for violation the Rule 16 Scheduling Order in place in this action. However, because the amended pleading merely adds specifics and does not significantly or materially alter proposed pleading, the leave to amend granted in the May 11 Opinion covers the amended pleading as filed. For the same reasons, the pleading is neither inexcusably late, as TouchTunes suggests, nor does it violate the Scheduling Order.

TouchTunes' motion to strike is denied.

## IV.  ARACHNID'S MOTION TO COMPEL IS GRANTED

Arachnid has moved to compel the production of documents related to the '780 Patent and the Barfly product. In its opposition, TouchTunes stated that it would promptly produce the requested source code for Barfly and supplement its discovery responses if the court allowed Arachnid to add Barfly. Since the Court has allowed the addition of Barfly, the motion is granted as to the Barfly documents, including the source code, and a witness to

15

testify about Barfly.  The motion is also granted as to documents relating to the '780 Patent.  TouchTunes is directed to supplement its discovery responses accordingly.

**Conclusion**

For the reasons set forth above, TouchTunes' motion for summary judgment of noninfringement is denied, Arachnid's motion for leave to file a supplemental claim construction memorandum is denied as moot, TouchTunes' motion to strike is denied, and Arachnid's motion to compel is granted.

It is so ordered.

**New York, NY**
October 4, 2010

_____
ROBERT W. SWEET
U.S.D.J.

16