UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOUCHTUNES MUSIC CORP.,<br><br>Plaintiff,<br><br>-against-<br><br>ROWE INTERNATIONAL CORP.,<br>ARACHNID, INC.,<br>AMI ENTERTAINMENT, INC. and<br>MERIT INDUSTRIES, INC. d/b/a MERIT<br>ENTERTAINMENT,<br><br>Defendants.<br><br>AND RELATED COUNTER CLAIMS | Civil Action No. 07-cv-11450-RWS |

**ARACHNID'S RESPONSE TO TOUCHTUNES' RULE 56.1 STATEMENT
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF
NON-INFRINGEMENT REGARDING THE '398 AND '834 PATENTS**

Pursuant to the Federal Rules of Civil Procedure and Local Rule 56.1 of the United States District Court for the Southern District of New York, Defendant and Counterclaimant Arachnid, Inc. ("Arachnid") respectfully responds to each of the numbered paragraphs contained in Plaintiff TouchTunes Music Corp.'s ("TouchTunes") Local Rule 56.1 Statement of Material Facts in Support of TouchTunes's Motion for Summary Judgment of Non-Infringement Regarding the '398 and '834 Patents (Dkt. No. 235). The admissions made herein are solely for purposes of this summary judgment motion.

Pursuant to Fed. R. Civ. P. 56(c) and Local Rule 56.1(d), Arachnid objects to the Declaration of Dan Schonfeld in Support of Non-Infringement of the '398 and '834 Patents, paragraphs 4, 6, 8-15, 20-35, 44-46, 48, 50-52, 55, 59, 61-62, 67-75 and 77 as containing legal argument and/or re-arguing claim construction that was previously decided by the Court as a

matter of law. Dr. Schonfeld is unqualified to render these opinions because he is a technical and not a legal expert. The testimony relating to these paragraphs is not admissible into evidence and cannot be relied on in support of TouchTunes' motion for summary judgment of non-infringement regarding the '398 and '834 patents.

### A. The Accused TouchTunes Jukeboxes Include Separate Advertisement and Song Data Storage Locations

1. Denied. The TouchTunes jukeboxes store advertisement-related data separately from the song data within the data storage unit. Storer Decl.,[1] Ex. 1 at ¶¶ 104-105.

2. Denied. The TouchTunes jukeboxes store advertisement-related data separately from the song data within the data storage unit. *Id.*

3. Admitted to the extent that only actual advertisements, and not advertisement-related data, are stored with music files in the /usr/local/touchtunes/music directory. *Id.* Otherwise denied.

4. Admitted to the extent that only actual advertisements, and not advertisement-related data, are stored with music files in the /usr/local/touchtunes/music directory. *Id.* Otherwise denied.

5. Admitted to the extent that only actual advertisements, and not advertisement-related data, are stored with music files in the /usr/local/touchtunes/music directory. *Id.* Otherwise denied.

6. Denied. Arachnid bases its assertion that the TouchTunes jukeboxes meet the "data storage unit" limitation on the fact that TouchTunes' jukeboxes have separate structural locations for the storage of advertisement-related data and song data. *Id.* Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument and is not a fact.

---

[1] *Declaration of James A. Storer in Support of Arachnid's Oppositions to TouchTunes' Motions for Summary Judgment of Non-Infringement*, filed herewith.

2

**B. Whether Customer Interaction Results in the Display of Advertisements is a Red Herring**

7. Admitted. However, whether or not the display is based upon customer interaction is irrelevant to whether or not the TouchTunes jukeboxes meet the "when" and "number of times" claim limitations. The specification of the '398 and '834 patents, as well as the Court's claim construction, states that the number of times an advertisement will be run does not have to be pre-determined. 7/22/2010 Claim Construction Op. at 25-29 (Dkt. No. 173).

8. Denied. The display of advertisements on TouchTunes jukeboxes is dictated by multiple factors including downloaded data including, for example, the SHOW_START_DT, SHOW_END_DT, JUK_AD_INVENTORY.CYCLE_TIME and other data fields. Storer Decl., Ex. 1 at ¶¶ 62-63, 67.

9. Admitted. However, whether or not the display is based upon customer interaction is irrelevant to whether or not the TouchTunes jukeboxes meet the "when" and "number of times" claim limitations. The specification of the '398 and '834 patents, as well as the Court's claim construction, merely contemplates that the number of times an advertisement will be run does not have to be pre-determined. 7/22/2010 Claim Construction Op. at 25-29 (Dkt. No. 173).

10. Denied. The predictability of the display of advertisements depends on the location of the advertising screen. Advertisements will display on the TouchTunes jukeboxes within predictable time periods for certain advertising screen locations. Storer Decl., Ex. 2 at ¶ 32.

11. Denied. There are multiple examples of advertisement-related data that allow the TouchTunes jukeboxes to determine the when and number of times that an advertisement will be run. *See* Storer Decl., Ex. 1 at ¶ 67.

