UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOUCHTUNES MUSIC CORP.,<br><br>      Plaintiff,<br><br>  -against-<br><br>ROWE INTERNATIONAL CORP.,<br>ARACHNID, INC.,<br>AMI ENTERTAINMENT, INC. and<br>MERIT INDUSTRIES, INC. d/b/a MERIT<br>ENTERTAINMENT,<br><br>      Defendants.<br><br>AND RELATED COUNTER CLAIMS | Civil Action No. 07-cv-11450-RWS |

**REPLY MEMORANDUM IN SUPPORT OF OBJECTIONS TO AND MOTION TO
STRIKE PORTIONS OF THE DECLARATIONS OF DAN SCHONFELD, PH.D.**

Defendant and Counterclaimant Arachnid, Inc. ("Arachnid") hereby submits its reply memorandum in support of its motion to strike new, untimely, and/or improper declaration testimony from the two declarations of Dan Schonfeld filed in support of TouchTunes' summary judgment motions.

## INTRODUCTION

Contrary to TouchTunes' rhetoric in its opposition, the focus of Arachnid's motion to strike is *not* about the merits of the pending summary judgment motions. *See* TouchTunes Opp. at 1 (Dkt. No. 259). Rather, this motion is solely about the insufficiency and inappropriateness of the two Schonfeld declarations submitted in connection with those motions. Dr. Schonfeld provides new opinions never previously disclosed in his expert reports, provides extensive argument about claim construction and comes to conclusions on purely legal issues. As set forth below, none of this is permissible technical expert testimony at this stage of the litigation.[1] Therefore, the Court should determine that this testimony is inadmissible and cannot be used to support TouchTunes' motion for summary judgment or potential trial testimony from its expert.

## ARGUMENT

### I.  The 10/12/2012 Schonfeld Declaration Contains Impermissible New Opinions

TouchTunes asserts that Dr. Schonfeld's reply expert report discloses TouchTunes' theory of non-infringement that a Ruby programming variable cannot satisfy the "non-variable reference" limitation of the Court's claim construction. A close examination of the disclosure in that reply report shows that the ultimate opinion is set forth – that the accused references do not meet the Court's claim construction definition – but the reasoning and theory relied on by TouchTunes in its summary judgment motion was not disclosed.

The 10/12/2012 Schonfeld Declaration recites *eleven paragraphs* of reasoning for the opinion that the three accused references, *@data['message']*, *@data['item']* and *@data*, are

---

[1] TouchTunes criticizes Arachnid's expert for not providing anything "by way of declaration to oppose entry of summary judgment other than citations to his prior reports." TouchTunes Opp. at 1. TouchTunes is incorrect since Dr. Storer submitted a declaration swearing to all of the opinions in his expert report. Interestingly, TouchTunes could not do the same. It had to submit a separate declaration from its expert since the Schonfeld expert reports failed to disclose all of the necessary bases and opinions to support TouchTunes' summary judgment motions.

2

variables in the Ruby programming language and cannot satisfy the "non-variable" limitation of the Court's claim construction.  In response to Arachnid's assertion that this opinion is not disclosed in Dr. Schonfeld's expert reports, TouchTunes cites to *a single sentence* from Dr. Schonfeld's reply expert report in which he states that "[i]nstead, the alleged 'placeholder tokenized argument' is simply a variable in the Ruby featurelet, and the alleged 'modifiable definition' in the database is simply assigned to the variable in the Ruby featurelet."  *See* TouchTunes Opp. at 3 (Dkt. No. 259).

This single sentence states that the accused references are "variables" in Ruby, but does not disclose any reasoning or basis for non-infringement.  Nowhere does TouchTunes identify in Dr. Schonfeld's expert report a disclosure of:  (1) what constitutes a variable in Ruby; (2) support for the definition of a Ruby variable as provided in Exhibit 9 to his declaration (the Ruby programming documentation describing variables in Ruby); (3) the opinion that a constant is required to meet the Court's claim construction (*See* 10/12/2012 Schonfeld Declaration at ¶ 29);[2] and (4) the opinion that a Ruby variable categorically cannot fall within the Court's definition of a "non-variable reference."

