UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOUCHTUNES MUSIC CORP.,<br><br>        Plaintiff,<br><br>        -against-<br><br>ROWE INTERNATIONAL CORP.,<br>ARACHNID, INC.,<br>AMI ENTERTAINMENT, INC. and<br>MERIT INDUSTRIES, INC. d/b/a MERIT<br>ENTERTAINMENT,<br><br>        Defendants.<br><br>AND RELATED COUNTER CLAIMS | Civil Action No. 07-cv-11450-RWS |

**ARACHNID'S RESPONSE TO TOUCHTUNES' ADDITIONAL
MATERIAL FACTS IN DISPUTE IN CONNECTION WITH MOTION
FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT**

      Pursuant to the Federal Rules of Civil Procedure and Local Rule 56.1 of the United States District Court for the Southern District of New York, Defendant and Counterclaimant Arachnid, Inc. ("Arachnid") respectfully responds to each of the numbered paragraphs 43-60 contained in Plaintiff TouchTunes Music Corp.'s ("TouchTunes") Additional Material Facts in Dispute provided within TouchTunes' Response to Arachnid's Rule 56.1 Statement of Undisputed Material Facts in Support of Motion for Summary Judgment of No Inequitable Conduct (Dkt. No. 251). The admissions made herein are solely for purposes of this summary judgment motion.

      Pursuant to Fed. R. Civ. P. 56(c) and Local Rule 56.1(d), Arachnid objects to the Declaration of Dan Schonfeld in Support of TouchTunes's Opposition to Arachnid's Motion for Summary Judgment Regarding Inequitable Conduct (Dkt. No. 258) as containing improper

attorney argument. Dr. Schonfeld is unqualified to render these opinions because he is a technical and not a legal expert. The testimony relating to these paragraphs is not admissible into evidence and cannot be relied on in support of TouchTunes' opposition to Arachnid's motion for summary judgment of no inequitable conduct.

**RESPONSES**

43.     Denied. Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument drawing improper inferences from alleged underlying facts, and does not constitute a statement of fact capable of being admitted or denied. There is no evidence that demonstrates any specific knowledge by Mr. Rice or Arachnid that, at the time the Rice Declaration was submitted to the PTO, "the karaoke prior art included devices that accepted payment and that allowed patrons to select songs and perform karaoke without assistance from another party." The Knowles, Telejukebox and Liu references relied on by TouchTunes are irrelevant because they are dated after the 1992 time period referenced by the Rice Declaration. *See* Knowles (Dkt. No. 255-6); Telejukebox (Dkt. No. 255-5); Liu (Dkt. No. 255-8). Moreover, Knowles and Telejukebox are consistent with the Rice Declaration. *See* Knowles, col. 1, lines 43-54 (Dkt. No. 255-6); Telejukebox (Dkt. No. 255-5). Further, there is no evidence that Mr. Rice reviewed the 2007 Dickinson Report, and there is no reasonable inference to the contrary since the Dickinson Report was marked "Highly Confidential" under the Protective Order in the E-cast litigation, which precluded Mr. Rice from reviewing it. *See* 9/4/07 Dickinson Report (Dkt. No. 255-4).

44.     Denied. Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument drawing improper inferences from alleged underlying facts, and does not constitute a statement of fact capable of being admitted or denied. Arachnid's claim construction

arguments to the PTO concerning "computer jukebox" were appropriate and based on this Court's construction of that term, and were made after the expiration of the patents. *See* 9/28/10 Suppl. Br. at 2, 8 (Dkt. No. 228-7). After expiration of the patents, it is not appropriate to apply the broadest reasonable interpretation of the patent claims; instead, claims should be construed, if possible, to sustain their validity. *E.g.*, *Ex parte Universal Electronics, Inc.*, No. 2009-011530, 2010 WL 3593438, at *6 (B.P.A.I. Sep. 13, 2010); *see also* 9/28/10 Suppl. Br. at 4-6 (Dkt. No. 228-7).

45. Denied. Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument drawing improper inferences from alleged underlying facts, and does not constitute a statement of fact capable of being admitted or denied. Arachnid was only aware of karaoke references that accepted payment and could be operated solely by a patron after TouchTunes sent Arachnid letters identifying the purportedly material karaoke prior art. *See* 10/11/10 TouchTunes Letter (Dkt. No. 228-9); 11/9/10 TouchTunes Letter (Dkt. No. 228-14); 1/10/11 TouchTunes Letter (Dkt No. 228-16). Arachnid subsequently disclosed all of the new purported prior art references to the PTO, as well as TouchTunes' verbatim arguments concerning those references. *See* 10/22/10 IDS (Dkt. Nos. 228-12 & 228-13); 11/23/10 IDS Addendum (Dkt. No. 228-15); 1/12/11 IDS (Dkt. No. 228-17).

46. Denied. Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument drawing improper inferences from alleged underlying facts, and does not constitute a statement of fact capable of being admitted or denied. Arachnid's statements concerning the scope and content of the prior art, both in the Rice Declaration and in arguments made to the PTO, were true. Arachnid did not conceal any information from the PTO. Further, there is no evidence of any intent to deceive.

