```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

TOUCHTUNES MUSIC CORP.,

                        Plaintiff,              07 Civ. 11450

     -against-                                   OPINION

ROWE INTERNATIONAL CORP., ARACHNID, INC.,
AMI ENTERTAINMENT, INC. and MERIT
INDUSTRIES, INC. d/b/a MERIT ENTERTAINMENT,

                        Defendants.

-------------------------------------X

A P P E A R A N C E S:


          Attorneys for Plaintiff

          KAYE SCHOLER LLP
          425 Park Avenue
          New York, NY 10022
          By:  James S. Blank, Esq.

          NIXON & VANDERHYE, P.C.
          901 North Glebe Road
          Suite 1100
          Arlington, VA 22203
          By:  Joseph S. Presta, Esq.
               Jonathon Taylor Reavill, Esq.


          Attorneys for Defendant Arachnid, Inc.

          KANE KESSLER, P.C.
          1350 Avenue of the Americas
          26th Floor
          New York, NY 10019
          By:  James E. Hanft, Esq.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/14

```
SCHIFF HARDIN LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
By:  Ronald Scott Safer, Esq.
```

**Sweet, D. J.**

Plaintiff TouchTunes Music Corp. ("Touchtunes" or the "Plaintiff") has again moved for attorneys' fees, witness fees, and expenses in defending counterclaims by defendant and counter-claimant Arachnid, Inc. ("Arachnid" or "Defendant") in the amount of $3,261,731.13. The motion is granted to the extent of an award of $2,728,471.54.

**Prior Proceedings**

The prior proceedings in this long contested patent action were set forth in the Court's prior opinion of March 24, 2014 (the "March 24 Opinion").

TouchTunes originally sought fees and expenses in the amount of $5,349,862 and the March 24 Opinion granted fees and expenses but set certain parameters limiting the TouchTunes application. TouchTunes has since filed affidavits in support of, and Arachnid filed affidavits in opposition to, the fee application and a hearing was held on May 28, 2014, at which time the application was marked fully submitted.

1

**The Rates Are Reasonable**

The March 24 Opinion concluded that the hourly rates charged for counsel, experts, paralegals, and support staff were reasonable. (March 24 Op. 42.) Nothing has been presented that alters that conclusion.

**The Practice Of Block Billing Warrants A Fee Reduction**

The March 24 Opinion noted the desirability of specifying the patents which were the subject of the billing. Arachnid has identified block billing in the amount of $258,300.08. According to TouchTunes, the amount attributed to the block billing has been reduced in proportion to the other more specific charges for that time period. Predictably, Arachnid has proposed additional percentage reductions.

Without becoming the green-eyeshade accountant referred to in Fox v. Vice, 131 S. Ct. 2205, 2216 (2011), a reduction of 10% of the amount identified by Arachnid will be made to compensate for the block billing problem.

2

**Discovery-Related Billing Is Appropriate**

Arachnid has asserted that "discovery-related" tasks not directed to the '780 patent should have been resolved before the respective recoverable time periods began, and therefore, are not recoverable. (See Hanft Decl. ¶ 10.) However, as the Court has found, Arachnid already had sufficient information by the time the recoverable periods began to know that it could not reasonably maintain its infringement allegations. (See, e.g., March 24 Op. 29-30, 33-34, 43.) Arachnid however made continued demands for additional discovery from TouchTunes. TouchTunes accommodated its demands and properly updated discovery responses in view of the Court's claim construction decisions.

**Excessive Charges**

Arachnid has challenged the work incurred after the claim construction decision and until the summary judgment as excessive while also conceding work is necessary to develop strategy, assist and work with experts and prepare for summary judgment. As a matter of judgment, Arachnid proposes that 60% of the time spent during the period be allocated to the '780 Patent as opposed to TouchTunes' 24.4%. It has not been

3

established that the TouchTunes allocation is inaccurate and that it was not made in good faith.[1]

**Fees And Expenses Related To The Inequitable Conduct Defense Are Not Recoverable**

The March 24 Opinion concluded that fees and expenses attributable to TouchTunes inequitable defense were not recoverable as non-compulsory. (March 24 Op. 39 n. 10.) TouchTunes has revisited this issue.

TouchTunes moved to amend its complaint to include a claim of inequitable conduct in September 2011 (nearly four years after its initial complaint for a declaratory judgment of non-infringement) based on conduct that occurred during the rexaminations, which did not take place until three years into the case.

Counterclaims are compulsory only if "at the time of its service . . . the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). Rule 13(e), governing

---

[1] This conclusion is equally applicable to the allocation with respect to the fees and expenses of the expert Schonfeld, fee entries which Arachnid alleges relate to '780 Patent related work, and costs.