3

12. Denied. There are multiple examples of advertisement-related data that allow the TouchTunes jukeboxes to determine the frequency that an advertisement will be run. *See id.*

13. Denied. Arachnid bases its assertion that the TouchTunes jukeboxes meet the "when" and "number of times" limitations on the fact that TouchTunes' jukeboxes receive data that permits the jukeboxes to determine a time within which or event in relation to which an advertisement will be run, as well as a frequency an advertisement will be run. *Id.* Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument and is not a fact.

### C.  The Accused TouchTunes Jukeboxes Contain a Processing Means; No Conflict Resolution Step is Required

14. Denied. The TouchTunes jukeboxes include a processor that is programmed to control the display of advertisements on the display and storing of the advertisements in memory, and is responsive to advertisement data received via the communication interface to display the advertisements. *Id.* at ¶¶ 73-75. The data received by the TouchTunes jukeboxes permits the jukeboxes to determine a time within which or event in relation to which an advertisement will be run, as well as a frequency an advertisement will be run. *Id.* at ¶ 67.

15. Admitted. However, that the TouchTunes jukeboxes do not include a processor that contains a "conflict-resolution" algorithm is irrelevant to whether or not the TouchTunes jukeboxes meet the "processing means" claim limitations. The TouchTunes jukeboxes include a processor that is programmed to control the display of advertisements on the display and storing of the advertisements in memory, and is responsive to advertisement data received via the communication interface to display the advertisements. *Id.* at ¶¶ 73-75. No specific algorithm or conflict resolution step is required because the specified function is no so specific that it requires a special purpose computer. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d

4

1303, 1316 (Fed. Cir. 2011) (rejecting a broad rule that any computer-implemented means-plus-function language recited in a claim is always limited to a corresponding algorithm disclosed in the specification).

16.   Admitted. However, that the TouchTunes jukeboxes do not include a processor that contains a "conflict-resolution" algorithm is irrelevant to whether or not the TouchTunes jukeboxes meet the "processing means" claim limitations. The TouchTunes jukeboxes include a processor that is programmed to control the display of advertisements on the display and storing of the advertisements in memory, and is responsive to advertisement data received via the communication interface to display the advertisements. Storer Decl., Ex. 1 at ¶¶ 73-75. No specific algorithm or conflict resolution step is required because the specified function is no so specific that it requires a special purpose computer. *See In re Katz*, 639 F.3d at 1316.

17.   Denied. The TouchTunes jukeboxes store advertisement-related data separately from the song data within the data storage unit. Storer Decl., Ex. 1 at ¶¶ 104-105.

18.   Denied. Arachnid bases its assertion that the TouchTunes jukeboxes meet the "processing means" limitations on the fact that TouchTunes' jukeboxes include a processor that is programmed to control the display of advertisements on the display and storing of the advertisements in memory, and is responsive to advertisement data received via the communication interface to display the advertisements. *Id.* at ¶¶ 73-75. Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument and is not a fact.

### D.   The Accused TouchTunes Jukeboxes are Capable of Displaying Advertisements When No Song is Playing

19.   Admitted. However, that the TouchTunes jukeboxes display advertisements independently of whether or not a song is playing on the jukebox is irrelevant to whether or not the TouchTunes jukeboxes meet the "when said jukebox is not generating a signal representing a

song" claim limitations. The TouchTunes jukeboxes display advertisements on the various interface screens whether or not the jukebox is currently playing a selected song, and can also be run at the end of a pre-determined idle period that is customizable by a jukebox operator. *Id.* at ¶ 97. The TouchTunes jukeboxes are thus capable of displaying advertisements when no song is playing. *Id.*

20. Denied. The TouchTunes jukeboxes display advertisements on the various interface screens whether or not the jukebox is currently playing a selected song, and can also be run at the end of a pre-determined idle period that is customizable by a jukebox operator. *Id.* The TouchTunes jukeboxes are thus capable of displaying advertisements when no song is playing. *Id.* Whether or not the TouchTunes jukeboxes have ever displayed an advertisement based upon the fact that the jukebox was not playing a song is wholly irrelevant.

21. Admitted. However, that the display of advertisements on the TouchTunes jukeboxes has been only based on customer interaction is irrelevant. The TouchTunes jukeboxes display advertisements on the various interface screens whether or not the jukebox is currently playing a selected song, and can also be run at the end of a pre-determined idle period that is customizable by a jukebox operator. *Id.* The TouchTunes jukeboxes are thus capable of displaying advertisements when no song is playing. *Id.*

22. Denied. Arachnid bases its assertion that the TouchTunes jukeboxes meet the "when said jukebox is not generating a signal representing a song" limitations on the fact that TouchTunes' jukeboxes are capable of displaying advertisements when no song is playing. *Id.* Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument and is not a fact.

Dated: New York, New York
       November 14, 2012

By: *James E. Hanft* (signature)
James E Hanft
SCHIFF HARDIN LLP
666 Fifth Avenue, Suite 1700
New York, NY 10103
(212) 753-5000

Stephen M. Hankins
SCHIFF HARDIN LLP
One Market
Spear Street Tower, Suite 3200
San Francisco, CA 94105
(415) 901-8700

James P. Murphy
MCANDREWS HELD & MALLOY LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60601
(312) 775-8000

ATTORNEYS FOR DEFENDANT ARACHNID, INC.

28235-0003
NY\51262957.1