The Federal Rules of Civil Procedure require a "compete statement of all opinions the witness will express *and the basis and reasons for them*…. "  Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).  Arachnid respectfully submits that it is unreasonable to conclude that TouchTunes disclosed this theory of non-infringement in Dr. Schonfeld's expert report.  TouchTunes deprived Arachnid of an opportunity to cross-examine Dr. Schonfeld during his deposition on the basis for these opinions, a cross examination that would have demonstrated the

---

[2] TouchTunes maligns Arachnid by stating that it tries to create a "false impression" with the Court that Schonfeld added a "constant" limitation to the Court's claim construction.  The Court can come to its own conclusion as to Schonfeld's opinion based on the wording of paragraph 29 of the 10/12/2012 Schonfeld Declaration.

fundamental flaws in his logic and conclusion. Accordingly, the Court should strike as improper and inadmissible paragraphs 11, 25-31, 36-37 and 41-42 of the 10/12/2012 Schonfeld Declaration.

## II. Both Schonfeld Declarations Contain Impermissible Legal Arguments About Claim Construction

TouchTunes argues that paragraphs 3-10 and 12-17 of the 10/12/2012 Schonfeld Declaration and paragraphs 4, 6, 8-14, 20-35, 44-46, 61-62 and 67-75 of the 10/15/2012 Schonfeld Declaration pertain to Dr. Schonfeld's "accounting for the Court's claim construction and the intrinsic record as required to properly opine on the issue of non-infringement," and therefore do not constitute improper legal opinion. *See* TouchTunes Opp. at 5-6 (Dkt. No. 259). Dr. Schonfeld's recounting of the prosecution history and claim construction process is irrelevant to opining on infringement where, as here, the Court has *already* conducted claim construction.

The 10/12/2012 Schonfeld Declaration and the 10/15/2012 Schonfeld Declaration recite over fifty paragraphs of prosecution history and claim construction procedural history. TouchTunes asserts that Dr. Schonfeld was required to include this information to properly opine on infringement. However, after the Court has construed the disputed claim terms, it is *not* necessary to re-examine the prosecution history and claim construction arguments to determine infringement. Instead, it is only necessary to *compare* the Court's construction to the accused products. *See Markman v. Westview Instruments, Inc.*, 53 F.3d 967, 976 (Fed. Cir. 1995). Thus, any discussion or recitation of the prosecution history and claim construction procedural history is irrelevant. The only purpose for including such information in Dr. Schonfeld's declarations is to provide TouchTunes' legal arguments for re-doing claim construction in its summary judgment motion. The Court has already conducted two claim construction proceedings in this

4

case, and TouchTunes has failed to provide justification for re-opening claim construction. As such, the paragraphs concerning claim construction and prosecution history in the Schonfeld Declarations are impermissible and should be stricken. *See Advanced Tech. Incubator, Inc. v. Sharp Corp.*, 2:07-CV-468, 2009 WL 4669854, at *7-8 (E.D. Tex. Sept. 15, 2009); *Eastcott v. Hasselblad A/S*, 11 CIV. 5383 JSR, 2012 WL 4372886, at *3 (S.D.N.Y. Sept. 24, 2012).

TouchTunes asserts that paragraphs 50-52 and 55 of the 10/15/2012 Schonfeld Declaration "involve a different issue" than the other identified paragraphs in Arachnid's motion to strike, making it necessary for Dr. Schonfeld to consider the reexamination prosecution history in opining on infringement as to the "processing means" claim term. *See* TouchTunes Opp. at 7 (Dkt. No. 259). TouchTunes' argument amounts to an admission that, for at least those four paragraphs of the 10/15/2012 Schonfeld Declaration, Dr. Schonfeld *was* making a legal opinion as to claim construction. As such, they should be stricken. *See Advanced Tech. Incubator*, 2009 WL 4669854, at *7-8 (striking as inadmissible technical expert's opinions as to legal opinions on claim construction).

In any event, claim construction is a question of law for the Court to decide. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). While expert opinions concerning claim construction may be permissible, they constitute extrinsic evidence and have been deemed by the Federal Circuit to be "less significant than the intrinsic record in determining the legally operative meaning of the claim language." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005). Indeed, the Federal Circuit has also stated that "a court should discount any expert testimony that is clearly at odds … with the written record of the patent." *Id.* (citation and internal quotation marks omitted). To the extent the Court deems it necessary to have additional claim construction argument concerning the "processing means" claim term,

TouchTunes should have submitted briefing on the issue, not attorney argument disguised as an expert declaration. However, as discussed in Arachnid's opposition to TouchTunes' summary judgment motion (*see* Dkt. No. 242 at 18-19), nothing in the reexamination proceedings requires a modification of the parties' agreed-on claim construction for the "processing means" claim term.