47. Denied. Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument drawing improper inferences from alleged underlying facts, and does not constitute a statement of fact capable of being admitted or denied. Arachnid's statements concerning the scope and content of the prior art, both in the Rice Declaration and in arguments made to the PTO, were true. Arachnid did not conceal any information from the PTO. Further, there is no evidence of any intent to deceive.

48. Denied. Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument drawing improper inferences from alleged underlying facts, and does not constitute a statement of fact capable of being admitted or denied. Arachnid's statements concerning the scope and content of the prior art, both in the Rice Declaration and in arguments made to the PTO, were true. Further, Arachnid's statement and arguments that the karaoke machines prior to 1992 "generally" were not coin-operated nor operated by a patron were not inconsistent with its technical expert's statements made during the Ecast litigation. Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument and is not a fact.

49. Denied. Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument drawing improper inferences from alleged underlying facts, and does not constitute a statement of fact capable of being admitted or denied. Arachnid followed proper MPEP procedures by submitting prior art to the PTO during the reexaminations via IDS's. *See* MPEP §§ 2014, 2280; 37 C.F.R. §§ 1.97, 1.98, 1.555.

50. Denied. Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument drawing improper inferences from alleged underlying facts, and does not constitute a statement of fact capable of being admitted or denied. The Board cited to the Rice

Declaration and Arachnid's arguments in its decisions.  *See*  3/9/11 Decisions on Appeal (Dkt. Nos. 228-18 & 228-19).  Arachnid's statements concerning the scope and content of the prior art, both in the Rice Declaration and in arguments made to the PTO, were true.  Further, Arachnid's claim construction arguments to the PTO concerning "computer jukebox" were appropriate and based on this Court's construction of that term, and were made after the expiration of the patents.  *See* 9/28/10 Suppl. Br. at 2, 8 (Dkt. No. 228-7).  The expiration of the patents resulted in a fundamental change in how the patent claim terms should be construed during reexamination.  After expiration, it is not appropriate to apply the broadest reasonable interpretation of the patent claims; instead, claims should be construed, if possible, to sustain their validity.  *E.g.*, *Ex parte Universal Electronics, Inc.*, No. 2009-011530, 2010 WL 3593438, at *6 (B.P.A.I. Sep. 13, 2010); *see also* 9/28/10 Suppl. Br. at 4-6 (Dkt. No. 228-7).

51.   Denied.  Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument drawing improper inferences from alleged underlying facts, and does not constitute a statement of fact capable of being admitted or denied.  Arachnid's statements concerning the scope and content of the prior art, both in the Rice Declaration and in arguments made to the PTO, were true.  Further, Arachnid's claim construction arguments to the PTO concerning "computer jukebox" were appropriate and based on this Court's construction of that term, and were made after the expiration of the patents.  *See* 9/28/10 Suppl. Br. at 2, 8 (Dkt. No. 228-7).  The expiration of the patents resulted in a fundamental change in how the patent claim terms should be construed during reexamination.  After expiration, it is not appropriate to apply the broadest reasonable interpretation of the patent claims; instead, claims should be construed, if possible, to sustain their validity.  *E.g.*, *Ex parte Universal Electronics, Inc.*, No. 2009-011530, 2010 WL 3593438, at *6 (B.P.A.I. Sep. 13, 2010); *see also* 9/28/10 Suppl. Br. at 4-6 (Dkt. No.

228-7). In addition, there is no evidence that TouchTunes or its technical expert, Dr. Schonfeld, have any specific knowledge or understanding of any person at the PTO or on the Board as to the reexamination proceedings.

52. Denied. As an initial matter, MPEP § 1213.04 does not exist. However, MPEP § 1214.04 provides that, upon reversal by the Board, if the examiner "has specific knowledge of the existence of a particular reference or references which indicate nonpatentability of any of the appealed claims to which the examiner was reverse," prosecution may be reopened. *See* MPEP § 1214.04. Further, MPEP § 2256 states, in part, that "the requisite degree of consideration to be given to such information will be normally limited by the degree to which the party filing the information has explained the content and relevance of the information." MPEP § 2256. That is precisely what Arachnid did when it submitted the prior art identified by TouchTunes, along with TouchTunes' verbatim explanations of those references' relevance. *See* Arachnid Mem. at 10 (Dkt. No. 227); TouchTunes Resp. to Rule 56.1 Statement at ¶¶ 30, 34 (Dkt. No. 251). To the extent TouchTunes' statement implies or suggests otherwise, Arachnid denies it.

53. Denied. Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument drawing improper inferences from alleged underlying facts, and does not constitute a statement of fact capable of being admitted or denied. Arachnid's IDS submissions providing the karaoke prior art identified by TouchTunes, including TouchTunes' verbatim explanations of those references' relevance and Arachnid's responses to those assertions, were proper. *See* Arachnid Mem. at 10-13 (Dkt. No. 227); MPEP §§ 2014, 2280; 37 C.F.R. §§ 1.97, 1.98, 1.555. Arachnid was not obligated to accept as true TouchTunes' twisted, litigation-driven views of the prior art. Arachnid did not conceal any information from the PTO, and there is no evidence of any intent to deceive.