4

counterclaims not existing at the time of filing, makes such counterclaims permissive rather than compulsory. See Fed. R. Civ. P. 13(e) ("The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading.") (emphasis added); Tommy Hilfiger Licensing, Inc. v. Badlees, Inc., No. 99 Civ. 4677, 2001 WL 1702151 (S.D.N.Y. Jan. 11, 2002) (when parties' "counterclaims matured or were acquired after they served their original Answer [and are filed] under Rule 13(e) the new counterclaims are permissive in nature and not compulsory"); Johnson Prods. Co. Inc. v. Brodt & Co. Inc., No. 72 Civ. 1009, 1973 WL 19848, *2 (E.D.N.Y. Mar. 27, 1973) (proposed affirmative defenses and counterclaims in trademark action, including unclean hands, were permissive as they arose out of acts occurring after the complaint was filed).

The authority cited by TouchTunes as support for its position recognizes that regional circuit law (here, the Second Circuit) applies "where general principles of res judicata are at issue." Cummins, Inc. v. Tas Distributing Co., Inc., 700 F.3d 1329, 1335 (Fed. Cir. 2012) (citing Acumed LLC v. Stryker Corp., 525 F.3d 1319, 1323 (Fed Cir. 2008)); Media Tech. Licensing, LLC v. Upper Deck Co., 334 F.3d 1366, 1369 (Fed Cir.

5

2003)). In the Second Circuit, res judicata does not apply when the facts supporting a claim or defense occur after the litigation is commenced, even if "they are premised on facts representing a continuance of the same course of conduct." Storey v. Cell Holdings, L.L.C., 347 F.3d 370, 383 (2d Cir. 2003); see also Legnani v. Alitalia Linee Aeree Italiane, S.p.A., 400 F.3d 139, 141-42 (2d Cir. 2005) (holding that where employee was not discharged until after the initial litigation commenced, her claim for retaliatory discharge was not barred by res judicata even where her motion to amend the complaint was denied). "The crucial date is the date the complaint was filed." Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000); see also Legnani, 400 F.3d at 141-42.

> [A]s a matter of logic, when the second action concerns a transaction occurring after the commencement of the prior litigation, claim preclusion generally does not come into play. Accordingly, if, after the first suit is underway, a defendant engages in actionable conduct, plaintiff may – but is not required to – file a supplemental pleading setting forth defendant's subsequent conduct. Plaintiff's failure to supplement the pleading of his already commenced lawsuit will not result in a res judicata bar when he alleges defendant's later conduct as a cause of action in a second suit.

Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997) (internal citations omitted). Even if a claim or defense "could have been brought" in a lawsuit, that is not determinative to a

6

finding of res judicata and "require[s] some additional context." Superior Indus. LLC v. Thor Global Enterprises Ltd., 700 F.3d 1287, 1293 (Fed. Cir. 2012) (clarifying that "could have brought" is limited to those claims or causes of action concerning the "same transactional nucleus of facts" and that "in a subsequent suit on a different cause of action, parties are free to litigate points which might have been tendered in the first suit") (citations omitted).

Cummins, relied on by TouchTunes, is distinguishable from the present action. In Cummins (applying Seventh Circuit and Illinois law), the basis for the declaratory action existed at the time of the initial filing of the first action, a breach of contract action to enforce a patent licensing agreement. 700 F.3d at 1334. The validity and enforceability of the patent being licensed was therefore held to be part of a "single group of operative facts" that existed at the time of the filing of the first action. Id. at 1337 (holding that facts supporting invalidity contentions were "a single group of operative facts" and were related in "time, space, origin, or motivation"). Additionally, in Cummins the Federal Circuit applied Illinois law, which does not apply here.

TouchTunes has also relied on Mahmood v. Research in Motion Ltd., 905 F. Supp. 2d 498 (S.D.N.Y. 2012). (See Presta Decl. ¶ 13.)  There the successive actions for correction of inventorship turned on the same operative facts (namely, the same communications between the parties), and the court held that a facial claim that the actions were directed to different patents within the same family was insufficient to avoid res judicata.  905 F. Supp. 2d at 503-04.

The authorities referred to above, cited by Arachnid, support the earlier conclusion in the March 24 Opinion and fees and expenses relating to TouchTunes' inequitable defense are not granted.

**Conclusion**

Based on the conclusions set forth above, the application of TouchTunes in the amount of $2,728,471.54 is granted.

It is so ordered.

**New York, NY**
**October 21, 2014**

ROBERT W. SWEET
U.S.D.J.

9