### III.   The 10/15/2012 Schonfeld Declaration Contains Unfounded Legal Conclusions

TouchTunes asserts that paragraphs 15, 48, 59 and 77 of the 10/15/2012 Schonfeld Declaration do not provide opinions concerning Arachnid's bad faith, but rather provide opinions "concerning the facts, or in this case the lack of facts, supporting Arachnid's infringement allegations." TouchTunes Opp. at 8 (Dkt. No. 259). TouchTunes' characterization of the Schonfeld Declaration is at odds with its actual language.

Each identified paragraph contains two sentences – the first providing Dr. Schonfeld's opinion that TouchTunes' jukeboxes do not infringe the asserted patent claims, and the second providing Dr. Schonfeld's "opinion" that "no reasonable basis exists" for Arachnid to assert infringement of the asserted claims against TouchTunes' jukeboxes. *See id.* at ¶¶ 15, 48, 59 and 77. The statements concerning Arachnid's reasonableness go well beyond merely opining on whether or not TouchTunes' jukeboxes infringe the asserted patent claims. Indeed, such statements are unnecessary in view of the first sentence in each identified paragraph.

TouchTunes' argument that "Dr. Schonfeld makes no mention as to whether Arachnid's allegations of infringement are made in bad faith" has no merit. *See* TouchTunes Opp. at 8 (Dkt. No. 259). Whether or not Arachnid has a "reasonable basis" to assert infringement clearly raises the question of whether or not Arachnid acted in good faith in asserting infringement. *See* Fed. R. Civ. P. 11, Advisory Committee's Notes. The issue of whether or not Arachnid has acted

reasonably in asserting infringement is an entirely separate – and purely legal – issue from the issue of whether or not TouchTunes' jukeboxes infringe the asserted patent claims. Dr. Schonfeld, as a technical and *not* legal expert, is unqualified to opine on this issue.

Affidavits and declarations that go beyond mere opinions on underlying facts, and instead function to disguise impermissible legal argument and conclusions of law, should be stricken. *Eastcott*, 2012 WL 4372886, at *3; *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 n.3 (W.D. Wash. 2006); *Advanced Tech. Incubator*, 2009 WL 4669854, at *6. Paragraphs 15, 48, 59 and 77 of the 10/15/2012 Schonfeld Declaration undeniably recite impermissible – and unfounded – legal opinions concerning the reasonableness of Arachnid's infringement assertions. Accordingly, Arachnid respectfully requests that the Court strike those paragraphs.

## CONCLUSION

For the foregoing reasons, as well as those provided in its opening memorandum, Arachnid objects to and respectfully asks that the Court strike (1) paragraphs 11, 25-31, 36-37 and 41-42 of the 10/12/2012 Schonfeld Declaration as new and improper opinions; (2) paragraphs 3-10 and 12-17 of the 10/12/2012 Schonfeld Declaration and paragraphs 4, 6, 8-14, 20-35, 44-46, 50-52, 55, 61-62, 67-75 of the 10/15/2012 Schonfeld Declaration improper and inadmissible legal opinions attempting to rearguing claim construction; and (3) paragraphs 15, 48, 59 and 77 of the 10/15/2012 Schonfeld Declaration as improper and inadmissible legal opinions beyond the scope of a proper technical expert opinion.

Dated: New York, New York
November 26, 2012

By: ___/s/ James E. Hanft_____
James E Hanft
SCHIFF HARDIN LLP
666 Fifth Avenue, Suite 1700
New York, NY 10103
(212) 753-5000

Stephen M. Hankins
SCHIFF HARDIN LLP
One Market
Spear Street Tower, Suite 3200
San Francisco, CA 94105
(415) 901-8700

James P. Murphy
MCANDREWS HELD & MALLOY LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60601
(312) 775-8000

ATTORNEYS FOR DEFENDANT ARACHNID, INC.

28235-0003
NY\51267291.1