54. Denied.  Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument drawing improper inferences from alleged underlying facts, and does not constitute a statement of fact capable of being admitted or denied.  Arachnid's statements concerning the scope and content of the prior art, throughout the reexamination proceedings and particularly to the Board, were true.  Arachnid did not conceal any information from the PTO, and there is no evidence of any intent to deceive.

55. Denied.  MPEP § 1214.04 provides that, upon reversal by the Board, if the examiner "has specific knowledge of the existence of a particular reference or references which indicate nonpatentability of any of the appealed claims to which the examiner was reverse," prosecution may be reopened.  *See* MPEP § 1214.04.  Further, MPEP § 2256 states, in part, that "the requisite degree of consideration to be given to such information will be normally limited by the degree to which the party filing the information has explained the content and relevance of the information."  MPEP § 2256.  That is precisely what Arachnid did when it submitted the prior art identified by TouchTunes, along with TouchTunes' verbatim explanations of those references' relevance.  *See* Arachnid Mem. at 10 (Dkt. No. 227); TouchTunes Resp. to Rule 56.1 Statement at ¶¶ 30, 34 (Dkt. No. 251).  Further, the examiner initialed each of the prior art references listed on the IDS submissions, and there is no evidence that the references' teachings were not considered before the claims were allowed.  *See* 4/15/11 '398 patent NIRC (Dkt. No. 228-21); 5/2/11 '834 patent NIRC (Dkt. No. 228-22).

56. Denied.  Arachnid's statements concerning the scope and content of the prior art, both in the Rice Declaration and in arguments made to the PTO, were true.  Further, Arachnid's IDS submissions providing the karaoke prior art identified by TouchTunes, including TouchTunes' verbatim explanations of those references' relevance and Arachnid's responses to

those assertions, were proper. *See* Arachnid Mem. at 10-13 (Dkt. No. 227); MPEP §§ 2014, 2280; 37 C.F.R. §§ 1.97, 1.98, 1.555. Arachnid was not obligated to accept as true TouchTunes' twisted, litigation-driven views of the prior art. Arachnid did not conceal any information from the PTO, and there is no evidence of any intent to deceive. In addition, there is no evidence that TouchTunes or its technical expert, Dr. Schonfeld, have any specific knowledge or understanding of any person at the PTO or on the Board as to the reexamination proceedings.

57. Denied. The form that the examiner initialed on Arachnid's IDS's states "EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw a line through a citation if not in conformance and not considered." *See* 4/15/11 '398 patent NIRC (Dkt. No. 228-21); 5/2/11 '834 patent NIRC (Dkt. No. 228-22). There is no evidence that the examiner did not properly perform her duties, and there is no evidence that TouchTunes or its technical expert, Dr. Schonfeld, have any specific knowledge or understanding of any person at the PTO or on the Board as to the reexamination proceedings.

58. Denied. Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument drawing improper inferences from alleged underlying facts, and does not constitute a statement of fact capable of being admitted or denied. The form that the examiner initialed on Arachnid's IDS's states "EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw a line through a citation if not in conformance and not considered." *See* 4/15/11 '398 patent NIRC (Dkt. No. 228-21); 5/2/11 '834 patent NIRC (Dkt. No. 228-22). There is no evidence that the examiner did not properly perform her duties, and there is no evidence that TouchTunes or its technical expert, Dr. Schonfeld, have any specific knowledge or understanding of any person at the PTO or on the Board as to the reexamination proceedings.

59.   Denied.  Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument drawing improper inferences from alleged underlying facts, and does not constitute a statement of fact capable of being admitted or denied.  Further denied to the extent that Arachnid has not and is not committing any inequitable conduct.  *See generally* Arachnid Mem. (Dkt. No. 227).

60.   Denied.  Arachnid objects to TouchTunes' statement on the ground that it consists of attorney argument drawing improper inferences from alleged underlying facts, and does not constitute a statement of fact capable of being admitted or denied.  Arachnid has not committed any misconduct with respect to the '398 and '834 patents, and there is insufficient evidence to the contrary.  *See generally* Arachnid Mem. (Dkt. No. 227).  Further, TouchTunes admitted that the '780 patent is unrelated to the '398 and '834 patent.  *See* 2/1/10 TouchTunes Opp. Br. at 5 (Dkt. No. 106).

Dated: New York, New York
December 13, 2012

By: ___/s/ *James E. Hanft*___
James E Hanft
SCHIFF HARDIN LLP
666 Fifth Avenue, Suite 1700
New York, NY 10103
(212) 753-5000

Stephen M. Hankins
SCHIFF HARDIN LLP
One Market
Spear Street Tower, Suite 3200
San Francisco, CA 94105
(415) 901-8700

James P. Murphy
MCANDREWS HELD & MALLOY LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60601
(312) 775-8000

ATTORNEYS FOR DEFENDANT ARACHNID, INC.

28235-0003
NY\51279053.1